**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CASE NO. _____

FARMLAND PARTNERS, INC.,

      Plaintiff,

v.

ROTA FORTUNAE (WHOSE TRUE NAME IS UNKNOWN), JOHN/JANE DOES 2-10 (WHOSE TRUE NAMES ARE UNKNOWN),

      Defendants.

---

**NOTICE OF REMOVAL BY DEFENDANT**

---

      Defendant, Rota Fortunae (an anonymous defendant), hereby files this Notice of Removal from the District Court, City and County of Denver, Colorado to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §1441(a) and §1446, on the grounds that this Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332.  In support of this Notice of Removal, Rota Fortunae states:

      1.      On or about July 24, 2018, Plaintiff, Farmland Partners, Inc. ("FPI"), filed a Complaint in the District Court, City and County of Denver, Colorado, Case No. 2018CV32713.  FPI named Rota Fortuna (whose true name is unknown to FPI) and "John/Jane Does 2-10" (who are fictitious) as Defendants.  True and correct copies of the Complaint and Civil Cover Sheet are attached hereto as **Exhibit A**.

      2.      On or about August 16, 2018, Rota Fortunae received a copy of the Complaint via an acceptance of service executed by Matthew Mitzner, counsel for Rota Fortunae. Mr. Mitzer accepted service of the summons and complaint on behalf of Rota Fortunae only pursuant to a

Court order authorizing substituted service on him for Rota Fortunae. The Proof of Service, Acceptance of Service and the Court Order authorizing same are attached as **Exhibit B.** This Notice of Removal is timely because it is filed within thirty (30) days of service of the Complaint on Rota Fortunae.

3.  By filing this Notice, Defendant Rota Fortunae does not waive, and hereby reserves, its right to seek adjudication of any and all jurisdictional, substantive, and/or procedural issues in this case. This reservation includes but is not limited to Rota Fortunae's right to file one or more motions under Rule 12(b) of the Federal Rules of Civil Procedure, including specifically under F.R.C.P. 12(b)(2)(3)(4)(5) and (6). All defenses, offsets, counterclaims, and other rights are similarly reserved by Defendant.

4.  The First Amendment right to speak anonymously applies to Rota Fortunae. Defendant Rota Fortunae is a SEC whistleblower who wrote an anonymous internet article based on public information in which Rota Fortunae expressed its opinion about the value and stock of a publicly traded company. FPI alleges that Rota Fortunae's article was defamatory and caused FPI harm. By filing this notice, Defendant Rota Fortunae does not waive, and hereby reserves, its right to maintain its anonymity under the First Amendment of the United States Constitution.

5.  No responsive pleading has been filed by Rota Fortunae.

6.  28 U.S.C. §1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

7.  This Court has jurisdiction over the action pursuant to 28 U.S.C. §1332, which provides:

(a) The district courts shall have original jurisdiction of all civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between … (1) citizens of different States…

8. Here, FPI seeks a money judgment in excess of $75,000, alleging numerous claims, including (1) Defamation/Defamation by libel per se (causing monetary harm to FPI through a drop in its stock price of approximately 39% as well as lost business opportunities and defense costs); (2) Disparagement (causing as well as lost business opportunities and defense costs); (3) Intentional interference with prospective business relation; (4) Unjust enrichment); (5) violations of the Colorado Consumer Protection Act (violations of which can include treble damages and recovery of attorneys fees); and (6) conspiracy.

9. Further, in the District Court Civil Case Cover Sheet for Initial Pleading or Complaint, Counterclaim, Cross-Claim or Third Party Complaint filed by Plaintiff, Plaintiff alleges damages in excess of $100,000. *See* Ex. A.

10. Plaintiff is a resident of the State of Colorado (principal place of business) and Maryland (place of incorporation). *See* Ex. A at ¶ 1.

11. Defendant Rota Fortunae is an anonymous individual who resides in the state of Texas. *See* **Exhibit C** (Declaration of Matthew Mitzner) at ¶¶ 4-5 (averring his client Rota Fortunae is an individual residing in the state of Texas). *See also* Ex. A at ¶ 5 (alleging defendants are non-residents of Colorado).

12. Defendants "John/Jane Does 2-10) are fictitious defendants, and pursuant to 25 U.S.C. § 1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded."

13. Therefore, this Court has jurisdiction over this matter, in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

14. Rota Fortunae consents to this Notice of Removal. The defendants "John/Jane Does 2-10" are unknown fictitious defendants and therefore cannot, and do not need to, consent to removal. *See Scheall v. Ingram*, 930 F. Supp. 1448, 1449 n.1 (D. Colo. 1996).

15. Further, the "John/Jane Doe Defendants" were not properly served. On August 28, 2018, FPI filed an *ex parte* motion for substituted service under Colo. R. Civ. P 4(f) on the fictitious "Doe" defendants, which was granted by the District Court, without the benefit of a responsive pleading, on August 29, 2018. Rota Fortunae filed a motion to reconsider the order granting substituted service on the basis that the alleged "Doe" defendants are fictitious and therefore cannot be given notice of the lawsuit, as required for effective substituted service under C.R.C.P. 4(f). *See Willhite v. Rodriguez-Certa*, 274 P.3d 1233, 1240 (Colo. 2012) (substituted service must be "reasonably calculated, under all the circumstances, to apprise the [Does] of the pendency of the action and afford them an opportunity to present their objections."). In support of the motion to reconsider, Rota Fortunae filed an affidavit from its counsel John Chanin, who was the person on whom the District Court authorized substituted service to be made. The motion to reconsider is fully briefed and FPI's initial motion for substituted service on John Chanin, the order granting substituted service on John Chanin, the motion to reconsider and supporting affidavit thereto, response to motion to reconsider and reply in support of motion to reconsider are attached as **Exhibit D**. For the reasons above and the reasons laid out in Rota Fortunae's motion to reconsider and related pleadings, the alleged "Doe" defendants were not

properly served, negating the need for their consent to this Notice of Removal. *See Scheall*, 930 F. Supp. at 1449 n.1.

16. Rota Fortunae has served FPI with written notice of the filing of this Notice of Removal and copies of documents required by 28 U.S.C. §1446(a). In accordance with 28 U.S.C. §1446(d), FPI has also filed a copy of the Notice of Removal with the District Court of the City and County of Denver, Colorado.

17. As of this filing, there are no hearings set before the District Court of the City and County of Denver.

18. Pursuant to D.C.COLO.LCivR 81.1(b), attached as **Exhibit E** is a copy of the current Docket generated by the District Court for the City and County of Denver, for the state court action. Pursuant to D.C. Colo.LCivR 81.1(b), a copy of all pending motions and related responses and replies is attached as Exhibit D, supra.

For the foregoing reason, Defendant Rota Fortunae removes the case which was filed in the District Court, City and County of Denver, Colorado, from state to federal court.

Respectfully submitted this 14th Day of September, 2018

>   */s/ John A. Chanin*
>   John A. Chanin
>   Katherine Roush
>   Melanie MacWilliams-Brooks
>   FOSTER GRAHAM MILSTEIN & CALISHER, LLP
>   360 South Garfield Street, 6th Floor
>   Denver, Colorado  80209
>   *jchanin@fostergraham.com*
>   *kroush@fostergraham.com*
>   *mbrooks@fostergraham.com*
>   Phone:  303-333-9810
>   Facsimile: 303-333-9786
>   *Attorneys for Defendant, Rota Fortunae*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th Day of September, I electronically filed the foregoing **NOTICE OF REMOVAL BY DEFENDANT** with the Clerk of the Court using the ECF system, and served via electronic mail to the following:

Scott F. Llewellyn
Kyle S. Pietari
Morrison & Foerster LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, Colorado 80202-5638
sllewellyn@mofo.com
kpietari@mofo.com

              */s/  Lucas Wiggins*
              Lucas Wiggins