DATE FILED: August 28, 2018 2:24 PM
FILING ID: 96D1BCC7FE1F8
CASE NUMBER: 2018CV32713

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO | |
| Court Address:   Denver City and County Building<br>1437 Bannock Street<br>Denver, CO  80202 | |
| **Plaintiff:**   **FARMLAND PARTNERS INC.**<br><br>**v.**<br><br>**Defendants:**   **ROTA FORTUNAE (WHOSE TRUE NAME IS UNKNOWN), JOHN/JANE DOES 2–10 (WHOSE TRUE NAMES ARE UNKNOWN)** | ▲ **COURT USE ONLY** ▲ |
| Attorneys for Plaintiff:<br><br>Scott F. Llewellyn<br>Email: sllewellyn@mofo.com<br>Atty. Reg. #: 34821<br><br>Kyle S. Pietari<br>Email: kpietari@mofo.com<br>Atty. Reg. #: 50157<br><br>Morrison & Foerster LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, Colorado  80202-5638<br>Telephone:  303.592.1500<br>Facsimile:  303.592.1510 | Case No.: **2018CV32713**<br><br><br>Division: 376 |
| **PLAINTIFF'S AUGUST 28, 2018 MOTION TO ALLOW SUBSTITUTED SERVICE** | |

dn-200852

**EXHIBIT D-1**

## CERTIFICATE OF CONFERENCE

Counsel for Farmland Partners conferred in good faith with opposing counsel regarding this Motion to Allow Substituted Service, but did not receive a definitive response from opposing counsel regarding Defendants' position on this motion, despite sending a letter to opposing counsel on August 23, 2018 requesting that he provide Defendants' position by close of business August 27, 2018.

       Dated:  August 28, 2018

                         Respectfully submitted,

                         S/ Scott F. Llewellyn
                             Scott F. Llewellyn (Reg. No. 34821)
                             Kyle S. Pietari (Reg. No. 50157)

                             Morrison & Foerster LLP

                             Attorneys for Plaintiff
                             Farmland Partners Inc.

Address of Plaintiff:

Farmland Partners Inc.
4600 South Syracuse Street
Suite 1450
Denver, Colorado 80237

dn-200852

Plaintiff Farmland Partners Inc. ("Farmland Partners") respectfully moves for an order for substituted service on the Doe Defendants, pursuant to C.R.C.P. 4(f).

## I.       INTRODUCTION

1.   On August 13, 2018, the Court granted Farmland Partners' Motion to Allow Substituted Service on Defendant Rota Fortunae via Rota Fortunae's counsel, Matthew Mitzner, and Mr. Mitzner accepted service.

2.   Shortly after Mr. Mitzner accepted service for Rota Fortunae, another attorney, John Chanin, contacted counsel for Farmland Partners and explained he had been engaged to represent Rota Fortunae in this matter, and would also represent Mr. Mitzner (replacing Mr. Mitzner's former counsel at Thompson & Knight LLP) and those of Mr. Mitzner's clients who are John/Jane Does named in this action.

3.   Hoping to spare the Court an additional motion for substituted service, Farmland Partners' counsel asked Mr. Chanin to accept service on his clients' behalf. Regrettably, Mr. Chanin informed Farmland Partners that he was not authorized to accept such service.  (Affidavit from Scott F. Llewellyn In Support of Plaintiff's August 28, 2018 Motion to Allow Substituted Service ("Aug. 28, 2018 Llewellyn Aff.") ¶ 4, attached hereto.)

4.   Accordingly, Farmland Partners now requests an order for substituted service on Defendants John/Jane Does 2–10, so that it may effect service before the September 24, 2018, service deadline under Colorado Rule of Civil Procedure 4(m).

5.   More specifically, Farmland Partners seeks an order for substituted service on John/Jane Does 2–10 via their counsel in this matter: John A. Chanin, of the law firm Foster Graham Milstein & Calisher, LLP, located in Denver, Colorado.  Since filing its Complaint,

1

Farmland Partners, despite its due diligence, has been unable to identify, locate, or serve Mr. Chanin's anonymous clients who, along with co-Defendant Rota Fortunae, caused extensive harm to Farmland Partners and its stockholders through an illegal short and distort scheme. Farmland Partners respectfully requests that the Court grant this motion because (1) John/Jane Does 2–10 are already on notice of this lawsuit, (2) John/Jane Does 2–10 are already represented by counsel in this lawsuit (Mr. Chanin), (3) counsel for John/Jane Does 2–10 can communicate with his clients, and (4) though Mr. Chanin has stated that he may not accept service on their behalf, he is an appropriate party to receive substituted service for John/Jane Does 2–10.

## II.    FACTS

6.   Farmland Partners is a publicly traded real estate investment trust (REIT). (Complaint ¶ 6.)

7.   On July 9, 2018, Farmland Partners received a letter by email from Texas attorney Matthew Mitzner of the law firm Mitzner PLLC stating that he represented a "group of investors" who "have prepared and anticipate publishing an article about the Farmland Partners Inc. ('FPI') Loan Program."  (Complaint ¶¶ 8–9.)

8.   On July 11, 2018, the "article" was published by "Rota Fortunae" as an internet posting on the website Seeking Alpha containing false and defamatory statements about Farmland Partners.  (Complaint ¶¶ 18–29.)

9.   The Seeking Alpha posting stated that readers "should assume" that Rota Fortunae's "members, partners, affiliates, employees, and/or consultants" and "clients" had short positions in Farmland Partners' stock as of the date of the posting's publication.  (Complaint

¶ 30.)  Market data confirm that traders capitalized on short positions and options trading timed to take advantage of the Seeking Alpha posting.

10. Farmland Partners published two press release responses to the false and defamatory statements, but this did not undo the harm suffered by Farmland Partners and its shareholders.  (Complaint ¶¶ 36, 42.)

11. On July 18, 2018, counsel for Farmland Partners called Mr. Mitzner to inquire about the clients on whose behalf he had sent Farmland Partners the July 9, 2018 letter, and left a voicemail seeking a return call.  Instead of returning that call, Mr. Mitzner obtained a lawyer. (Affidavit from Kyle Pietari in Support of Plaintiff's Motion for Substituted Service ¶¶ 2–3, Aug. 7, 2018.)

12. On July 19, 2018, Michael Stockham, an attorney from the law firm Thompson & Knight LLP, called counsel for Farmland Partners to advise that he represented Mr. Mitzner.  Mr. Stockham subsequently acknowledged that Mr. Mitzner represented the other authors of the posting, but stated in response to a request to accept service that Mr. Mitzner was "not authorized to accept service" on behalf of his clients.  (Affidavit from Kyle Pietari in Support of Plaintiff's Motion for Substituted Service ¶¶ 3–4, Aug. 7, 2018.)

13. On July 20, 2018, Farmland Partners retained Kroll, a Division of Duff & Phelps specializing in investigations, to pursue information regarding the identities of Rota Fortunae and those working with Rota Fortunae.  Kroll was unable to determine the identity or location of any Defendant in this lawsuit.  (Aug. 28, 2018 Llewellyn Aff. ¶ 2.)

14. Farmland Partners filed this lawsuit on July 23, 2018.

15. On August 7, 2018, Farmland Partners filed its Motion to Allow Substituted Service on Defendant Rota Fortunae; on August 13, the Court granted Farmland Partners' motion.

16. On August 16, 2018, Mr. Mitzner sent an Acceptance of Service to counsel for Farmland Partners, accepting service of process for Defendant Rota Fortunae pursuant to the Court's August 13, 2018 Order Granting Substituted Service.  (Exhibit A to Plaintiff's Proof of Service, Aug. 16, 2018.)

17. On August 20, 2018, Mr. Chanin contacted counsel for Farmland Partners by sending an email from the address jchanin@fostergraham.com, stating, "I will be representing Mr. Mitzner and his clients in this matter."  (Aug. 28, 2018 Llewellyn Aff. ¶ 3.)

18. On August 21, 2018, counsel for Farmland Partners conferred by phone with Mr. Chanin in his capacity as counsel for Mr. Mitzner, Rota Fortunae, and John/Jane Does 2–10. Given the prior service on Rota Fortunae, counsel for Farmland Partners asked Mr. Chanin to accept service on his remaining clients' behalf.  Mr. Chanin stated that he was not authorized by his clients to accept service for the remaining Defendants in this lawsuit.  Mr. Chanin did not express concern about being able to notify his clients of this lawsuit.  (Aug. 28, 2018 Llewellyn Aff. ¶ 4.)

19. On August 23, 2018, counsel for Farmland Partners sent a letter to Mr. Chanin requesting that his clients reconsider their positions regarding service, and stating that Farmland Partners planned to move for substituted service on the remaining Defendants in this lawsuit, via delivery to Mr. Chanin, if those Defendants would not authorize him to accept service on their behalf.  The letter asked Mr. Chanin to state his position on such a motion by close of business

4

Monday, August 27, 2018.  (Aug. 28, 2018 Llewellyn Aff. ¶ 6; Exhibit A to Aug. 28, 2018 Llewellyn Aff.)

20. By close of business Monday, August 27, 2018 (and through the time of the filing of this motion), Mr. Chanin had not responded to the letter sent to him by Farmland Partners' counsel on August 23, 2018.  (Aug. 28, 2018 Llewellyn Aff. ¶ 7.)

**III.    ARGUMENT**

21. Farmland Partners initiated this lawsuit in pursuit of justice.  But John/Jane Does 2–10 are improperly trying to frustrate or otherwise delay these appropriate legal proceedings, instead choosing to hide in the shadows, refusing to accept service, and forcing Farmland Partners and this Court to expend precious resources in order to move this case forward.  After being anonymously defamed, Farmland Partners is now, for a second time, forced to seek this Court's help just to have an opportunity to confront its defamers.

22. Farmland Partners respectfully requests that the Court grant it substituted service under C.R.C.P. 4(f).  The requirements under 4(f) are that a party, through a motion and supporting affidavit, demonstrate "(1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) [contact information for the defendant], if known." C.R.C.P. 4(f).  The standard for the Court to apply is that it should grant this motion if it is satisfied that Farmland Partners diligently attempted personal service, further attempts at personal service would be to no avail, Mr. Chanin is an appropriate person to receive process under the circumstances, and delivering process to Mr. Chanin would be reasonably calculated to give notice to John/Jane Does 2–10.  C.R.C.P. 4(f).  Each of these conditions is met.

**A. Farmland Partners made diligent attempts to serve John/Jane Does 2–10.**

23. Before substituted service may be granted under C.R.C.P. 4(f), a plaintiff must have exercised due diligence in attempting to obtain personal service.  *Minshall v. Johnston*, 417 P.3d 957, 960 (Colo. App. 2018).  "Due diligence does not require that the plaintiffs actually succeed in serving the defendant or that the plaintiffs exhaust every possible option in attempting to do so," but rather, only that the plaintiffs exercise diligence "reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation."  *Id*. at 961 (internal quotation marks and citation omitted); s*ee also Kilthau v. Low T Med. Clinic, Inc.*, C.A. No. 14-CV-03309-MJW, 2015 WL 586262, at *1 (D. Colo. Feb. 11, 2015) (two attempts to serve registered agent and one attempt to serve the only identified director or officer was sufficient diligence); *JDK LLC v. Hodge*, C.A. No. 15-CV-00494-NYW, 2015 WL 2455504, at *1 (D. Colo. May 22, 2015) (two service attempts at residential address, three at business addresses, and multiple emails was sufficient diligence).  Farmland Partners went beyond the standard for diligence in attempting to serve John/Jane Does 2–10.

24. Farmland Partners demonstrated diligence in asking first Mr. Mitzner, and later Mr. Chanin, to accept service on John/Jane Does 2–10's behalf.  *See Allen v. The Pinery, LLC*, C.A. No. 17-CV-00688-MSK-STV, 2017 WL 3492872, at *2 (D. Colo. Aug. 15, 2017) (asking defendant's lawyer in separate proceedings and defendant's husband's lawyer to accept service was diligence).  Farmland Partners further demonstrated diligence by hiring Kroll to investigate potential avenues to contact Defendants in this lawsuit.  (Aug. 28, 2018 Llewellyn Aff. ¶ 2.)

dn-200852

**B.  Further attempts at personal service on John/Jane Does 2–10 would be to no avail.**

25. John/Jane Does 2–10 are deliberately remaining anonymous and avoiding service, and Farmland Partners has exhausted all reasonable options for attempting service. Having no other reasonable methods to identify John/Jane Does 2–10 or to determine their location, Farmland Partners is forced to seek an order from the Court to accomplish service.

26. The Court may presume that John/Jane Does 2–10 are deliberately avoiding service.  The court in *Allen* applied this presumption under similar circumstances.  There, plaintiff asked defendant's attorney in separate proceedings to accept service on defendant's behalf.  *Id*. at *2.  The attorney "did not express any concern in being able to deliver notice to [defendant], but rather responded only that she was not 'authorized' to accept service."  *Id*.  The *Allen* court thus presumed that defendant's attorney spoke with defendant about service, defendant told her attorney not to accept service on her behalf, and defendant was "attempting to avoid service."  *Id*.  The same presumptions should apply here, because Mr. Chanin also stated that he is not authorized to accept service, without expressing concern about being able to notify his clients of this lawsuit.  (Aug. 28, 2018 Llewellyn Aff. ¶ 4.)  However, the presumption should be even stronger here because Mr. Chanin represents John/Jane Does 2–10 in this very proceeding.

27. Courts regularly construe service statutes to the benefit of the plaintiff where, like John/Jane Does 2–10, the defendant deliberately avoided service.  *See, e.g., Bayview Loan Servicing, LLC v. Boland,* C.A. No. 08-cv-00566-WDM-KLM, 2009 WL 2514154, at *2–3 (D. Colo. Aug. 14, 2009) (finding service was accomplished where defendant attempted to evade service and there was no material prejudice to defendant's substantial rights, "[e]ven assuming

there was an error in service"); *Perkins v. Johnson*, No. Civ. Case. 06-cv-01503-REB-PAC, 2008 WL 275768, at *3 (D. Colo. Jan. 29, 2008) (highlighting unconventional deliveries of process found valid "where there is evidence that [defendant] has attempted to evade service").  Given Farmland Partners' demonstrated efforts and John/Jane Does 2–10's deliberate evasiveness, further attempts at personal service would be to no avail.

  **C.  Substituted service on Mr. Chanin is appropriate under the circumstances and reasonably calculated to give actual notice to John/Jane Does 2–10.**

   28. "For substituted service to be valid, it must comport with due process by being calculated 'to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Allen* at *1 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  Delivering process to Mr. Chanin, who represents the Defendants in this lawsuit, as a substitute for John/Jane Does 2–10 would be appropriate and comport with due process.

   29. Delivering process to Mr. Chanin raises no due process concerns.  As explained above, like in *Allen*, the Court may presume that Mr. Chanin can contact John/Jane Does 2–10 about this lawsuit and has already done so.

   30. Courts may authorize substituted service on a defendant's attorney, as this Court did in authorizing service on Rota Fortuna through Mr. Mitzner, and as the U.S. District Court for the District of Colorado recently did.  *Allen* at *2 (granting substituted service under C.R.C.P. 4(f) on attorney); *see also RPost Holdings, Inc. v. Kagan*, C.A. No. 2:11-cv-238-JRG, 2012 WL 294388, at *1–3 (E.D. Tex. Jan. 23, 2012) (granting alternative service of process) (ordering service under F.R.C.P. 4(f)(3) on defendant's attorney after attorney corresponded about service but refused to accept service or disclose his client's address).

31. Ordering substituted service on Mr. Chanin is further appropriate because the order would be limited in scope, minimally burdensome on Mr. Chanin, and provide an efficient means for moving this case forward.

**D.  John/Jane Does 2–10 may be served without having their true names on the Summons and Complaint.**

32. It is proper for John/Jane Does 2–10 to be served before their true names are known.  Rule 4(c) expressly contemplates situations in which the summons does not state the true name of the defendant: "The summons shall contain . . . the names *or designation* of the parties, shall be directed to the defendant . . ." (emphasis added).

33. Consistent with the policy in favor of protecting plaintiffs in these types of situations, other jurisdictions have similarly ordered substituted service.  In *Trackman v. Kenney*, the California Court of Appeal addressed the question of whether substituted service could be completed on "John Doe," whose true name was unknown, as a substitute for the defendant.  187 Cal. App. 4th 175, 178–79 (2010).  The court found that service was proper, reasoning that "[p]ersons given legal papers often refuse to give their true legal name."  *Id*. at 178.  The *Trackman* court also cited a California Supreme Court case stating "the service statutes should be liberally construed" as support for its conclusion that it "see[s] no reason to insert into the statute a requirement that the *true legal name* be used."  *Id.* at 184–85; *accord Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1392 (1992) ("The Supreme Court's admonition to construe the process statutes liberally extends to substituted service as well as to personal service.")

34. As stated in *Allen*, the core concern with substituted service is due process.  *See Allen* at *1; *see also Bayview Loan Servicing*, 2009 WL 2514154, at *3 (elevating the concern of material prejudice to defendant's substantial rights over technicalities in method of

9

service).  Permitting substituted service on Mr. Chanin would comport with due process.  On the other hand, permitting those engaged in illegal market manipulation who profit by publishing false and defamatory statements to escape liability by refusing to disclose their true names would incentivize trickery that could broadly deprive plaintiffs of the right to have their day in court.

## IV.    ORDER SOUGHT

35. Farmland Partners respectfully requests that it be allowed to complete service on John/Jane Does 2–10 (and thus complete service on all current Defendants in this matter), who are Mr. Chanin's clients in this matter and have not yet been served, via substituted service under C.R.C.P. 4(f) by delivering a copy of the process directed to Mr. John Chanin's attention to the office of the law firm Foster Graham Milstein & Calisher, LLP, located at 360 South Garfield Street, Suite 600, Denver, CO 80209.  Additionally, a copy of the process shall be mailed by overnight mail to Mr. Chanin at that same address.  A copy shall also be sent by email to jchanin@fostergraham.com, which is the email address through which he contacted counsel for Farmland Partners about this lawsuit.

36. Additionally, Farmland Partners requests that it not be ordered to mail the process to John/Jane Does 2–10 under C.R.C.P. 4(f)(2) because their addresses are unknown. *See Willhite v. Rodriguez-Cera*, 274 P.3d 1233, 1240 (Colo. 2012) (under C.R.C.P. 4(f), when the defendant's address is unknown and process thus cannot be mailed to the defendant, "the mailing [of process to the defendant] is not required to complete service.")

Dated:  August 28, 2018

Respectfully submitted,


S/ Scott F. Llewellyn
_____
    Scott F. Llewellyn (Reg. No. 34821)
    Kyle S. Pietari (Reg. No. 50157)

    Morrison & Foerster LLP

    Attorneys for Plaintiff
    Farmland Partners Inc.

Address of Plaintiff:

Farmland Partners Inc.
4600 South Syracuse Street
Suite 1450
Denver, Colorado 80237

11

## CERTIFICATE OF SERVICE

This Motion and the Proposed Order and Affidavit attached thereto were delivered by email to Mr. John A. Chanin at jchanin@fostergraham.com, which is the email address through which he contacted counsel for Farmland Partners about this lawsuit.


Dated: August 28, 2018

Respectfully submitted,


S/ Scott F. Llewellyn
_____
        Scott F. Llewellyn (Reg. No. 34821)
        Kyle S. Pietari (Reg. No. 50157)

        Morrison & Foerster LLP

        Attorneys for Plaintiff
        Farmland Partners Inc.

Address of Plaintiff:

Farmland Partners Inc.
4600 South Syracuse Street
Suite 1450
Denver, Colorado 80237

| | | |
|---|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO | DATE FILED: August 28, 2018 2:24 PM<br>FILING ID: 96D1BCC7FE1F8<br>CASE NUMBER: 2018CV32713 | |
| Court Address:    Denver City and County Building<br>1437 Bannock Street<br>Denver, CO 80202 | | |
| **Plaintiff:**    **FARMLAND PARTNERS INC.**<br><br>**v.**<br><br>**Defendants:**    **ROTA FORTUNAE (WHOSE TRUE NAME IS UNKNOWN), JOHN/JANE DOEs 2–10 (WHOSE TRUE NAMES ARE UNKNOWN)** | **▲ COURT USE ONLY ▲** | |
| Attorneys for Plaintiff:<br><br>Scott F. Llewellyn<br>Email: sllewellyn@mofo.com<br>Atty. Reg. #: 34821<br><br>Kyle S. Pietari<br>Email: kpietari@mofo.com<br>Atty. Reg. #: 50157<br><br>Morrison & Foerster LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, Colorado 80202-5638<br>Telephone: 303.592.1500<br>Facsimile: 303.592.1510 | Case No.: **2018CV32713**<br><br><br>Division: 376 | |
| **AFFIDAVIT FROM SCOTT F. LLEWELLYN IN SUPPORT OF PLAINTIFF'S AUGUST 28, 2018 MOTION TO ALLOW SUBSTITUTED SERVICE** | | |

I, Scott F. Llewellyn, being of lawful age, state and affirm as follows:

1

1.      I am an attorney licensed to practice law in the State of Colorado.  I work at the law firm Morrison & Foerster LLP and am counsel of record for Plaintiff Farmland Partners Inc. in the above-captioned matter.  I have personal knowledge of the facts set forth herein, and if called and sworn as a witness, could and would competently testify thereto.

2.      On July 20, 2018, Farmland Partners retained Kroll, a Division of Duff & Phelps specializing in investigations, to pursue information regarding the identities of Rota Fortunae and those working with Rota Fortunae.  Kroll was unable to determine the identity or location of any Defendant in this lawsuit.

3.      On August 20, 2018, Mr. John Chanin of the law firm Foster Graham Milstein & Calisher, LLP, located in Denver, Colorado, contacted counsel for Farmland Partners by sending an email from the address jchanin@fostergraham.com, stating, "I will be representing Mr. [Matthew] Mitzner and his clients in this matter."

4.      On August 21, 2018, counsel for Farmland Partners conferred by phone with Mr. Chanin in his capacity as counsel for Mr. Mitzner, Rota Fortunae, and John/Jane Does 2–10.  Given the prior service on Rota Fortunae, counsel for Farmland Partners asked Mr. Chanin to accept service on his remaining clients' behalf.  Mr. Chanin stated that he was not authorized by his clients to accept service for the remaining Defendants in this lawsuit.  Mr. Chanin also stated that he was not authorized by his clients to disclose the identities of any Defendants in this lawsuit. Mr. Chanin did not express concern about being able to notify his clients of this lawsuit.

5.      On August 23, 2018, counsel for Farmland Partners sent a letter to Mr. Chanin via email to the same address from which Mr. Chanin had emailed counsel for Farmland Partners.  A copy

2

was also sent to Mr. Chanin via UPS Next Day Air.  Exhibit A hereto is a true and correct copy

of that letter.

6.      The August 23, 2018, letter to Mr. Chanin stated that Farmland Partners planned to move

for substituted service on the remaining Defendants in this lawsuit, via delivery to Mr. Chanin, if

those Defendants would not authorize him to accept service on their behalf.  The letter asked Mr.

Chanin to state his position on such a motion by close of business Monday, August 27.

7.      By close of business Monday, August 27, 2018, Mr. Chanin had not responded to the

letter sent to him by Farmland Partners' counsel on August 23, 2018.

---

**VERIFICATION**

**I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.**

Executed on the _28_ day of _August_ _2018_ , at _Denver Co_
            (date)     (month)     (year)     (city and state)

_Scott Llewellyn_                    _(signature)_
(Printed name of Affiant )               Signature of Affiant

_2565 Clermont St._     _Denver_     _Co_     _80207_
Address              City          State     Zip Code

_(303) 592 - 2204_
Work Phone

SUBSCRIBED AND SWORN TO before me this ⎽⎽28th⎽⎽ day of August, 2018.

State of ⎽⎽Colorado⎽⎽

County of ⎽⎽Denver⎽⎽

⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽
Notary Public

My Commission expires: ⎽⎽08/11/2019⎽⎽

> ELIZABETH S VANDEGRIFT
> NOTARY PUBLIC
> STATE OF COLORADO
> NOTARY ID 19994022569
> MY COMMISSION EXPIRES AUGUST 11, 2019

4

dn-200929

# EXHIBIT A

## TO AFFIDAVIT FROM SCOTT F. LLEWELLYN IN SUPPORT OF PLAINTIFF'S AUGUST 28, 2018 MOTION TO ALLOW SUBSTITUTED SERVICE

MORRISON | FOERSTER

4200 REPUBLIC PLAZA
370 SEVENTEENTH STREET
DENVER
COLORADO 80202-5638

TELEPHONE: 303.592.1500
FACSIMILE: 303.592.1510

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

August 23, 2018

Writer's Direct Contact
+1 (303) 592.2204
SLlewellyn@mofo.com

BY EMAIL AND UPS NEXT DAY AIR

John A. Chanin
Foster Graham Milstein & Calisher, LLP
360 South Garfield Street
Suite 600
Denver, CO 80209

Re:   *Farmland Partners Inc. v. Rota Fortunae (Whose True Name Is Unknown),
John/Jane Does 2–10 (Whose True Names Are Unknown)*, 2018-CV-32713

Dear Mr. Chanin:

Thank you for taking the time to discuss the above-titled case, in which we understand you
represent Rota Fortunae and Mr. Mitzner's related clients, who are also defendants in this
matter. We understand that you have not been authorized to accept service for the other
defendants you represent. As you know, our time to serve the remaining defendants is
limited, and the Court will expect us to promptly convene a case management conference
(among other things). Because time is of the essence, we plan to move for substituted
service on the remaining defendants, via delivery to you of the relevant materials, if they will
not authorize you to accept service on their behalf. Please let us know your position on such
a motion by close of business Monday, August 27, which we believe provides ample time for
you to confer further with your clients on this issue. We trust that you will explain to your
clients that the Court will expect the parties to avoid unnecessary motion practice, and that
the Court has already ordered substituted service on Rota Fortunae, via delivery of the
relevant materials to its counsel, after Rota Fortunae initially refused to authorize counsel to
accept service.

We also discussed that you are not authorized to disclose the identities of the defendants you
represent in this matter. We appreciate that you were recently retained, and that you need to
advise your clients in this regard. Our position remains that your clients may not litigate this
matter anonymously, given their acts, and forestalling disclosure of their identities serves no
proper purpose. *Doe v. Heitler*, 26 P.3d 539 (Colo. App. 2001) (rejecting request to proceed
anonymously, and noting that cases permitting parties "to proceed under fictitious names
have generally been limited to those involving matters such as abortion, homosexuality,

ny-1342148

MORRISON | FOERSTER

John A. Chanin
August 23, 2018
Page Two

illegitimacy, privacy rights of children, and the like."). If you are aware of controlling authority to the contrary, please let us know so that we can further discuss this issue. We take seriously our obligation to meet and confer and know you will too. Absent such authority, kindly let us know by the close of business on August 31 if we need to burden the Court on this issue as well, which we will do on an expedited basis.

While we will undoubtedly have disagreements as this case proceeds, we are hopeful that areas over which there are no legitimate disputes will be resolved expeditiously and without wasting precious judicial resources. The Court will undoubtedly expect that of us.

I look forward to working with you and can be available to discuss these matters at your convenience.


Sincerely,

/s/ Scott F. Llewellyn
Scott F. Llewellyn

Enclosure

ny-1342148