# EXHIBIT C
# TO DECLARATION OF KYLE S. PIETARI
# IN SUPPORT OF FARMLAND PARTNERS INC.'S
# OPPOSITION TO ROTA FORTUNAE'S MOTIONS
# TO DISMISS

**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

November 6, 2018

Writer's Direct Contact
+1 (212) 336.4233
MBirnbaum@mofo.com

By Electronic Mail

John A. Chanin
Foster Graham Milstein & Calisher, LLP
360 South Garfield Street
Suite 600
Denver, CO 80209

Re:   *Farmland Partners Inc. v. Rota Fortunae, et al.*, No. 18-cv-02351 (KLM) (D. Colo.)

Dear John:

We wanted to meet and confer before responding to Rota Fortunae's TCPA motion and its application that the court set a hearing on that motion. As discussed, our position remains that the TCPA does not apply, that the motion is both substantively and procedurally improper, and that discovery should proceed consistent with the schedule ordered by the Court. Should the Court decide to evaluate Rota Fortunae's TCPA motion, however, we intend to seek discovery as permitted under Texas Civil Practice and Remedies Code § 27.006(b), which Rota Fortunae's motion contemplates. While we reserve the right to seek additional discovery, including a deposition, we ask here whether Rota Fortunae will consent to responding to the interrogatories attached hereto. They will look familiar; we sent all but the last one to you previously as part of our earlier discussions about discovery related to remand and personal jurisdiction. We understand that Rota Fortunae has refused to participate in any discovery thus far, and hope your client will reconsider in light of the arguments it is making and the parties' obligations to avoid unnecessary motion practice.

ny-1350541

MORRISON | FOERSTER

Please let us know by the close of business this week whether you will respond to the interrogatories so that we can accurately state Rota Fortunae's position in our forthcoming submissions.

Sincerely,

Michael D. Birnbaum

MORRISON | FOERSTER

ny-1350541

MORRISON | FOERSTER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-02351-KLM

FARMLAND PARTNERS INC.,

    Plaintiff,

v.

ROTA FORTUNAE (WHOSE TRUE NAME IS UNKNOWN), JOHN/JANE DOES 2–10 (WHOSE TRUE NAMES ARE UNKNOWN),

    Defendants.

---

## FARMLAND PARTNERS INC.'S
## INTERROGATORIES TO ROTA FORTUNAE

---

Farmland Partners Inc. ("Farmland Partners"), by its attorneys, propound the following interrogatories to Defendant Rota Fortunae to be separately answered in accordance with the instructions below within ten (10) days pursuant to an agreement of the parties.

Plaintiff propounds these interrogatories without waiver of or limitation to their arguments made in support of their motion to remand this action to Colorado State Court (Dkt. #15).

The Definitions and Instructions set forth below shall apply to these interrogatories.

### DEFINITIONS

1.     The terms "Communication" or "Communications" mean and include, but are not limited to, any of the following: (a) any written letter, memorandum, or other Document of any kind by mail, courier, other delivery services, telecopy, facsimile, telegraph, electronic

ny-1350541

MORRISON | FOERSTER

mail, text or SMS, voicemail, or any other means; (b) any telephone call, whether or not such call was by chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more Persons, whether or not such contact was by chance or prearranged, formal or informal.

2. The terms "Document" or "Documents" mean anything that is a "document" within the meaning of Rules 26 and 34 of the Federal Rules of Civil Procedure, expressly including but not limited to any Communication (electronic or otherwise). A draft or non-identical copy of a Document is a separate Document within the meaning of this term.

3. The term "Identify" means (i) as to Persons other than corporations, to provide names, addresses, residence(s) and citizenship, and (ii) as to corporations, to provide names and addresses of places of incorporation and principal places of business.

4. The term "Including" means including without limitation.

5. The term "Mitzner Letter" means the letter Matthew M. Mitzner wrote to Farmland Partners on July 9, 2018 titled "Questions for Management of Farmland Partners Inc."

6. The term "Mitts Declaration" means the October 5, 2018 declaration of Joshua Mitts filed with Farmland Partners' Motion to Remand.

7. The terms "Person" or "Persons" mean all natural persons, corporations, partnerships, or other business associations, and all other legal or governmental entities or associations.

8. The terms "Relating to" and "Concerning" each mean, in addition to their usual and customary meanings, concerning, relating to, discussing, mentioning, evidencing,

MORRISON | FOERSTER

embodying, constituting, effecting, referring to, assessing, recording, analyzing, describing, evaluating, memorializing, about, regarding, touching upon, listing, or reflecting the matter specified in the request.

9. The term "Seeking Alpha Article" means and refers to the July 11, 2018 article regarding Farmland Partners as published on Seeking Alpha under the pseudonym "Rota Fortunae."

10. The terms "You" or "Your" mean and refer to Rota Fortunae, as well as any successors, predecessors, assigns, agents, representatives, attorneys, employees, employers, officers, directors, affiliates, subsidiaries, Persons, or entities acting or purporting to act on any behalf of Rota Fortunae.

## INSTRUCTIONS

11. If Documents are identified in answering an interrogatory, provide copies of such Documents.

12. If You do not answer an interrogatory, or any part thereof, because of a claim of privilege or immunity, expressly set forth the specific privilege or immunity claimed, and describe the Documents, Communications, or things not produced or disclosed in a manner that would enable Plaintiff to determine the applicability of the privilege, including the following information:

    (2) the nature and subject matter of the Document, Communication, or thing;

    (3) the date the Document, Communication, or thing was acquired, or came into existence;

ny-1350541

MORRISON | FOERSTER

(4)  the author(s) or participant(s) in the Communication;

(5)  all addressees, recipients, copyholders, and other distributees;

(6)  the organization, if any, with which each author, addressee, recipient, copyholder, distributee, or communicating Person was then connected and his or her job title or description; and

(7)  if a Document, the number of pages.

## INTERROGATORIES

1. Identify all Persons with whom You communicated regarding Farmland Partners, Including Communications regarding the Mitzner Letter, the Seeking Alpha Article, and/or trading in securities Concerning Farmland Partners, Including with any employee, employer or coworkers of Yours, and describe those Communications, Including where, when and by what means You communicated with such Persons, and what was said.

2. For all references in the Mitzner Letter, the Seeking Alpha Article, and/or Communications from Your counsel to plural pronouns, Including "we" and "us," identify all Persons to whom those plural references refer and describe why the various writings included those plural references.

3. Identify and describe any information or involvement You have or had regarding trading of Farmland Partners securities from May 1, 2018 through July 23, 2018, Including the options trading set forth in paragraphs 17 and 18 of the Mitts Declaration, profits on any trades of Farmland Partners securities transacted on or after July 11, 2018, the identity of any Person or entity engaging in such trades, any position that You held, directly or indirectly, in Farmland Partners securities prior to July 11, 2018, and for any such

ny-1350541

MORRISON | FOERSTER

position, identify the date of any transactions involving such positions and the price paid or received for the securities underlying that position.

4. Identify all Persons who have provided to You, or received from You, any direct or indirect benefits Relating to Your role in researching, writing, or disseminating the Seeking Alpha Article, Including paying attorney fees, and describe the benefit provided or received.

5. Identify and describe why You chose to study and write about Farmland Partners and Paul Pittman.

6. Identify and describe any written or oral communications with the Securities and Exchange Commission since submitting documentation to the SEC's "whistleblower hotline" as set forth in Rota Fortunae's declaration attached as Exhibit A to its October 5, 2018 Motion to Dismiss.

Dated: November 6, 2018

Respectfully submitted,

/s/ Michael D. Birnbaum
Michael D. Birnbaum
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019-9601
Telephone: 212.336.4233
MBirnbaum@mofo.com
*Attorney for Plaintiff, Farmland Partners Inc.*

ny-1350541