# EXHIBIT D
# TO DECLARATION OF KYLE S. PIETARI
# IN SUPPORT OF FARMLAND PARTNERS INC.'S
# OPPOSITION TO ROTA FORTUNAE'S MOTIONS
# TO DISMISS



360 South Garfield Street
6th Floor Denver, CO 80209
T 303-333-9810  F 303-333-9786

**DENVER – BOULDER**
**fostergraham.com**

November 12, 2018

**VIA EMAIL**

Michael Birnbaum, Esq.
Morrison Foerster, LLP
250 West 55th Street
New York, NY 10019-9601
MBirnbaum@mofo.com

Re:     *Farmland Partners v. Rota Fortunae—discovery request*

Dear Michael:

Thank you for your November 6, 2018 letter regarding FPI's request for discovery. We have discussed your renewed request for informal discovery with our client. It remains our position that discovery at this point is not warranted because your proposed discovery requests do not go to remand or jurisdiction and further, because FPI cannot satisfy the "good cause" standard necessary for discovery under the TCPA.

As you know, the TCPA's default rule staying all discovery has one limited exception: where the nonmovant shows "good cause" to diverge from the statutory protections, the trial court may permit "specific and limited discovery that is relevant to the motion . . . ." TEX. CIV. PRAC. & REM. CODE § 27.006(b).  "Good cause" is not defined within the statute, so that phrase takes the meaning as it is ordinarily applied. *See* TEX. GOV'T CODE § 311.011(b).  Previous cases interpreting "good cause" in this context have found the nonmovant did not establish the requisite good cause for discovery when the proposed discovery was sought to enable to nonmovant to "defend the motion to dismiss . . ."; or to enable nonmovant to obtain proof of the nonmovant's version of events. *In re D.C.*, 05-13-00944-CV, 2013 WL 4041507, at *1 (Tex. App.—Dallas Aug. 9, 2013, no pet.) (Discovery to ground a defense to the motion "is not sufficient to show good cause under the terms of the statute."); *Bilbrey v. Williams*, No. 02-13-332-CV, 2015 WL 1120921, at *15 (Tex. App.—Fort Worth Mar. 12, 2015, no pet.) (rejecting complaint about rejected discovery request sought "to support [nonmovant's] version of events" as not establishing "the requisite good cause for discovery").

Further, proposed discovery "to investigate potential claims related to an article about MagneGas by an anonymous author, The Pump Stopper'" on SeekingAlpha.com was found to be inappropriate under the TCPA. *In re Elliott*, 504 S.W.3d 455, 457, 465 (Tex. App.—Austin

2016, no pet.) ("The district court's order granting MagneGas's Rule 202 petition was not the 'specified and limited discovery *relevant to the TCPA motion to dismiss'* that the Act contemplates.").

In light of the foregoing, Rota Fortunae declines to answer discovery at this juncture in the case.  If you wish to discuss the matter further, please contact us.

Very truly yours,

Katherine Roush