IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02351-KLM

FARMLANDS PARTNERS INC.,

　　Plaintiff,

v.

ROTA FORTUNAE, whose true name is unknown, and
JOHN/JANE DOES 2-10, whose true names are unknown,

　　Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Rota Fortunae's ("Rota") **Motion to Reconsider** [#46][1] (the "Motion"). The Motion [#46] was filed on January 4, 2019, and Plaintiff filed a Response [#47] in opposition to the Motion on January 9, 2019.[2] In the Motion [#46], Defendant Rota asks the Court to reconsider the portion of the Court's December 20, 2018 Order [#45], directing Rota to answer four interrogatories propounded by Plaintiff to determine the existence of the John/Jane Doe Defendants in this case. *See Minute Entry* [#45]. For the reasons set forth below, the Motion [#46] is **GRANTED in part**

---

[1] "[#46]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] Although Defendant Rota has not filed a reply to Plaintiff's Response [#47] and the deadline to do so has not yet passed, the Court may nonetheless rule on the Motion [#46]. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

-1-

and **DENIED in part**.

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

The Court's Order [#45], issued from the bench during the December 20, 2018 Scheduling Conference,[3] directed Defendant Rota to answer four interrogatories propounded by Plaintiff in support of the Motion to Remand [#15].[4] The Court found that Interrogatory Nos. 1 through 4 sought appropriate information from Defendant Rota regarding the issue of whether any of the John/Jane Doe Defendants referenced in the Complaint [#3] exists, a disputed fact central to the Motion to Remand [#15]. The Court reached this determination based primarily on two issues raised by the Motion to Remand [#15] concerning the existence or non-existence of the John/Jane Doe Defendants. The first issue is jurisdictional, *i.e.* whether the citizenship of the John/Jane Doe Defendants can

---

[3] The Order [#45] further vacated the Scheduling Conference and indicated that it would be reset at a future date if appropriate. *See Minute Entry* [#45] at 2.

[4] The four interrogatories are found at Exhibit A to Plaintiff's Reply in Support of the Motion to Remand [#39]. *See Pl.'s Ex. A to Motion to Remand* [#39-1] at 7-8.

be ascertained at this early stage in the proceedings to satisfy the Court of its subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1). The second issue is procedural, *i.e.* whether the John/Jane Doe Defendants, who were served with process in state court prior to removal, were required to consent to Defendant Rota's removal of this case pursuant to 28 U.S.C. § 1446(b)(2)(A). Further, the Court relied on a decision from the United States District Court for the District of New Jersey, *Santiago v. Fed. Express Freight, Inc.*, No. CV14-508 1 (KM) (JBC), 2015 WL 6687617 (D.N.J. Oct. 30, 2015), which allowed limited discovery into the identities of John Doe defendants where the plaintiff's motion to remand was pending. *Santiago*, 2015 WL 6687617, at *3. With the above in mind, the Court addresses the arguments for reconsideration raised by Defendant Rota in the instant Motion [#46].

At the outset, the Court addresses Plaintiff's assertion that the Motion [#46] should be summarily denied for raising arguments that could have been asserted earlier. *Response* [#47] at 2. While Plaintiff correctly states the standard for a motion to reconsider, the Court is not inclined to construe Defendant Rota's Motion [#46] as "rehashing" arguments the Court explicitly did not invite during the December 20, 2018 hearing. *See Pl.'s Ex. A, Transcript of December 20, 2018 Hearing* [#47-1] at 7 ("[The Court] will not accept argument with respect to these conclusions.").

With respect to the Motion [#46], Defendant Rota first argues that the Order [#45] is contrary to the controlling law because *Santiago*, on which this Court relied, conflicts with 28 U.S.C. § 1441 and Tenth Circuit precedent construing that statute. *See Motion* [#46] at 2-3. In short, Defendant Rota argues that *Santiago* conflicts to the extent that it holds a party may inquire into the potential citizenship of a John Doe defendant for the purposes

of determining the propriety of removal. *Id.* at 3. After careful review, the Court does not agree. The Tenth Circuit precedents cited by Defendant Rota deal generally with 28 U.S.C. § 1441, which explicitly mandates that federal courts disregard "the citizenship of defendants sued under fictitious names" when considering whether a civil action is removable.[5] *Santiago*, however, takes the analysis one step further where, as here, there is a legitimate concern as to the existence of subject matter jurisdiction and the party opposing remand asserts "that factual uncertainties or ambiguities must be resolved in favor of federal court jurisdiction." *Santiago*, 2015 WL 6687617, at *2. This is precisely the argument Defendant Rota raises here: that any uncertainties as to whether the John/Jane Doe Defendants exist should be ignored and that the Court should presume that it has diversity jurisdiction in this case by disregarding those Defendants. Although 28 U.S.C. § 1441(b)(1) explicitly mandates such disregard *when considering whether a civil action is removable*, 28 U.S.C. § 1446(b)(2)(A) *does not explicitly allow disregard of served John Doe defendants when invoking the removal mechanism*. In accordance with the plain language of that statute, the Court declines to ignore the served John Doe defendants in considering the issue of their lack of consent to removal. This procedural issue has been fairly raised in Plaintiff's Motion to Remand [#15]. *Santiago* is instructive in providing a method, i.e. limited discovery, to address the issue early in this case.

As the parties' briefing on the Motion to Remand [#15] demonstrates, the procedural issue raised by 28 U.S.C. § 1446(b)(2)(A) necessarily turns on whether the John/Jane

---

[5] 28 U.S.C. § 1441(b)(1) provides in full that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

Does exist and thus, whether their consent to removal was required and obtained. *See generally Motion to Remand* [#15]; *Response* [#29]; *Reply* [#39]. Although Defendant Rota moved for reconsideration of the substituted service order in the state court prior to removal, Rota has not done so in this Court.[6] Hence, the current posture of the case is that certain unnamed and unidentified defendants were served with process prior to removal of the case from state court, but they did not consent to removal. Although the existence *vel non* of the John/Jane Doe Defendants is ultimately important to the jurisdictional issue here, at this stage of the litigation it is critical to the procedural issue raised by the Motion to Remand [#15]. Defendant Rota cites no Tenth Circuit authority, and the Court finds none, indicating otherwise or suggesting that addressing the procedural issue through limited discovery is erroneous.

Second, Defendant Rota argues that *Santiago* is inapposite to this case because it is factually distinguishable. *See Motion* [#46] at 3-4. Although the Court acknowledges that the facts in *Santiago* are somewhat different from the facts here, those differences are not relevant to the jurisdictional and procedural issues discussed above. *Santiago* reflects the well-established rule that a federal court has a duty to satisfy itself that its subject matter jurisdiction has been properly invoked. *Santiago*, 2015 WL 6687617, at *2; *see Shaw v. AAA Eng'g & Drafting Inc.*, 138 F. App'x. 62, 67 (10th Cir. 2005) ("[I]t has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding."). Fairly construed, *Santiago* simply

---

[6] The Court acknowledges that Defendant Rota briefly argues in the Response [#29] to the Motion to Remand [#15] that substituted service of the John/Jane Doe Defendants was improper. *See Response* [#29] at 7-8.

applies that rule in a case involving uncertainties about the existence of John Doe defendants. See Santiago, 2015 WL 6687617, at *2-3. The court in Santiago concluded that limited discovery into the John Does' identities was an appropriate method for determining disputed facts early in the proceedings before ruling on a motion to remand. Id. at *3. This Court agrees with that conclusion and is not convinced that the immaterial factual differences between Santiago and this case render it inapplicable here.

Third, Defendant Rota argues that the Court's control of future joinder of non-diverse defendants obviates the present jurisdictional concern. See Motion [#46] at 4-5. Although this may be true, Defendant Rota again ignores the procedural issue raised by the fact that the John/Jane Doe Defendants were served prior to removal. The Court has an obligation to follow the law which, in this case, includes 28 U.S.C. § 1446(b)(2)(A). The Court may not simply disregard the statutory requirement that **all** properly served defendants must consent to removal. The fact that Defendant Rota does so, by failing to even cite 28 U.S.C. § 1446(b)(2)(A) in the Motion [#46], does not give the Court authorization to do the same. Further, the Court might suggest that Defendant Rota's control over remand obviates the present jurisdictional concerns. Given that Defendant Rota removed the case to federal court, Rota could concede Plaintiff's Motion to Remand [#15] and send the case back to state court, at which point both the jurisdictional issue and the procedural issue regarding consent of the John/Jane Doe Defendants to removal would be moot.

Fourth, Defendant Rota argues that the Court's Order [#45] allowing limited discovery is not justified because Plaintiff "merely speculates that [some John/Jane Does] might exist and this might destroy diversity." Motion [#46] at 6. The Complaint [#3] alleges that Defendant Rota and the John/Jane Doe Defendants engaged in a conspiracy to pursue

a "short and distort scheme" against Plaintiff by disseminating false and misleading statements in order to profit from short positions taken against Plaintiff's stock price. *See Compl.* [#3] at 1-2. Despite Defendant Rota's arguments to the contrary, the Court finds that this allegation, as more fully described in the Complaint [#3], sufficiently implicates the John/Jane Doe Defendants' involvement in this alleged scheme and is not so conclusory or speculative as to foreclose the Court's discretion in permitting limited discovery at this time. *Sur-Tec, Inc. v. CovertTrack Grp., Inc.*, No. 13-2218-CM, 2014 WL 1304909, at *2 (D. Kan. Apr. 1, 2014) (stating that courts enjoy "wide discretion in determining whether jurisdictional discovery is warranted" but may deny a request for jurisdictional discovery if not adequately supported) (citations omitted). Moreover, as Plaintiff notes in the Response [#47] to the instant Motion [#46], although Defendant Rota has denied the existence of the John/Jane Doe Defendants, *see Response to Motion to Remand* [#29] at 3-4, Plaintiff has made reasonable arguments as to why the Court should not accept Defendant Rota's denial as conclusive, *see Reply to Motion to Remand* [#39] at 2-5. It is precisely for this reason that the Court finds that limited discovery into the existence and/or identities of the John/Jane Doe Defendants is appropriate.

Defendant Rota's remaining arguments concern the particular interrogatories to which Rota must respond pursuant to the Court's Order [#45]. *See Motion* [#46] at 7-10. Specifically, Defendant Rota asserts that the interrogatories undermine Rota's right to anonymity, seek information Rota is not obligated to provide, and were submitted pursuant to an improperly served discovery request. *See id.*

As was stated during the December 20, 2018 hearing, the Court is sensitive to Defendant Rota's concern that providing certain information requested will violate Rota's

asserted First Amendment right to anonymity without a fair hearing on the issue. Therefore, on further consideration of the interrogatories provided, the Order [#45] is amended to require Defendant Rota to respond to Interrogatory Nos. 2 and 4 only. The Order [#45] is further amended to permit Defendant Rota to exclude Rota's true identity from the response provided to Interrogatory No. 2.[7] Given that Defendant Rota's initial deadline to respond to the interrogatories was January 4, 2019, and a Status Conference regarding those responses is set for January 11, 2019 at 9:00 a.m., *see Order* [#45], Defendant Rota's responses to Interrogatory Nos. 2 and 4 shall be submitted to Plaintiff no later than January 10, 2019, at 5:00 p.m.

However, despite Defendant Rota's contention, the Court is not persuaded that Rota is "protected" from discovery of the information otherwise sought in Interrogatory Nos. 2 and 4. Nor is the Court convinced that Defendant Rota has no obligation to respond to any interrogatory given that Rota, as the party invoking federal jurisdiction, has the burden to establish that subject matter jurisdiction is proper. *See Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014). The cases Defendant Rota cites in support of this argument do not dictate otherwise, given that those cases do not involve unidentified defendants that were nevertheless served with process prior to removal. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84-88 (2005); *Brooks v. Purcell*, 57 F. App'x 47, 48 (3d Cir. 2002). Finally, although Plaintiff did not file a proper discovery motion seeking leave of Court to propound the interrogatories at issue, Plaintiff did raise such a request as

---

[7] As Plaintiff notes in the Response [#47], the Court stated at the hearing that it "is certainly not ordering the defendant to divulge his identity at this time." *Pl.'s Ex. A, Transcript of December 20, 2018 Hearing* [#47-1] at 7.

alternative relief in the Motion to Remand [#15] and the Court has discretion to order jurisdictional discovery sua sponte. *See Motion to Remand* [#15] at 11-13; *25 CP, LLC v. Firstenberg Mach. Co.*, No. 09-CV-80-PB, 2009 WL 4884483, at *10 (D.N.H. Dec. 8, 2009) (noting that courts "have the authority to order jurisdictional discovery sua sponte") (citing *Hatfill v. Foster*, 415 F. Supp. 2d 353, 356 (S.D.N.Y. 2006); *Am. Color Graphics v. Brooks Pharm., Inc.*, No. 8:05-CV-1512-T-27TBM, 2007 WL 3202748, *4 (M.D. Fla. Oct. 29, 2007)).

Accordingly, for the foregoing reasons,

IT IS HEREBY **ORDERED** that Defendant Rota's Motion to Reconsider [#46] is **GRANTED in part** and **DENIED in part**. The Motion is **granted** to the extent that Defendant Rota seeks to protect Rota's right to anonymity by not responding to Plaintiff's Interrogatory Nos. 1 and 3 and by excluding Rota's true identity from the response to Plaintiff's Interrogatory No. 2. The Motion is **denied** to the extent that Defendant Rota seeks other relief.

IT IS FURTHER **ORDERED** that the Court's Order [#45] is **VACATED** to the extent that it states: "The Court finds that Interrogatories #1-4 seek appropriate information directed to the issue of whether any John/Jane Doe defendants exist. Therefore, the Court hereby ORDERS that Defendant RF shall respond in writing under oath to Interrogatories 1 through 4 on or before January 4, 2019."

IT IS FURTHER **ORDERED** that the Court's Order [#45] is **AMENDED** to include the following: IT IS HEREBY **ORDERED** that Defendant Rota shall respond in writing under oath to Interrogatories 2 and 4 only. Defendant Rota's responses shall be submitted to

Plaintiff **no later than January 10, 2019**, at **5:00 p.m.** In responding to Interrogatory 2, Defendant Rota may exclude Defendant Rota's true identity.

Pursuant to the above, the parties are advised that the Status Conference regarding Defendant Rota's written responses to Plaintiff's Interrogatories remains set for **January 11, 2019**, at **9:00 a.m.**

Dated: January 9, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge