**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CASE NO. 1:18-cv-02351-KLM

FARMLAND PARTNERS, INC.,

      Plaintiff,

v.

ROTA FORTUNAE (WHOSE TRUE NAME IS UNKNOWN), JOHN/JANE DOES 2-10 (WHOSE TRUE NAMES ARE UNKNOWN),

      Defendants.

---

## MOTION FOR A STAY PENDING APPEAL

---

Defendant, Rota Fortunae ("RF"), through his undersigned counsel, respectfully requests the Court enter an order confirming that the entire underlying case is stayed pending the Notice of Appeal filed on January 9, 2019. Counsel for RF has conferred with counsel for Plaintiff regarding the relief requested in this motion. Plaintiff objects to the relief requested.

### INTRODUCTION AND PROCEDURAL POSTURE

This is exactly the kind of case anti-SLAPP statutes like the Texas Citizens Participation Act ("TCPA") is designed to prevent. Plaintiff Farmland Partners, Inc. ("FPI") brought this case to punish RF for exercising his First Amendment right to free, anonymous speech. FPI focuses its ire on RF for writing a deeply substantive article with citations to publicly available information.

RF's business is to analyze public companies, identify misrepresented valuations, and highlight risks in capital markets—which can include uncovering fraudulent business activities.  In this way, he operates much like Dr. Abraham J. Briloff, the financial analyst who wrote for Barron's Magazine, which was sued for purported defamation of Reliance Insurance Company. *See Reliance Ins. Co. v. Barrons*, 442 F. Supp. 1341 (S.D.N.Y. 1977). Like RF, Dr. Briloff spent significant time analyzing the insurer's public documents and informed the public about apparent issues with representations therein. There, the court noted how important this work is: "We must acknowledge that the public interest is well served by encouraging the free press to investigate and comment on business and corporate affairs in the same manner as it would report on other public issues." *Id.* at 1349. This kind of speech is just as important to the country as it is in analogous situations involving politics. *See id.* ("Investigative reporting is not limited to the impeachment of presidents… The public interest is served equally … when an accounting professor spotlights for the financial press, in common language, business dealings he regards as improper, improvident or unfair to investors.").

RF's July 9, 2018 article about FPI was a well-supported, well-researched piece that provided the underlying support for each factual statement and opinion expressed in the Article. Rather than substantively address the issues, FPI immediately sued, claiming that RF's statements were defamatory. Although FPI alleges that RF also improperly took a short position on FPI's stock, short selling is neither improper nor illegal.[1]

---

[1]     Indeed, FPI alleges a conspiracy to defame, but ever since filing FPI has focused instead on anyone who may have been trading against FPI stock, which is not a valid underlying tort. Nor is discussing research of publicly available documents and information.

At this point in the proceedings, the parties have filed numerous motions.[2] Throughout the motions practice, RF has sought to maintain his constitutional right to anonymity to protect against precisely these types of lawsuits, used to chill his carefully critical voice in the market. Indeed, even FPI's own purported expert, Joshua Mitts, has acknowledged that financial analysis's may prefer anonymity "precisely because they are conveying truthful information and fear the adverse consequences that may result from being identified." *See* Resp. to Motion to Remand. Yet, FPI denigrates RF's anonymity while failing to acknowledge that the pseudonym has a well-regarded, multi-year track record.

At the December 20, 2018 hearing, the Court denied RF's Motions to Dismiss and Plaintiff's Motion for Default Judgment without prejudice and ordered RF to respond in writing under oath to Interrogatories 1-4 in Doc. No. 39-1 on or before January 4, 2019 (the "December 20 Order"). (Doc. No. 45).

On January 4, 2019, RF filed a motion to reconsider the portion of the December 20 Order that RF respond to four interrogatory requests (the "Discovery Order") (Doc. No. 46), in response to which the Court issued an Order on January 9, 2019 granting in part and denying in part the motion to reconsider, and ordering RF to respond only to interrogatories 2 and 4 in Doc. No. 39-1 (the "January 9 Order"). Also on January 9, 2019, RF properly filed a notice of appeal pursuant to F.R.A.P. 3, appealing the Court's December 20, 2018 Order and the January 9 Order (Doc. No. 49).

---

[2] Includes: Plaintiff's Motion to Remand (Doc. No. 15); RF's F.R.C.P. 12(b) Motion to Dismiss (Doc. No. 18); RF's Motion to Dismiss under the Texas Citizen's Participation Act (the "TCPA Motion") (Doc. No. 22); RF's Motion to set a Hearing on the TCPA Motion (32); and Plaintiff's Motion for Default against the fictional Doe Defendants (Doc. Nos. 37 and 37).

Now, RF respectfully moves for an order staying the underlying case while the appeal is pending because filing the notice of appeal of the denial of the TCPA Motion was a jurisdictionally significant act. It divested the Court of jurisdiction to proceed with any part of the action against RF. First, filing the notice of appeal in and of itself is a jurisdictional event that divests the district court of jurisdiction. Second, the denial of the TCPA Motion is a collateral order from which RF has the right to an immediate appeal. Third, because denials of TCPA motions are treated as denials of statutory immunity rights, an appeal from such an order, which relates to the entire action, stays the entire underlying case while the appeal is pending.

## ARGUMENT

### A.      RF properly filed a Notice of Appeal

As an initial matter, RF properly appealed the December 20 Order and the January 9 Order by filing the notice of appeal in this Court. Pursuant to Fed. R. App. P. 3, timely filing a notice of appeal in district court is the only jurisdictional act required to appeal.  F.R.A.P. 3(a)(1) ("[a]n appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4"); F.R.A.P. 3(a)(2) ("[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal").  Here, by filing the notice of appeal in this Court on January 9, RF properly perfected his appeal.

### B.      The denial of the TCPA Motion is a collateral order and thus subject to appeal

TCPA motions to dismiss are not properly dismissed without a substantive analysis and a hearing. *Reeves v. Harbor Am. Central, Inc.*, 552 S.W.3d 389, 394 (Tex. App.—Houston [14th

Dist.] 2018, no pet.) ("The trial court was required to conduct this analysis. Without a determination that [the moving party] failed to meet his burden, there was no basis for the trial court to deny the motion."). In *Reeves*, the trial court denied the motion without a hearing alleging that "the motion is being used as an excuse not to participate in discovery ordered by the Court…" *Id.* at 392. However, the appellate court held that conclusion and failure to apply the statute was reversible error by the trial court. *Id.* at 395.

The requisite hearing on the TCPA motion must be set within 60 days after service of the motion. Tex. Civ. Practice. & Rem. Code § 27.004(a). Only in exceptional circumstances may the court extend the hearing date, "but in no event shall the hearing occur more than 120 days after the service of the [TCPA] motion…." *Id.* at § 27.004(c). The court "must rule on the motion within 30 days after the hearing." *Id.* at 27.005(a). "If the court does not rule on a TCPA motion to dismiss within the time prescribed, 'the motion is considered to have been denied by operation of law and the moving party may appeal." *Roach v. Ingram*, 557 S.W.3d 203, 213 (Tex. App.—Houston [14th Dist.] 2018, pet. filed) (citing § 27.008(a)). Thus, the TCPA requires a ruling on the TCPA motion "not later than the 30th day following the date of the hearing on the motion."

Here, the Court denied the TCPA Motion at the December 20 hearing and the December 20 hearing operated as the TCPA hearing contemplated by Tex. Civ. Practice. & Rem. Code § 27.004. *See, e.g., Daniels v. State*, 538 S.W.3d 139, 151 (Tex. App.—El Paso 2017, pet. denied) (treating hearing at which trial court addressed jurisdictional issues (but did not rule on the motion) as the TCPA motion hearing itself and concluding therefore that the 30-day deadline for the court's order had passed). Therefore, the denial of the TCPA Motion at the December 20 hearing is a ruling on

the motion as contemplated by the TCPA's statutory guidelines. *See id.*; Tex. Civ. Practice. & Rem. Code § 27.005(a).

The December 20 denial of the TCPA motion constitutes a collateral order subject to immediate appeal in federal court. *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 748 (5th Cir. 2014). ("[b]ecause we hold that the TCPA satisfies all three requirements, the collateral order doctrine supplies jurisdiction"). *See also Diamond Consortium, Inc. v. Hammervold*, 733 Fed.Appx. 151, 154 (5th Cir. 2018) ("[p]ursuant to the collateral order doctrine, this court has jurisdiction over an interlocutory appeal of an order denying a TCPA motion to dismiss"); *Cuba v. Pylant*, 814 F.3d 701, 706 (5th Cir. 2016) ("this court has jurisdiction over an interlocutory appeal from an order denying a TCPA motion to dismiss"); *DC Comics v. Pacific Pictures Corp*., 706 F.3d 1009, 1015 (9th Cir. 2013) ("we hold that the denial of a motion to strike made pursuant to California's anti-SLAPP statute remains among the class of orders for which an immediate appeal is available").

Although the Court styled its dismissal of the TCPA Motion as without prejudice, the TCPA has strict statutory deadlines for filing a motion to dismiss under the TCPA—a TCPA motion must be filed within 60 days after the complaint is filed. *See* Tex. Civ. Prac. & Rem. § 27.003; *Miller Weisbrod, L.L.P. v. Llamas-Soforo*, 511 S.W.3d 181, 193–94 (Tex. App. 2014) (Defendant "needed to have filed a TCPA motion to dismiss within sixty days of the date of service of the First Amended Petition."); *Daniels v. State*, 538 S.W.3d 139, 151 (Tex. App. 2017) ("[T]hese deadlines were not optional."). Here, that deadline has passed, and the TCPA motion has been denied. While the TCPA contemplates filing a TCPA motion later than 60 days after the complaint was served

upon a finding of good cause, no court has ever applied that provision in circumstances such as these—namely, where the TCPA was timely filed and where there has been a ruling on the TCPA as contemplated by the TCPA.  Rather, as an immunity protection, TCPA motions are addressed at the very beginning of a case, which the TCPA's deadlines are designed to ensure. Where the relief is not quickly granted, the TCPA directs the movant to the appellate court immediately.

C.     **Because RF properly appealed from a collateral order, this Court is divested of jurisdiction over the case by virtue of the notice of appeal filing**

RF properly filed a notice of appeal of a collateral order. "[T]he filing of a notice of appeal, whether from a true final judgment or from a decision within the collateral order exception, is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) (internal quotations omitted); *see also Garcia v. Burlington N. R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987) ("Filing a timely notice of appeal pursuant to Fed. R. App. P. 3 transfers the matter from the district court to the court of appeals. The district court is thus divested of jurisdiction. Any subsequent action by it is null and void.").

The TCPA creates "not simply the right to avoid ultimate liability in a SLAPP case, but rather . . . the right to avoid trial in the first instance." *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 751–52 (5th Cir. 2014).  For this reason, denials of TCPA motions are treated as denials of statutory immunity rights. *Id*. ("the anti-SLAPP motion is designed to protect the defendant from having to litigate meritless cases aimed at chilling First Amendment expression").

An appeal from on such an order denying immunity rights "relates to the entire action and, therefore, divests the district court of jurisdiction to proceed with any part of the action against an appealing defendant." *Stewart*, 915 F.2d at 576.  Thus, here, the notice of appeal of the TCPA denial divests this Court of jurisdiction to proceed with any part of the action, and RF respectfully asks the Court to enter an order reflecting this divesture. Alternatively, if the Court concludes that the Notice of Appeal does not divest it of jurisdiction, it should still enter a stay to permit the Tenth Circuit to decide the jurisdictional question.

Respectfully submitted this 13th day of January, 2019.

*/s/ John A. Chanin*
John A. Chanin
Katherine Roush
Melanie MacWilliams-Brooks
FOSTER GRAHAM MILSTEIN & CALISHER, LLP
360 South Garfield Street, 6th Floor
Denver, Colorado  80209
*jchanin@fostergraham.com*
*kroush@fostergraham.com*
*mbrooks@fostergraham.com*
Phone:  303-333-9810
Facsimile: 303-333-9786
*Attorneys for Defendant Rota Fortunae*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of January, 2019, I electronically filed the foregoing **MOTION FOR A STAY PENDING APPEAL** with the Clerk of the Court using the ECF system, and served via ECF to the following:

Scott F. Llewellyn
Kyle S. Pietari
Morrison & Foerster LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, Colorado 80202-5638
sllewellyn@mofo.com
kpietari@mofo.com

and

Michael D. Birnbaum
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
mbirnbaum@mofo.com

*/s/       Katherine Roush*
Katherine Roush