# Lucas Wiggins

| | |
|---|---|
| **From:** | Lucas Wiggins |
| **Sent:** | Monday, January 14, 2019 4:55 PM |
| **To:** | sllewellyn@mofo.com; kpietari@mofo.com; mbirnbaum@mofo.com |
| **Cc:** | John Chanin; Katie A. Roush |
| **Subject:** | FPI v. Rota Fortunae |
| **Attachments:** | RF's signed Responses (00657026xC1C96).PDF |

Counsel,

Please see attached Interrogatory Responses.

Thank you,

**Lucas Wiggins**

Litigation Legal Assistant
**Foster Graham Milstein & Calisher, LLP**
360 South Garfield Street | Suite 600
Denver, CO 80209
**Main:** 303-333-9810
**Fax:**  303-333-9786
lwiggins@fostergraham.com
Fostergraham.com



DENVER - BOULDER

   

Confidentiality Notice and Disclaimer:  The information contained in this e-mail may contain privileged and/or confidential information intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, copying or other use of this e-mail is strictly prohibited.  If you have received it in error, please immediately notify us by telephone (303-333-9810) or e-mail, and delete this message.  Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received, it is the responsibility of the recipient to ensure it is virus free and no responsibility is accepted by Foster Graham Milstein & Calisher, LLP for any loss or damage arising in any way from its use.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:18-cv-02351-KLM

FARMLAND PARTNERS, INC.,

    Plaintiff,

v.

ROTA FORTUNAE (WHOSE TRUE NAME IS UNKNOWN), JOHN/JANE DOES 2-10 (WHOSE TRUE NAMES ARE UNKNOWN),

    Defendants.

## ROTA FORTUNAE'S RESPONSES TO FARMLAND PARTNER'S INTERROGATORIES 2 AND 4

Per the Court's Order (Doc. No. 48) and because of the Court's order at the status conference on January 11, 2019 that a failure to answer would result in the Court entertaining a contempt motion against Defendant, Defendant Rota Fortunae ("RF") hereby submits the following objections and responses to Plaintiff Farmland Partners, Inc's ("FPI") Interrogatory Nos. 2 and 4.

### OBJECTIONS APPLICABLE TO EACH REQUEST

All of the following objections are incorporated in each of the specific responses to the interrogatories below. No response or objection to any interrogatory is or should be deemed a waiver of these objections.

1.     RF is answering these interrogatories because of the Court's order at the status conference on January 11, 2019 that a failure to do so would result in the Court entertaining a contempt motion against RF. In answering these interrogatories, RF explicitly does not concede that these interrogatories seek information that is relevant to the question of whether the Court has subject

matter jurisdiction over this matter. To the contrary, the information sought by the interrogatories has no bearing on the jurisdictional analysis.

2. In answering these interrogatories, RF explicitly reserves and does not waive any arguments that discovery is stayed and/or improper under the Texas Citizens Participation Act. RF's responses are made expressly subject to and without waiving or intending to waive any objection as to the competency, relevancy, or admissibility of any of the responses given herein.

3. No incidental or implied admissions are intended by any statement herein. RF responds to the interrogatories based on his understanding and reasonable interpretation of them.

4. By answering these interrogatories, RF expressly does not waive his First Amendment rights, including his First Amendment right to anonymity. RF's responses are made expressly subject to and without waiving or intending to waive any of his First Amendment rights, and he provides the information because of the threat of contempt.

## RESPONSES

INTERROGATORY NO. 2. For all references in the Mitzner Letter, the Seeking Alpha Article, and/or communications from your counsel to plural pronouns, including "we" and "us," identify all Persons to whom those plural references refer and describe why the various writings included those plural references.

RESPONSE: RF incorporates his objections applicable to each request. RF objects to this interrogatory to the extent it seeks attorney-client privileged information and to the extent this interrogatory seeks information that has no bearing on the jurisdictional inquiry. Subject to the forgoing objections, RF responds as follows: The plural pronouns in the identified writings did not refer to anyone but RF, an individual, as has been repeatedly verified under oath. RF is the sole author

of the Seeking Alpha Article. RF and his attorneys used plural pronouns as further protection of his First Amendment right to anonymity. RF's attorneys have never represented any of the Persons identified in response to Interrogatory 4.

INTERROGATORY NO. 4: Identify all Persons who have provided to You, or received from You, any direct or indirect benefits Relating to Your role in researching, drafting, or disseminating the Seeking Alpha Article, Including Paying attorney fees, and describe the benefit provided or received.

RESPONSE: RF incorporates his objections applicable to each request. RF objects to this interrogatory as seeking information that is not relevant to the jurisdictional inquiry before the Court because those that may have received a direct or indirect benefit from RF relating to RF's role in "researching, writing or disseminating the Seeking Alpha Article" does not meet FPI's own definition of "Doe Defendants," i.e., individuals who worked "with or for" RF in connection with the allegedly misleading statements. *See* Compl. at ¶ 3 (Defendants John/Jane Does 2-10 are "individuals or entities who worked with or for Rota Fortunae in connection with the [allegedly] false and misleading statements about Farmland Partners that Rota Fortunae made publicly in an internet posting and on Twitter"). RF further objects to this interrogatory as vague and overbroad, because the undefined phrase "direct or indirect benefit" can be construed only in the eye of the beholder and arguably captures innumerable wholly irrelevant individuals, for example, RF's dependent family members (if any), governmental entities (if any) that received payment for public records sought and obtained by RF (if any), or employees or owners at Seeking Alpha (if any) who may have enjoyed an increase in traffic and/or ad revenue (if any) from the Seeking Alpha Article. None of these potential individuals or entities are relevant to a jurisdictional determination. RF further objects to this interrogatory to the extent it seeks information that would undermine RF's First Amendment right to

anonymity, including by seeking the names of family members (if any) from which FPI might easily discern RF's identity, or by providing FPI with the names of individuals who do not have a First Amendment right to anonymity and from whom FPI could demand RF's identity without meeting the requisite threshold showing. RF further objects to this interrogatory as seeking attorney-client privileged information, including the names and fees of his counsel (if any). RF also objects to this request to the extent it calls for the adoption of an assumption(s), legal conclusion(s), and speculation, including explicitly any suggestion or assumption that any persons identified in response are or should be co-defendants of RF or otherwise somehow qualify as the alleged "Does" about which FPI continues to speculate.

Subject to and without waiving the foregoing objections, RF responds as follows:

- Person A.

"Person A" is an individual who is a citizen of Texas, where Person A resides. Person A is party to a non-discretionary investment advisory agreement with RF that was entered approximately 19 months before RF was ever aware of FPI. Under that agreement, RF provides financial-market research and in return RF receives a percentage of net gains Person A makes from stock investments (which are made at Person A's sole authority and discretion). RF and Person A never had an agreement specific to FPI. Person A was aware of RF's ongoing research concerning numerous companies, including FPI. RF did not inform Person A that RF would publish RF's research on FPI. RF received less than $35,000 from Person A for net gains of less than $170,000 that Person A made on investments attributable to six companies, inclusive of FPI.

- Persons B and C and the Company.

"Person B" is an individual who is a citizen of Texas, where Person B resides. Person B's company (the "Company") is party to a non-discretionary investment advisory agreement with RF that was entered approximately three months before RF was ever aware of FPI. RF believes the Company is a Texas entity, and RF has no information or reason to believe that the Company has any connection to Colorado at all. Under the agreement, RF provides financial-market research and in return the Company pays RF a fixed monthly fee. RF is not an employee of the Company. RF and Person B, Person C or the Company never had an agreement specific to FPI. RF's payment from the Company is not tied to any specific trades which Persons B or C or the Company may have made (including FPI), and Person B, Person C and the Company make investments at their sole discretion and authority. "Person C" is an individual who is a citizen of Texas, where Person C resides. Person C

is an employee of the Company. Persons B and C and the Company were aware of RF's ongoing research concerning numerous companies, including FPI. RF did not inform Persons B or C or the Company that RF would publish RF's research on FPI. RF does not know the amount of gain(s) Persons B or C or the Company made on any investment in FPI's stock.

- Person D.

"Person D" is an individual who is a citizen of Kansas, where Person D resides. Person D is party to a non-discretionary investment advisory agreement with RF, that was entered into approximately three months before RF was ever aware of FPI. Under that agreement, RF provides financial-market research to Person D, for which RF waives all fees. Person D makes investments at its sole discretion and authority. Person D was aware of RF's ongoing research concerning numerous companies, including FPI. RF did not inform Person D that RF would publish the research. RF believes Person D made less than $20,000 on its investments related to FPI.

- FPI: Luca Fabbri, Paul Pittman, and Custodian of Legal Dept. email address

Luca Fabbri (FPI's Chief Financial Officer), Paul Pittman (FPI's Chief Executive Officer), and the custodian of the email address for FPI's legal department each received correspondence from RF through RF's attorney on July 9, 2018 before the article was published. In that correspondence, RF notified them that RF planned to publish an article about FPI—this, in stark contrast to those who were aware of RF's research on FPI—and asked them a series of questions concerning the matters about which RF planned to publish. Therein, RF gave Messrs. Fabbri and Pittman, as well as FPI's legal department, an opportunity to let RF's attorney know if FPI wished to respond to the listed yes-or-no questions. FPI has tried to publicly spin that letter's request as a "threat" and suggest that it did not give FPI sufficient time to respond. But RF did not say the answers to the questions had to be provided within the 24-hour time period; rather, RF only requested a response within 24 hours RF asked only that FPI let RF know through his attorney IF FPI wished to provide any response at all. FPI wholly ignored the request, neither confirming receipt nor asking for more time. RF does not at this time know whether any of these individuals personally received a benefit beyond having this information pre-publication, such as through the sale of FPI stock or through other self-protective measures. Based on publicly filed documents, however, RF believes Pittman received some kind of benefit, as the publication of RF's research appeared to cause Pittman to unwind undisclosed transactions he had with Jessie Hough.

The article was published about 48 hours after FPI was first given an opportunity to express whether it wanted to address the issues the letter raised. After publication, FPI issued a public response in a "Company Release" that, in response to issues the article raised, disclosed new information that FPI had previously not disclosed to the Securities and Exchange Commission. And while that public response repeatedly misstated RF's statements in the article in order to knock them down as straw men, to-date, FPI has still not answered the questions RF raised in his pre-publication correspondence. Regardless, FPI may have received a "benefit" from RF making FPI aware that its existing public disclosures were not as complete as they should have been, even in FPI's own view, leading it to provide a fuller disclosure to FPI's investors than FPI had provided previously.

- Securities & Exchange Commission

Prior to publication, RF provided the SEC with its research on FPI.

**None of the above Persons were in any way part of, nor did any of them have any control over, RF's decision to publish the at-issue statements in the article. RF alone controlled publication and was the only individual to write and publish the at-issue statements.**

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing answers to interrogatories are true and correct.



aka Rota Fortunae

Respectfully submitted as to the objections this 14th day of January, 2019.

*/s/ John A. Chanin*
John A. Chanin
Katherine Roush
Melanie MacWilliams-Brooks
FOSTER GRAHAM MILSTEIN & CALISHER, LLP
360 South Garfield Street, 6th Floor
Denver, Colorado 80209
*jchanin@fostergraham.com*
*kroush@fostergraham.com*
*mbrooks@fostergraham.com*
Phone: 303-333-9810
Facsimile: 303-333-9786
*Attorneys for Defendant Rota Fortunae*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2019, I emailed foregoing document to the following:

Scott F. Llewellyn
Kyle S. Pietari
Morrison & Foerster LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, Colorado 80202-5638
sllewellyn@mofo.com
kpietari@mofo.com

and

Michael D. Birnbaum
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
mbirnbaum@mofo.com

/s/   *Lucas Wiggins*
Lucas Wiggins