**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CASE NO. 1:18-cv-02351-KLM

FARMLAND PARTNERS, INC.,

       Plaintiff,

v.

ROTA FORTUNAE (WHOSE TRUE NAME IS UNKNOWN), JOHN/JANE DOES
2-10 (WHOSE TRUE NAMES ARE UNKNOWN),

       Defendants.

---

**MOTION FOR A PROTECTIVE ORDER AND/OR STAY OF DISCOVERY PURSUANT
TO F.R.C.P. 26(c)**

---

Defendant, Rota Fortunae ("RF"), through his undersigned counsel, respectfully moves the

Court for a protective order and a stay of discovery pending the Tenth Circuit's resolution of the

appeal, this Court's resolution of RF's pending motion to stay (Doc. No. 52), and RF's motions to

dismiss. Counsel for RF has conferred with counsel for Plaintiff regarding the relief requested in this

motion. Plaintiff objects to the relief requested.

During the parties' F.R.C.P. 26(f) conference, counsel for RF advised counsel for Plaintiff

Farmland Partners Inc. ("FPI") that it was RF's position that discovery should be stayed because

RF had filed motions to dismiss under the Texas Citizens Participation Act ("TCPA"), the filing of

which institutes an automatic stay of discovery, and under Fed. R. Civ. P 12(b)(2), challenging

personal jurisdiction. RF also objected to discovery at this stage because such discovery will

infringe on his First Amendment right to anonymity and FPI has not yet met the necessary burden

to require RF to "unmask" himself. RF reiterated that position in the parties' proposed scheduling

order (Doc. No. 42) and again when FPI served discovery requests on RF on November 30, 2018. Pursuant to the parties' agreement, RF's responses to those discovery requests are due January 18, 2019.

FPI's discovery requests consist of (a) six interrogatories that are essentially identical to the interrogatories appearing in the record at Docket Number 39-1, of which the Court ordered RF only to respond to numbers 2 and 4 as part of its jurisdictional inquiry, and (b) six requests for production. The Requests for Production seek RF's communications regarding the Article, Paul Pittman, trading FPI stock, the allegedly misleading statements in the Article, as well as those exchanged with the United States Securities and Exchange Commission (thereby seeking RF's protected whistleblower communications with the SEC). FPI's discovery requests are attached here as Exhibit A.

Despite RF's repeated explanation that discovery should be stayed due to his motions to dismiss and the First Amendment, and despite RF's appeal of the Court's denial of the TCPA motion, RF's motion to stay the underlying case pending resolution of that appeal, and the Court's order that RF answer only selected portions of the propounded discovery for jurisdictional purposes, FPI has taken the position that it can move forward with discovery. FPI has further declined to extend the deadline to answer its discovery until either the motion to stay is resolved or the appeal is resolved. RF therefore is filing this motion for a protective order pursuant to F.R.C.P. 26(c) seeking either a stay of all discovery or a protective order shielding RF from answering until the appeal is decided and the Court rules on RF's motions to dismiss.

## ARGUMENT

### A.    Legal Standard

Pursuant to Fed. R. Civ. P. 26(c), a party "may move for a protective order in the court where the action is pending." The court may issue an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery in certain matters." Fed.R.Civ.P. 26(b)(1)(D); *Toy v. Am. Family Mut. Ins. Co.*, No. 12-CV-01683-PAB-MJW, 2013 WL 673737, at *1 (D. Colo. Feb. 22, 2013). Further, a court may order a stay of discovery under F.R.C.P. 26(c), upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Sallie v. Spanish Basketball Fed'n*, No. 12-CV-01095-REB-KMT, 2013 WL 5253028, at *1 (D. Colo. Sept. 17, 2013) (citing Fed. R. Civ. P. 26(c) and granting stay of discovery while motion to dismiss for lack of personal jurisdiction pending); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, *2 (D. Colo. Mar. 30, 2006) ("Rule 26(c) does however, permit the court to 'make any order which justice requires to protect a party ... from annoyance, embarrassment, oppression, or undue burden or expense.'").

When considering whether a stay of discovery is appropriate, courts weigh the following interests: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident,* 2006 WL 894955, at *2.

**B.      RF's appeal of the denial of the TCPA Motion divested the court of jurisdiction over the entire underlying case**

As an initial matter, a protective order forbidding FPI's propounded discovery or staying discovery until RF's appeal is concluded is appropriate for all the reasons argued in RF's motion to stay—namely, RF's appeal of the denial of the TCPA Motion (which is treated as a denial of

immunity rights and is a collateral order from which RF can appeal)—divests the Court of

jurisdiction over the underlying case. *See* Doc. No. 52 at 4-8. RF incorporates his arguments in the

Motion to Stay here.

## C.     A stay is appropriate when there are pending jurisdictional issues

In addition to the effect that RF's appeal has on the underlying case, a stay of discovery or

an order forbidding FPI's discovery is appropriate where, as here, there are unresolved

jurisdictional issues.  Courts in this District have recognized that a stay is warranted while issues of

jurisdiction and immunity are unresolved. *See Sallie,* 2013 WL 5253028, at *2 ("a stay is

warranted while the issue of jurisdiction is being resolved"); *Nowlin v. Bd. of Cty. Commissioners*

*of Cty. of Arapahoe, Colorado*, No. 17-CV-02374-KLM, 2018 WL 305732, at *1 (D. Colo. Jan. 5,

2018) ("Questions of jurisdiction and immunity should be resolved at the earliest stages of

litigation, so as to conserve the time and resources of the Court and the parties"; entering stay of

discovery pending resolution of motion to dismiss for qualified immunity). That is because

"subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is

pending may subject [it] to undue burden or expense, particularly if the motion to dismiss is later

granted." *String Cheese Incident,* LLC, 2006 WL 894955 at *2.

Here, there are unresolved jurisdictional and immunity issues. The Court has explained that

it needs to satisfy itself that it has subject matter jurisdiction over the case and RF has filed a

motion to dismiss based on lack of personal jurisdiction. Although the Court dismissed the motion

to dismiss for lack of personal jurisdiction without prejudice in order to address the threshold

subject matter jurisdiction questions, stating that the Court would permit RF to refile that motion,

if appropriate, at a later time. Further, RF is appealing the Court's denial of the TCPA Motion,

which is treated on appeal as a denial of statutory immunity rights. *See NCDR, L.L.C. v. Mauze &*
*Bagby, P.L.L.C.*, 745 F.3d 742, 751-52 (5th Cir. 2014)*.* And that appeal presents its own
jurisdictional issue, as RF has explained, it divested the Court of jurisdiction to move forward with
the case. *See* Doc. No. 52 at 4–8.

A stay of discovery in this case will not prejudice FPI and will be convenient to the Court.
Although RF disagrees that additional discovery is needed to determine subject matter jurisdiction,
on January 14, 2019, RF answered the two interrogatories that the Court deemed relevant to its
jurisdictional analysis pursuant to the Court's January 11 Order that a failure to answer would
invite a contempt motion. Additionally, since it was FPI that filed a motion to remand that the
Court is still considering (and on which any decision is stayed pending RF's appeal), FPI cannot
dispute that there are unresolved jurisdictional issues at this juncture in the case.  A stay will also
be convenient to the Court because the Court's time will not be taken up by motions practice such
as this. *Nowlin*, 2018 WL 305732, at \*2 ("if the case remains 'in a stagnant state' on the Court's
docket due to a stay, judicial economy is enhanced, as is convenience to the Court. . . . Thus, it is
certainly more convenient for the Court to stay discovery until it is clear that the case will
proceed."). Nor will a stay prejudice the public or non-parties, as there is a clear public benefit to
permitting the parties to address threshold, dispositive issues efficiently at the beginning of a case
without unnecessarily incurring costs. *See id.*  Thus, even independent of this Court's lack of
jurisdiction over this case while RF's appeal is pending, a stay is warranted due to the unresolved
jurisdictional and immunity issues.

**D.     The discovery should be forbidden because it infringes on RF's First Amendment Rights**

The Court should also forbid FPI's requested discovery because it will infringe on his First Amendment right to anonymity. It is well-settled that in order to "unmask" an anonymous defendant, the plaintiff must first demonstrate that it has evidence to support its claims and a genuine likelihood of success on the merits of its claim. *See, e.g., Doe v. Cahill*, 884 A.2d 451, 462 (Del. 2005) (defamation plaintiff must satisfy a "summary judgment standard before obtaining identity of an anonymous defendant through discovery); *Dendrite Int'l v. John Does 1-14*, 775 A.2d 756, 760 (N.J. Super. Ct. App. Div. 2001) (requiring plaintiff to provide sufficient evidence to support each element of its cause of action and that the claim be able to withstand a motion to dismiss before agreeing to unmask the anonymous defendant). Thus, a defamation plaintiff must meet a heightened burden before it may seek discovery that will unmask an anonymous defendant.

Here, the discovery FPI seeks will certainly unmask RF. The Court recognized RF's valid concern regarding his need to protect his anonymity when it reconsidered its initial order that RF answer FPI's interrogatories 1-4 and instead ordered RF to answer only interrogatories 2 and 4. (Doc. No. 48 at 7-8). Notwithstanding that Order, FPI is now demanding RF answer the very interrogatories (interrogatories 1, 3, 5-6) that the Court already decided RF did not need to answer out of concern for his right to anonymity. (*See id.*).

Further, FPI's requests also include six requests for production that seek documents that will certainly reveal RF's identity. *See* Ex. A. Specifically, RFP 1 seeks "documents and communications with any Person Regarding researching, drafting or funding" the article, RFP 2 seeks documents and communications with any Persons Regarding Farmland Partners of Paul Pittman," the first RFP 3 seeks communications regarding trading FPI stock, the second RFP 3 seeks "communications between you and the SEC regarding the article, Farmland Partners, and

{00659032.DOCX / 1 }                                    6

Paul Pittman," RFP 4 seeks documents reflecting RF's trading, and RFP 5 seeks communications and documents regarding the allegedly misleading statements. *See* Ex. A.

All of these requests seek documents that will unmask RF. For example, any communications will necessarily reveal RF's identity, as will his trading records. Before RF is required to respond to such discovery, FPI must demonstrate that its claims are supported by evidence and that it has a legitimate likelihood of success on the merits. *See, e.g.*, *Dendrite,* 775 A.2d at 760. Because FPI has not met this burden (and will not), the Court should enter a protective order precluding RF from answering FPI's propounded discovery in Exhibit A.

## CONCLUSION

RF therefore respectfully requests this Court enter a protective order forbidding FPI's discovery or staying all discovery pending resolution of the appeal, the jurisdictional issues, and RF's motions to dismiss.

Respectfully submitted this 18th day of January, 2019.

> */s/ John A. Chanin*
> John A. Chanin
> Katherine Roush
> Melanie MacWilliams-Brooks
> FOSTER GRAHAM MILSTEIN & CALISHER, LLP
> 360 South Garfield Street, 6th Floor
> Denver, Colorado  80209
> *jchanin@fostergraham.com*
> *kroush@fostergraham.com*
> *mbrooks@fostergraham.com*
> Phone:  303-333-9810
> Facsimile: 303-333-9786
> *Attorneys for Defendant Rota Fortunae*

{00659032.DOCX / 1 }

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of January, 2019, I electronically filed the foregoing **MOTION FOR A PROTECTIVE ORDER AND/OR STAY OF DISCOVERY PURSUANT TO F.R.C.P. 26(c)** with the Clerk of the Court using the ECF system, and served via ECF to the following:

Scott F. Llewellyn
Kyle S. Pietari
Morrison & Foerster LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, Colorado 80202-5638
sllewellyn@mofo.com
kpietari@mofo.com

and

Michael D. Birnbaum
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
mbirnbaum@mofo.com

/s/      *Katherine Roush*
Katherine Roush