**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-02351-KLM

FARMLAND PARTNERS INC.,

      Plaintiff,

v.

ROTA FORTUNAE (WHOSE TRUE
NAME IS UNKNOWN), JOHN/JANE
DOES 2–10 (WHOSE TRUE NAMES ARE
UNKNOWN),

      Defendants.

---

**FARMLAND PARTNERS INC.'S
FIRST SET OF INTERROGATORIES TO ROTA FORTUNAE**

---

Farmland Partners Inc., by its attorneys, propounds the following interrogatories to

Defendant Rota Fortunae to be separately answered in accordance with the instructions below

within 30 days.

Farmland Partners propound these interrogatories consistent with and without waiver of

its arguments made in support of their motion to remand this action to Colorado State Court. *See*

ECF No. 15.

The Definitions and Instructions set forth below shall apply to all interrogatories herein.

## DEFINITIONS

1.      The terms "Communication" or "Communications" mean and include, but are not

limited to, any of the following:  (a) any written letter, memorandum, or other Document of any

kind by mail, courier, other delivery services, telecopy, facsimile, telegraph, electronic mail, text

dn-201927

**EXHIBIT A**

or SMS, voicemail, or any other means, including without limitation any attachment thereto; (b) any telephone call, whether or not such call was by chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more Persons, whether or not such contact was by chance or prearranged, formal or informal.

2.      The terms "Document" or "Documents" mean anything that is a "document" within the meaning of Rules 26 and 34 of the Federal Rules of Civil Procedure, expressly including but not limited to any Communication (electronic or otherwise).  A draft or non-identical copy of a Document is a separate Document within the meaning of this term.

3.      The term "Identify" means (i) as to Persons other than corporations, to provide names, addresses, residence(s) and citizenship, and (ii) as to corporations, to provide names and addresses of places of incorporation and principal places of business.

4.      The term "Including" means including without limitation.

5.      The term "July 9 Letter" means the letter Matthew M. Mitzner wrote, on behalf of defendants, to Farmland Partners on July 9, 2018 titled "Questions for Management of Farmland Partners Inc."

6.      The term "Mitts Declaration" means the October 3, 2018 declaration of Joshua Mitts filed with Farmland Partners' Motion to Remand, attached hereto.

7.      The terms "Person" or "Persons" mean all natural persons, corporations, partnerships, or other business associations, and all other legal or governmental entities or associations.

8.      The term "Posting" means and refers to the July 11, 2018 article regarding Farmland Partners as published on Seeking Alpha under the pseudonym "Rota Fortunae."

2

9.      The terms "Relating to," "Regarding," and "Concerning" each mean, in addition to their usual and customary meanings, concerning, relating to, discussing, mentioning, evidencing, embodying, constituting, effecting, referring to, assessing, recording, analyzing, describing, evaluating, memorializing, about, regarding, touching upon, listing, or reflecting the matter specified in the request.

10.     The term "Tweets"  means and refers to Communications posted by You to Twitter, including without limitation content You drafted, "likes," and "retweets."

11.     The terms "You" or "Your" mean and refer to Rota Fortunae, going by any name or pseudonym, as well as any successors, predecessors, assigns, agents, representatives, attorneys, employees, employers, officers, directors, affiliates, subsidiaries, Persons, or entities acting or purporting to act on any behalf of Rota Fortunae.

## INSTRUCTIONS

1.      If Documents are identified in answering an interrogatory, provide copies of such Documents.

2.      If You do not answer an interrogatory or claim privilege over certain Documents, Communications, or any part thereof, because of a claim of privilege or immunity, expressly set forth the specific privilege or immunity claimed, and describe the Documents, Communications, or things not produced or disclosed in a manner that would enable Plaintiff to determine the applicability of the privilege, including the following information:

(1)     the nature and subject matter of the Document, Communication, or thing;

(2)     the date the Document, Communication, or thing was acquired, or came into existence;

3

      (3)     the author(s) or participant(s) in the Communication;

      (4)     all addressees, recipients, copyholders, and other distributees;

      (5)     the organization, if any, with which each author, addressee, recipient,

           copyholder, distributee, or communicating Person was then connected and

           his or her job title or description; and

      (6)     if a Document, the number of pages.

## <u>INTERROGATORIES</u>

1.     Identify all Persons with whom You Communicated Concerning Farmland Partners, Including Communications regarding the July 9 Letter, the Posting, and/or trading in securities Concerning Farmland Partners, Including with any employee, employer or coworkers of Yours, and describe those Communications, Including where, when and by what means You Communicated with such Persons, and what was said.

2.     For all references to plural pronouns in the July 9 Letter, the Posting, Your Tweets, and/or Communications from Your counsel, Including "we" and "us," identify all Persons to whom those plural references refer and describe why the various writings included those plural references.

3.     Identify and describe any information or involvement You have or had Regarding trading of Farmland Partners securities, Including:

      (1)     the options trading set forth in paragraphs 17 and 18 of the Mitts

           Declaration;

      (2)     profits on any trades of Farmland Partners securities transacted on or after

           July 11, 2018;

      (3)       the identity of any Person or entity engaging in such trades; and

      (4)       any position held, directly or indirectly, in Farmland Partners securities on or prior to July 11, 2018, and for any such position, identify the date of any transactions involving such positions and the price paid or received for the securities underlying that position.

4.      Identify all Persons who have provided to You, or received from You, any direct or indirect benefits Relating to Your role in researching, writing, or disseminating the Posting and/or Tweets, Including paying attorney fees, and describe the benefit provided or received.

5.      Identify and describe why You chose to study and write about Farmland Partners and Paul Pittman.

6.      Identify all pseudonyms other than Rota Fortunae You have used in connection with any Document about Paul Pittman, Farmland Partners or any other publicly traded company.

7.      Identify and describe any written or oral communications with the Securities and Exchange Commission since submitting documentation to the SEC's "whistleblower hotline" as set forth in Rota Fortunae's declaration attached to Exhibit A to its October 5, 2018 Motion to Dismiss.

dn-201927

Dated: November 30, 2018

Respectfully submitted,


*/s/* Michael D. Birnbaum
Scott F. Llewellyn
Kyle S. Pietari
Morrison & Foerster LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, Colorado  80202
Telephone:  303.592.1500
Facsimile:  303.592.1510
sllewellyn@mofo.com
kpietari@mofo.com

Michael D. Birnbaum
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
Telephone:  212.336.4079
Facsimile:  212.468.7900
mbirnbaum@mofo.com

*Attorneys for Plaintiff, Farmland Partners Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-02351-KLM

FARMLAND PARTNERS INC.,

      Plaintiff,

v.

ROTA FORTUNAE (WHOSE TRUE
NAME IS UNKNOWN), JOHN/JANE
DOES 2–10 (WHOSE TRUE NAMES ARE
UNKNOWN),

      Defendants.

---

**FARMLAND PARTNERS INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO ROTA FORTUNAE**

---

Farmland Partners Inc., by its attorneys, hereby requests that Defendant Rota Fortunae respond to the following requests for production of documents in accordance with the instructions below within 30 days.

Farmland Partners propounds these document requests consistent with and without waiver of its arguments made in support of its motion to remand this action to Colorado State Court. *See* ECF No. 15.

The Definitions and Instructions set forth below shall apply to all document requests herein.

1

## DEFINITIONS

1.      The terms "Communication" or "Communications" mean and include, but are not limited to, any of the following:  (a) any written letter, memorandum, or other Document of any kind by mail, courier, other delivery services, telecopy, facsimile, telegraph, electronic mail, text or SMS, voicemail, or any other means, including without limitation any attachment thereto; (b) any telephone call, whether or not such call was by chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more Persons, whether or not such contact was by chance or prearranged, formal or informal.

2.      The terms "Document" or "Documents" mean anything that is a "document" within the meaning of Rules 26 and 34 of the Federal Rules of Civil Procedure, expressly including but not limited to any Communication (electronic or otherwise).  A draft or non-identical copy of a Document is a separate Document within the meaning of this term.

3.      The terms "Person" or "Persons" mean all natural persons, corporations, partnerships, or other business associations, and all other legal or governmental entities or associations.

4.      The term "Posting" means and refers to the July 11, 2018 article regarding Farmland Partners as published on Seeking Alpha under the pseudonym "Rota Fortunae."

5.      The terms "Relating to," "Regarding," and "Concerning" each mean, in addition to their usual and customary meanings, concerning, relating to, discussing, mentioning, evidencing, embodying, constituting, effecting, referring to, assessing, recording, analyzing, describing, evaluating, memorializing, about, regarding, touching upon, listing, or reflecting the matter specified in the request.

dn-201936 v3

6.      The term "Tweets" means and refers to Communications posted by You to Twitter, including without limitation content You drafted, "likes," and "retweets."

7.      The terms "You" or "Your" mean and refer to Rota Fortunae, going by any name or pseudonym, as well as any successors, predecessors, assigns, agents, representatives, attorneys, employees, employers, officers, directors, affiliates, subsidiaries, Persons, or entities acting or purporting to act on any behalf of Rota Fortunae.

## INSTRUCTIONS

1.      This request requires You to produce all documents that are in Your actual or constructive possession, custody, or control.  This production is to be made on or before the close of business on December 31, 2018, at Morrison & Foerster, LLP, 5200 Republic Plaza, 370 Seventeenth Street, Denver, Colorado, 80202-5638 or at a mutually agreed alternate location.

2.      If You withhold any of the requested documents from production under a claim of privilege or other protection, You must serve on the undersigned a privilege log under Fed. R. Civ. P. 26(b)(5) contemporaneous with the production of documents.

## DOCUMENT REQUESTS

1.      Documents and Communications with any Persons Regarding researching, drafting, editing, or funding the Posting.

2.      Documents and Communications with any Persons Regarding Farmland Partners or Paul Pittman.

3.      Documents and Communications with any Persons Regarding buying, trading, or profiting from positions in Farmland Partners stock.

3

3.      Communications between You and the Securities and Exchange Commission regarding the Posting, Farmland Partners or Paul Pittman.

4.      Documents sufficient to reflect Your trading in any securities of a public company in which You took a short position since January 1, 2015.

5.      Documents and Communications Regarding or informing the basis of Your assertions in the Posting that Farmland Partners faced "a serious risk of insolvency"; "[Paul] Pittman pledged his shares" of Farmland Partners stock for a bank loan; Farmland Partners was "artificially increasing revenues by making loans to related-party tenants"; Farmland Partners failed to properly disclose the financial impact of its loan program; Farmland Partners stock was "uninvestible"; and departures of Farmland Partners' auditor and directors were related to concerns about the company's loan program.

4

Dated: November 30, 2018

Respectfully submitted,


*/s/* Michael D. Birnbaum
Scott F. Llewellyn
Kyle S. Pietari
Morrison & Foerster LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, Colorado  80202
Telephone:  303.592.1500
Facsimile:  303.592.1510
sllewellyn@mofo.com
kpietari@mofo.com

Michael D. Birnbaum
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
Telephone:  212.336.4079
Facsimile:  212.468.7900
mbirnbaum@mofo.com

*Attorneys for Plaintiff, Farmland Partners Inc.*