**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-02351-KLM

FARMLAND PARTNERS INC.,

    Plaintiff,

v.

ROTA FORTUNAE (WHOSE TRUE
NAME IS UNKNOWN), JOHN/JANE
DOES 2–10 (WHOSE TRUE NAMES ARE
UNKNOWN),

    Defendants.

---

**FARMLAND PARTNERS INC.'S BRIEF IN OPPOSITION TO DEFENDANT ROTA
FORTUNAE'S MOTION FOR A PROTECTIVE ORDER**

---

**TABLE OF CONTENTS**

Page No.

INTRODUCTION ............................................................................................................................ 1
FACTUAL BACKGROUND .......................................................................................................... 2
ARGUMENT ................................................................................................................................... 4
    I.    This Court Still Has Jurisdiction over This Action. ............................................................ 4
    II.    A Stay of Discovery Is Not Appropriate Here. .................................................................. 4
    III.    RF Does Not Have Any Privilege or Immunity Precluding Discovery. ........................... 7
CONCLUSION .............................................................................................................................. 12

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amaya v. Bregman*,
   No. 14-cv-0599 2016 U.S. Dist. LEXIS 63588, at *20 (D.N.M. May 13, 2016) ................ 9, 10

*Bacon v. Archer*,
   No. 17-mc-00192-KLM, 2018 U.S. Dist. LEXIS 159794 (D. Colo. Sep. 17,
   2018) ........................................................................................................................... 7, 8

*Carbajal v. Warner*,
   No. 10-cv-02862-REB-KLM, 2013 U.S. Dist. LEXIS 36864 (D. Colo. Mar.
   18, 2013) ........................................................................................................................ 10

*Christou v. Beatport, LLC*,
   No. 10-cv-02912-CMA-KMT, 2011 U.S. Dist. LEXIS 19055 (D. Colo. Feb.
   10, 2011) .......................................................................................................................... 5

*Herbert v. Lando*,
   441 U.S. 153 (1979) ....................................................................................................... 10

*In re Motor Fuel Temperature Sales Practices Litig.*,
   641 F.3d 470 (10th Cir. 2011) ................................................................................ 8, 9, 10

*Los Lobos Renewable Power, LLC v. AmeriCulture, Inc.*,
   885 F.3d 659 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 591 (2018) ............................... 11

*IRobert W. Thomas & Anne McDonald Thomas Trust v. First W. Trust Bank*,
   No. 11-cv-03333-WYD-KLM,
   2012 U.S. Dist. LEXIS 114092 (D. Colo. Aug. 14, 2012) ........................................ *passim*

*Time, Inc. v. Firestone*,
   424 U.S. 448 (1976) ......................................................................................................... 9

*United States v. Wenger*,
   427 F.3d 840 (10th Cir. 2005) ......................................................................................... 8

*Voltage Pictures, Ltd. Liab. Co. v. Does 1-22*,
   No. 13-cv-01121-WYD-MEH,
   2013 U.S. Dist. LEXIS 111132 (D. Colo. Aug. 7, 2013) ........................................... 8, 10

**Statutes**

Tex. Civ. Prac. & Rem. Code § 27.010(b) .................................................................................. 11

**Other Authorities**

Fed. R. Civ. Proc.
    Rule 26(a)(1)(C) ................................................................................................................ 2, 3
    Rule 26(c) ............................................................................................................................. 4
    Rule 26(f) ............................................................................................................................. 2
    Rule 33(b)(2) ....................................................................................................................... 3
    Rule 34(b)(2)(A) .................................................................................................................. 2

## INTRODUCTION

Rota Fortunae's ("RF") Motion merely rehashes his prior attempts to stay this action and continues a pattern of deliberate and impermissible delay.  It should be denied for four reasons: *First*, while Farmland Partners ("FPI") recognizes that this Court is focused on ascertaining whether it has subject matter jurisdiction over this case, discovery should not be further delayed. FPI filed its Complaint over six months ago and needs discovery into RF, the Does, and third parties to flesh out its claims.  Discovery is appropriate here where, even if this case is ultimately remanded, any information obtained by FPI will be utilized for its case in state court.  This is especially true where RF has persistently tried to avoid providing information that would allow this Court to ascertain its subject matter jurisdiction while simultaneously arguing that discovery should be stayed until the jurisdictional questions are resolved.

*Second*, there is no basis to prevent discovery into the Does—including those individuals and entities RF identified in his interrogatory responses—who have defaulted, as well as from third parties, including the Securities and Exchange Commission—which expressly invited FPI to seek discovery through a subpoena—and broker-dealers who will have information on any unusual trading in FPI stock that coincided with Defendants' defamatory attack on FPI.  Such discovery—which RF seeks a stay to prevent—would impose no burden on RF, and the Federal Rules provide ample protection for any third parties that may have legitimate objections to any discovery requests made of them.

*Third*, RF fails to carry his burden for the relief he seeks and to which he is not entitled. Given the nature of the discovery FPI seeks—which includes only seven interrogatories and five document requests only slightly broader than the jurisdictional discovery the Court has already

1

ordered—RF tellingly does not argue that FPI's discovery requests are irrelevant or explain how any particular request imposes an undue burden on him. Instead, RF summarily rejects FPI's requests as seeking to "unmask" him without explaining how any request would do so, let alone satisfying his burden to show why any interest in anonymity should trump FPI's and the public's interest in resolving this case as quickly as possible. These deficiencies are disqualifying where RF has admitted that his research into FPI was paid for—rendering his related Posting commercial speech. RF's paid speech deserves little First Amendment protection and is afforded *no* protection under the TCPA. *See infra* at 8-12.

*Fourth*, and finally, RF argues that a stay is warranted based on the filing of his meritless appeal, but RF's continued insistence that this Court has been relieved of jurisdiction over this matter is as frivolous now as when he first raised it. The same is true of RF's rehashed arguments about his purported rights under Texas's inapplicable anti-SLAPP statute (the "TCPA"). The TCPA does not afford RF any rights in this Court, as set forth repeatedly in previous briefing, and it certainly does not justify shutting down discovery from all sources in its entirety, particularly where RF has acknowledged that his co-defendants (who RF says played no role in authoring the defamatory statements here at issue) are not protected by any anti-SLAPP statute. Accordingly, RF's Motion should be denied.

## FACTUAL BACKGROUND

FPI initiated this action on July 23, 2018. After unsuccessfully trying to evade service, RF removed this case to federal Court on September 14, 2018. The parties, in advance of this Court's December 20, 2018 scheduling conference, held a Rule 26(f) conference on November 20, 2018. ECF No. 42. Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), FPI timely

delivered its initial disclosures to RF on December 4, 2018, the deadline for said disclosures. ECF No. 42; Fed. R. Civ. Proc. 26(a)(1)(C). RF failed to provide his initial disclosures by that date (without seeking leave from this Court to disregard the Federal Rules) and has still not done so to this day.

FPI served RF with its initial discovery requests on November 30, 2018. *See* Ex. A. RF's responses were due on December 31, 2019. Fed. R. Civ. Proc. 33(b)(2), 34(b)(2)(A). On December 27, 2018, RF requested that FPI agree to extend RF's deadline to respond to discovery requests until January 18, 2019, one week after the Court's January 11 status conference scheduled to address RF's anticipated responses to the Court's jurisdictional inquiries. FPI consented to RF's request. RF then failed to respond to the Court's inquiries in advance of the January 11 conference and, instead, filed the notice of appeal of the Court's discovery and other orders that RF now argues justifies a stay of these proceedings. Then, consistent with his improper strategy of delay, RF waited until the day his discovery responses were due to file his Motion.

FPI's discovery requests are narrowly tailored to extract the truth about the short-and-distort attack orchestrated by RF and the Does, a mere seven interrogatories and five document requests. *See* Ex. A. The interrogatories seek information about RF's communications concerning FPI, trading in FPI's securities, and the existence of co-conspirators who have defaulted. *Id.* (Interrogs. at 4-5). FPI's five document requests seek similar information, including documents and communications relating to RF's knowledge of trading in FPI's securities, contacts with the SEC, RF's trading in short positions, and the allegations made by RF in the Seeking Alpha Posting and his Tweets. *Id.* (Doc. Request at 3-4).

**ARGUMENT**

**I. This Court Still Has Jurisdiction over This Action.**

As set forth in FPI's brief in opposition to RF's motion for a stay of this case, because RF has not appealed an order that is properly appealable, this Court retains jurisdiction over the entire case. *See* FPI's Opp'n to RF's Mot. to Stay, ECF No. 59. Indeed, the Tenth Circuit recently confirmed the Court's guidance regarding the viability of RF's appeal, by noting "the unusual procedural posture of this appeal" and directing RF to explain "appellate jurisdiction with specificity … [with] sufficient legal authority to demonstrate why this court has jurisdiction to consider the appeal…" *Farmland Partners Inc. v. Rota Fortunae,* No. 19-1011 (10th Cir. 2019), Doc. Id. 010110117274. Accordingly, RF's appeal provides no justification for a stay of discovery.

**II. A Stay of Discovery Is Not Appropriate Here.**

A stay of discovery is only appropriate under Federal Rule Civil Procedure 26(c) "for good cause . . . to protect a party . . . from undue burden or expense." *Robert W. Thomas & Anne McDonald Thomas Trust v. First W. Trust Bank*, ("Thomas Trust") No. 11-cv-03333-WYD-KLM, 2012 U.S. Dist. LEXIS 114092, at *6 (D. Colo. Aug. 14, 2012) (citation omitted). "The party who seeks a stay of discovery has the burden of demonstrating good cause, and 'cannot sustain that burden by offering simply conclusory statements.'" *Id.* (citation omitted). This mandates "a particular and specific demonstration of fact in support of a request for a stay." *Id.* (citation omitted). Generally, "the right to proceed in court should not be denied except under the most extreme circumstances." *Id.* (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)). "As a result, stays of all discovery

are generally disfavored in this District." *Christou v. Beatport, LLC*, No. 10-cv-02912-CMA-KMT, 2011 U.S. Dist. LEXIS 19055, at *4 (D. Colo. Feb. 10, 2011).

"[T]he factors to be applied by the Court in determining the propriety of a stay are: (1) Plaintiffs' interests in proceeding expeditiously with the action and the potential prejudice to Plaintiffs resulting from a delay; (2) the burden on the Defendants; (3) the convenience to the Court; (4) the interests of persons not parties to the litigation; and (5) the public interest." *Thomas Trust*, 2012 U.S. Dist. LEXIS 114092, at *8 (citation omitted). Here, these factors require denying RF's request for a stay of all discovery.

FPI filed its Complaint more than six months ago, yet RF has thus far refused to make the requisite disclosures or engage in any discovery. FPI has an obvious interest in proceeding expeditiously, given the harm it has suffered from the actions of RF and the Does. *Id.* at *10 (finding that because "staying discovery would further delay the resolution of Plaintiff's claims and Defendants' counterclaims in an already-aging case," this factor weighed against a stay). FPI is still dealing with the fallout from the short-and-distort attack in the form of class action lawsuits, loss of business, harm to its reputation, and more. And the prejudice from RF's continued attempts to delay these proceedings is also obvious, given the significant burdens and costs RF's repeated attempts to delay impose on FPI. *Id.*

In contrast to the prejudice to FPI, RF will not be "unfairly burdened" if discovery proceeds. *Id.* at *6. *First*, the burden to RF from the limited discovery FPI has served thus far is minimal. As explained above, FPI only served seven interrogatories and five document requests, the scope of which are not much broader than the jurisdictional discovery ordered by this Court. *See supra* at 3.

*Second*, there will be little to no burden on RF with respect to discovery from other parties. For example, on December 17, 2018, FPI requested from the Securities and Exchange Commission information regarding, *inter alia*, RF and others who profited from Defendants' short-and-distort attack on FPI. *See* Ex. B. On January 29, 2019, the SEC replied to FPI's counsel by letter stating that FPI would have to send a subpoena to the SEC in order to receive the requested records, at least some of which the SEC explained it might object to producing because it was using such information "in conjunction with an on-going law enforcement proceeding." *See* Ex. C. Likewise, RF offers no reason why FPI should not be permitted to pursue discovery from other non-parties, such as the broker dealers who have records of the Does' trading in FPI stock.

This is particularly true where RF's multiple motions to dismiss are unlikely to resolve this entire action. Not only do those motions lack merit, as set forth in the relevant briefing, but also because the Does did not file any motions to dismiss the claims against them. *See Thomas Trust*, 2012 U.S. Dist. LEXIS 114092, at *10-11 ("the pending dispositive motions only affect the case in part, and Plaintiff's argument that the requested discovery is also relevant to the other claims and counterclaims remaining at issue is persuasive"). And, as elaborated on *infra* at 8, RF's First Amendment and TCPA arguments are meritless now that he has admitted he was practicing commercial speech.

While RF brazenly argues that all discovery in this case should be stayed pending resolution of jurisdictional issues, RF Motion at 4-5, ECF No. 56, RF has done everything in his power to delay providing the very information that would enable this Court to ascertain whether jurisdiction exists. RF is trying to simultaneously argue that this Court should not explore the

threshold question of its own jurisdiction, *id.*, and use the Court's jurisdictional inquiries to delay any pursuit of facts relevant to the merits of this case. Until this Court determines that this case is not properly in federal court, this Court has the authority to move this case forward, and RF offers no good reason why this Court should not do so.

Finally, the remaining interests all weigh against a stay of discovery here. First, the interests of this Court will not be served by a stay, especially where this Court has already cautioned RF and his counsel for his "procedural shenanigans" and has sought to move this case forward. *See Thomas Trust*, 2012 U.S. Dist. LEXIS 114092, at *11 ("Entry of a stay may cause significant delay of the resolution of this matter, which in turn makes the Court's docket less predictable and less manageable"). Further, the interests of non-parties will be furthered by expeditious litigation. "The public interest at stake here is the same interest underlying all lawsuits: that they be resolved as fairly and quickly as possible." *Id.*

## III.   RF Does Not Have Any Privilege or Immunity Precluding Discovery.

RF's references to the First Amendment do not change the fact that RF has not carried his burden to show that a stay of discovery—described by this district as an "extreme remedy"—is justified. "When the subject of a discovery order claims a First Amendment privilege not to disclose certain information, the trial court must conduct a balancing test before ordering disclosure." *Bacon v. Archer*, No. 17-mc-00192-KLM, 2018 U.S. Dist. LEXIS 159794, at *6 (D. Colo. Sep. 17, 2018) (quoting *Grandbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987)). "'Among the factors that the trial court must consider are (1) the relevance of the evidence; (2) the necessity of receiving the information sought; (3) whether the information is available from

7

ny-1360019

other sources; and (4) the nature of the information.'" *Id.* at *6-7 (quoting *Grandbouche*, 825 F.2d at 1466).

"First, however, 'the [ ] court must determine the validity of the claimed First Amendment privilege.'" *Id.* at *7 (citation omitted). Under Tenth Circuit law, "the party claiming a First Amendment privilege in an objection to a discovery request bears the burden to make a prima facie showing of the privilege's applicability." *In re Motor Fuel Temperature Sales Practices Litig.*, 641 F.3d 470, 488 (10th Cir. 2011) (citation omitted). "Under these cases, the burden shifts to the party seeking discovery only after the party claiming the privilege makes this prima facie showing." *Id.*[1]

RF's claimed First Amendment privilege cannot save him from answering FPI's discovery requests for several reasons. *First,* RF's own statements, including to this Court, negate his claim to First Amendment protection. In particular, RF's admission that he was paid for the "research" on FPI that formed the basis for his defamatory statements about FPI undermines RF's claim to special protection under the First Amendment. *See United States v. Wenger*, 427 F.3d 840, 846 (10th Cir. 2005) (quoting *Ohralik v. State Bar Ass'n*, 436 U.S. 447, 456 (1978) (commercial speech occupies a "subordinate position in the scale of First Amendment values"). Further, as the Supreme Court has noted, "inaccurate and defamatory

---

[1] In another Colorado district court case, the court analyzed this issue under a test articulated by the SDNY, which requires the Court to consider "(1) whether Plaintiff has made a prima facie case of infringement; (2) the specificity of information sought from the ISP; (3) a lack of alternative means of obtaining that information; (4) a 'central need' for the information in order to bring the claim; and (5) the expectation of privacy held by the objecting party." *Voltage Pictures, Ltd. Liab. Co. v. Does 1-22*, No. 13-cv-01121-WYD-MEH, 2013 U.S. Dist. LEXIS 111132, at *7-8 (D. Colo. Aug. 7, 2013) (finding that the first requirement of stating a prima facie case was met where the plaintiff alleged the elements of the claim in its complaint). FPI prevails under either test.

reports of facts [are] matters deserving no First Amendment protection." *Time, Inc. v. Firestone*, 424 U.S. 448, 457 (1976). RF's Motion has done nothing to rebut these considerations, both of which have already been raised by FPI.

*Second,* RF's Motion incorrectly claims that it is FPI's burden to show that RF must be unmasked. *See* RF Mot. at 6, ECF No. 56; *see also In re Motor Fuel Temperature Sales Practices Litig.*, 641 F.3d at 488 (rejecting appellants' argument that information sought by plaintiffs should have been presumptively protected by the First Amendment and the argument that the initial burden is on the party seeking the information). RF makes these assertions by citing to out-of-circuit case law and again ignoring the relevant test for analyzing conflicts between discovery requests and First Amendment rights that has been clearly delineated by the Tenth Circuit and this Court. *See supra* at 7-8. Instead, RF has the burden of showing he is entitled to First Amendment protections, with conclusory statements being insufficient to make such a showing. *See Amaya v. Bregman*, No. 14-cv-0599 WJ/SMV, 2016 U.S. Dist. LEXIS 63588, at *20 (D.N.M. May 13, 2016) ("Because neither Defendant makes a showing (or a non-conclusory factual allegation) of a chill, the Court finds that they are not entitled to any protection that the qualified newsperson's privilege might otherwise afford").

Yet RF's Motion simply states that, because responding to FPI's discovery requests will "certainly unmask RF," he is entitled to a stay of *all* discovery. RF Mot. at 6-7, ECF No. 56. His Motion thus not only incorrectly assumes that all of the relevant discovery requests implicate his purported First Amendment rights—which they do not—but also does nothing further to prove that any First Amendment right is applicable here, contrary to the relevant case law making clear that conclusory statements are insufficient. *See, e.g., In re Motor Fuel*

9

*Temperature Sales Practices Litig.*, 641 F.3d at 490-91 ("[W]e have held that a party claiming a First Amendment chilling affect meets its burden by submitting, for example, affidavits which describe harassment and intimidation of [a group's] known members, and the resulting reluctance of people sympathetic to the goals of [the group] to associate with [it] for fear of reprisals.").

*Finally*, even if RF had met his burden in proving that the First Amendment applies to at least some of the relevant discovery—and he has not—courts have made clear that First Amendment rights often must cede to the litigation process. *See Herbert v. Lando*, 441 U.S. 153, 175 (1979) ("Evidentiary privileges in litigation are not favored, and even those rooted in the Constitution must give way in proper circumstances"); *see also Voltage Pictures*, 2013 U.S. Dist. LEXIS 111132, at *5 ("While anonymous internet speech, including file sharing, enjoys some protection under the First Amendment, protection is not absolute"). At base, numerous cases make clear that any right to anonymous internet speech is not absolute and does not shield RF from participation in discovery in a defamation lawsuit. *Id.* at *7 ("defendants' *First Amendment* right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims") (emphasis in original; citations omitted).[2]

---

[2] Even if the First Amendment applied, the currently pending discovery would be permissible under the Tenth Circuit's balancing test. *See Voltage Pictures*, 2013 U.S. Dist. LEXIS 111132, at *7. As elaborated on herein, the information sought by FPI's discovery requests is clearly relevant, necessary to FPI's claims, and unavailable from other sources. *See Carbajal v. Warner*, No. 10-cv-02862-REB-KLM, 2013 U.S. Dist. LEXIS 36864, at *9 (D. Colo. Mar. 18, 2013); *Amaya*, 2016 U.S. Dist. LEXIS 63588, at *14-15 ("Without allowing defamation plaintiffs to obtain discovery to prove this essential element of their claim [malice], liability for defamation would be completely barred"); *see also Herbert*, 441 U.S. at 173 ("in resolving the issue whether

ny-1360019

RF's arguments regarding the TCPA similarly do not exempt him from all discovery, particularly given his recent concession that his speech was compensated, and thus commercial. As explained in FPI's opposition to RF's motion for a stay, the Tenth Circuit has explicitly rejected the argument that anti-SLAPP statutes confer immunity rights that would justify a stay. *See Los Lobos Renewable Power, LLC v. AmeriCulture, Inc.*, 885 F.3d 659, 672 (10th Cir. 2018) ("Because absolutely nothing in the language of the anti-SLAPP statute exempts from liability under any circumstance one who has violated the law while petitioning a governmental body, the statute cannot constitute a grant of immunity"), *cert. denied*, 139 S. Ct. 591 (2018); *see also* Opp'n to Mot. to Stay at 9, n.5, ECF No. 59. RF's Motion conveniently ignores this binding authority and instead cites a Fifth Circuit case that came to the opposite conclusion than the Tenth Circuit. RF Mot. at 4-5, ECF No. 56. And RF's recent concession that he launched his short-and-distort attack as part of his business model removes his conduct from the purview of the TCPA and renders frivolous all arguments to the contrary. *See* RF's Resp. to Interrogs Nos. 2 & 4 at 4-5, ECF No. 55-1; *see also* Tex. Civ. Prac. & Rem. Code § 27.010(b) ("This chapter does not apply to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer"). Further, RF's argument does not offer any reason why discovery regarding the Does, including those individuals and entities RF identified in his interrogatory responses, should be stayed. RF has repeatedly stated that the Does are not authors of the Seeking Alpha Article, thereby effectively conceding that the Does have no First Amendment

---

the publication was known or suspected to be false, it is only common sense to believe that inquiry from the author, with an opportunity to explain, will contribute to accuracy").

11

rights or TCPA arguments. And those defendants have not moved for a stay of discovery, nor have they joined in RF's Motion.

## CONCLUSION

For the reasons set forth here, RF's Motion should be denied, and RF and his counsel should be subject to sanctions for frivolous motion practice.[3]

Dated: February 8, 2019

Respectfully submitted,

*/s/ Scott F. Llewellyn*
Scott F. Llewellyn
Morrison & Foerster LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, Colorado 80202-5638
Telephone: 303.592.1500
Facsimile: 303.592.1510
sllewellyn@mofo.com

Michael D. Birnbaum
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019
Telephone: 212.468.8000
Facsimile: 212.468.7900
mbirnbaum@mofo.com

*Attorneys for Plaintiff, Farmland Partners Inc.*

---

[3] Not only is RF's Motion an improper attempt to relitigate his already-briefed motion for a stay, RF Motion to Stay, ECF No. 52, but it purports to be a motion for a protective order despite failing to comply with this Court's procedures for discovery disputes. *See Thomas Trust*, 2012 U.S. Dist. LEXIS 114092, at *15-16 ("no party may file a contested discovery motion until after complying with the steps for following the undersigned's discovery dispute procedure").

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February, 2019, the foregoing opposition to RF's motion for a protective order and all attachments were electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

jchanin@fostergraham.com,
kroush@fostergraham.com,
mbrooks@fostergraham.com

*Counsel for Defendant, Rota Fortunae*

                                          */s/ Scott F. Llewellyn*
                                          Scott F. Llewellyn