| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO**<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: August 30, 2018 4:48 PM<br>FILING ID: E55BADBCBBE56<br>CASE NUMBER: 2018CV32713 |
| **Plaintiff:** FARMLAND PARTNERS INC.<br>v.<br>**Defendants:** ROTA FORTUNAE (WHOSE TRUE NAME IS UNKNOWN), JOHN/JANE DOES 2–10 (WHOSE TRUE NAMES ARE UNKNOWN) | ▲COURT USE ONLY▲ |
| *Attorneys for the Defendant(s):*<br>John A. Chanin, #20749<br>Katherine A. Roush, # 39267<br>Melanie MacWilliams-Brooks, #45322<br>FOSTER GRAHAM MILSTEIN & CALISHER, LLP<br>360 South Garfield Street, Suite 600<br>Denver, Colorado 80209<br>Phone: (303) 333-9810<br>Fax: (303) 333-9786<br>Email: jchanin@fostergraham.com, kroush@fostergraham.com<br>mbrooks@fostergraham.com, | Case Number:<br>2018CV32713<br><br>Division: 376 |

### MOTION TO RECONSIDER ORDER GRANTING SUBSTITUTED SERVICE OF FICTITIOUS DEFENDANTS JOHN/JANE DOES 2-10

Defendant "Rota Fortunae" moves to reconsider the Court's August 29, 2018 Order granting substituted service on Defendants "John/Jane Does 2-10," (the "Order") as follows:

1. On August 28, 2018, the Court granted Plaintiff's motion for substituted service on the fictitious Defendants "John/Jane Does 2-10" by serving John Chanin. At that time, the Court did not have the benefit of a response to the motion and the information set forth herein.

2. Under C.R.C.P. 4(f), substituted service is appropriate only if (1) Farmland Partners made diligent efforts to serve John/Jane Does 2-10; (2) further attempts at personal service of

John/Jane Does 2-10 would be to no avail; and (3) that the person to whom delivery of the process is directed is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective. *See Allen v. the Pinery, LLC*, No. 17-CV-00688-MSK-STV, 2017 WL 3492872, *1 (D. Colo. Aug, 15, 2017). Here, because "John/Jane Does 2-10" are purely fictitious, Plaintiff cannot establish that substituted service is appropriate.

3. John Chanin is counsel of record for the anonymous author (known as "Rota Fortunae" and referred to as such in this motion) of the publications that are the subject of Plaintiff's complaint. Upon being retained on or about August 20, 2018, on August 21, 2018, Mr. Chanin spoke to Plaintiff's counsel by phone to introduce himself. During that phone conversation, he explained that he had recently been retained and was investigating the complex and novel issues presented in this case. He further declined to identify his client on the basis of attorney-client privilege and Rota Fortunae's First Amendment right to remain anonymous. *See* **Exhibit A** (Affidavit of John Chanin) at ¶¶ 2-3.

4. The Plaintiff's complaint identifies Defendants "John/Jane Does 2-10, whose true names are unknown," as "individuals or entities who worked with or for Rota Fortunae in connection with the false and misleading statements about Farmland Partners that Rota Fortunae made publicly in an internet posting and on Twitter, including members, partners, affiliates, employees, consultants, clients, agents, and/or counsel of or for Rota Fortunae." Compl. ¶ 3.

5. In fact, Rota Fortunae is an individual and the sole author of the complained-of publication(s) that are the subject of Plaintiff's Complaint. *See* Affidavit of John Chanin at ¶ 4.

6. Rota Fortunae is an anonymous whistleblower publishing his opinions about a publicly traded company based on publicly available information. As such, he has a Constitutional

right to remain anonymous when faced with a lawsuit such as this. *See, e.g., McIntyre v. Ohio Elections Comm.,* 514 U.S. 334, 342 (1995) ("[A]n author's decision to remain anonymous . . . is an aspect of the freedom of speech protected by the First Amendment."); *Doe v. Cahill,* 884 A.2d 451, 456 (Del. 2005) (anonymous internet speech is entitled to First Amendment protections; holding before a defamation plaintiff can obtain the identity of an anonymous defendant through discovery, he must support his claims with facts sufficient to defeat summary judgment) *Cf., Tattered Cover, Inc. v. City of Thornton*, 44 P.3d 1044 (Colo. 2002).

7. There are no other persons or entities who "worked with or for Rota Fortunae in connection with" the at-issue statements about Farmland Partners. *See id.* ¶ 5.

8. Thus, service on Mr. Chanin will not "apprise [John/Jane Does 2-10] of the pendency of the action and afford them an opportunity to present their objections" as necessary for valid substituted service, *see Allen*, 2017 WL 3492872, at *1, because such defendants do not exist.

9. Mr. Chanin cannot accept service for defendants who do not exist, as he cannot inform them of the action. Thus, such service is not valid, and the Court should reconsider its Order granting substituted service for "John/Jane Does 2-10" on Mr. Chanin and issue a new Order denying same.

10. **C.R.C.P. 121 § 15-8 Certification:** After receiving a copy of the Order at 9:02 p.m. on August 29, 2018 from counsel for Plaintiff, Mr. Chanin conferred with Plaintiff's counsel regarding this motion. He explained to Plaintiff's counsel that his client is the anonymous author of the at-issue publication, known as "Rota Fortunae," and confirmed that his client in an individual and that there are no other persons or entities who worked on, with, or for

the author on the at-issue publication. Based on these representations, Mr. Chanin asked counsel for Plaintiff to withdraw its motion, or Mr. Chanin would be forced to file this request for reconsideration.  That email is attached as **Exhibit B.** Plaintiff's counsel declined to do so.

WHEREFORE, Defendant Rota Fortunae requests the Court grant an Order withdrawing its August 29, 2018 Order granted substituted service for defendants "John/Jane Does 2-10" on Mr. Chanin and denying Plaintiff's motion for substituted service.

DATED this 30th day of August, 2018.

FOSTER GRAHAM MILSTEIN & CALISHER, LLP

By: */s/      Katherine Roush*
John A. Chanin, #20749
Katherine A. Roush, # 39267
Melanie MacWilliams-Brooks, #45322
*Attorneys for Defendant Rota Fortunae*

Case 1:18-cv-02351-KLM   Document 17-2   Filed 09/14/18   USDC Colorado   Page 4 of 9

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August, 2018, a true and correct copy of the foregoing **MOTION TO RECONSIDER ORDER GRANTING SUBSTITUTED SERVICE OF FICTITIOUS DEFENDANTS JOHN/JANE DOES 2-10** was electronically filed and served via *Colorado Courts E-Filing* upon the following:

Scott F. Llewellyn
Kyle S. Pietari
Morrison & Foerster LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, Colorado 80202-5638
sllewellyn@mofo.com
kpietari@mofo.com

/s/       *Lucas Wiggins*
Lucas Wiggins

| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: August 30, 2018 4:48 PM<br>FILING ID: E55BADBCBBE56<br>CASE NUMBER: 2018CV32713 |
|---|---|
| **Plaintiff:** FARMLAND PARTNERS INC.<br>v.<br>**Defendants:** ROTA FORTUNAE (WHOSE TRUE NAME IS UNKNOWN), JOHN/JANE DOES 2–10 (WHOSE TRUE NAMES ARE UNKNOWN) | ▲COURT USE ONLY▲ |
|  | Case Number: 2018CV32713<br><br>Division: 376 |
| **AFFIDAVIT OF JOHN A. CHANIN IN SUPPORT OF MOTION TO RECONSIDER ORDER GRANTING SUBSTITUTED SERVICE ON FICTITIOUS DEFENDANTS JOHN/JANE DOES 2-10** | |

1. I am an attorney, licensed to practice law in the State of Colorado. I am employed by the law firm Foster Graham Milstein & Calisher, LLP ("FGMC").

2. I am counsel of record for Defendant "Rota Fortunae."

3. I was retained by Rota Fortunae on or about August 20, 2018 and at that time reached out to Plaintiff's counsel by phone to introduce myself. I explained that I had recently been retained and was investigating the many complex legal and factual questions raised by the Complaint. I further explained that my client's identity was protected by attorney-client privilege and the First Amendment of the U.S. Constitution, and that I could not disclose my client's identity and must guard against any allegation of inadvertent waiver of that right to remain anonymous.

4. My client "Rota Fortunae" is an individual and the sole author of the at-issue article and tweets that are the subject of the complaint.

5. There are no other persons or entities who worked on, with, or for "Rota Fortunae" with regard to the at-issue statements and tweets.

6. I do not know who the "John/Jane Doe 2-10" Defendants are, as they do not exist. If ordered to accept service on their behalf, I would not know where or to whom to provide notice.

I swear or affirm under penalty of perjury and the laws of the State of Colorado that the foregoing is true and correct.

_____
John A. Chanin, Esq.
Foster Graham Milstein & Calisher, LLP

STATE OF COLORADO )
) ss.
COUNTY OF DENVER )

Subscribed and sworn to before me by John A. Chanin, this 30 day of August, 2018.
Witness my hand and official seal.
My commission expires: 7/10/2021

_____
Notary Public

SABRINA M ROBINSON
Notary Public
State of Colorado
Notary ID # 20054008927
My Commission Expires 07-10-2021

{00614141.DOCX / 1}    2

# Katie A. Roush

| | |
|---|---|
| **From:** | John Chanin |
| **Sent:** | Thursday, August 30, 2018 9:27 AM |
| **To:** | Llewellyn, Scott F.; Birnbaum, Michael D. |
| **Cc:** | Pietari, Kyle Saari; Katie A. Roush |
| **Subject:** | FPI |

DATE FILED: August 30, 2018 4:48 PM
FILING ID: E55BADBCBBE56
CASE NUMBER: 2018CV32713

Scott,

I am writing in response to your letter of August 23.  For reasons that will become clear below, I do not believe that self-serving letters and unilateral deadlines are productive or ultimately persuasive.  Nor do I appreciate my words being taken out of context and selectively quoted.  I do not intend to argue about this, but I believe most judges would agree with me.

As I explained to you on the telephone. I am just getting up to speed on this case, and the many complex and novel legal issues it presents.  In particular, my client's First Amendment right to remain anonymous must remain paramount, and I must guard against any allegation of inadvertent waiver.  As an anonymous whistleblower publishing his opinions about a publicly traded company based on publicly available information, my client has a Constitutional right to remain anonymous when faced with a SLAPP lawsuit.  *See, e.g., McIntyre v. Ohio Elections Comm.,* 514 U.S. 334 (1995), *Doe v. Cahill,* 884 A.2d 451 (Del. 2005).  *Cf., Tattered Cover, Inc. v. City of Thornton*, 44 P.3d 1044 (Colo. 2002).  The case cited in your letter is obviously inapplicable; in that case, it is the *plaintiff* who is seeking to remain anonymous after affirmatively seeking relief in court – the exact opposite of this case.

Further, despite your urgent concern, we are months away from a case management conference.  As I explained to you on the telephone, I undoubtedly will be filing a motion to dismiss based on numerous grounds, including lack of personal jurisdiction, lack of sufficient service of process, failure to state a claim(s), and under the anti-SLAPP protections of *Protect Our Mountain Environment v. District Court,* 677 P.2d 1361 (Colo. 1984).

Regarding your premature and unnecessary motion for substituted service on the "John Doe" defendants, I can confirm that there are no other persons or entities who worked on, with, or for the author of the relevant article and tweets.  My sole client and the sole author of the complained of statements is an individual whistleblower who published his opinions based on his review and collection of publicly available information and records.  In making that representation, and in my prior conversation with you, I am mindful of my duty to protect client confidentiality and that the basis of my knowledge is attorney-client privileged communications.  Perhaps I am old fashioned, but I believe an attorney should not prematurely reveal who, or even how many, clients he may have.

I understand from an email at 9:02 pm last night that the Court granted your motion for substituted service on the John Doe defendants.  Because I do not know who those "defendants" may be, and I do not represent them whoever they are, I request that you withdraw your motion by Noon today.  If not, I will be forced to file a motion to reconsider the order and inform the Court that I cannot accept service for defendants who do not exist.  Please let me know.

Best regards,

John

**John A. Chanin**
**Partner**
**Foster Graham Milstein & Calisher, LLP**
360 South Garfield Street | Suite 600

**EXHIBIT B**

Denver, CO 80209
**Main:** 303-333-9810
**Direct:** 303-962-7092
**Fax:** 303-333-9786
jchanin@fostergraham.com
[Fostergraham.com](Fostergraham.com)



DENVER - BOULDER

    

Confidentiality Notice and Disclaimer:  The information contained in this e-mail may contain privileged and/or confidential information intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, copying or other use of this e-mail is strictly prohibited.  If you have received it in error, please immediately notify us by telephone (303-333-9810) or e-mail, and delete this message.  Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received, it is the responsibility of the recipient to ensure it is virus free and no responsibility is accepted by Foster Graham Milstein & Calisher, LLP for any loss or damage arising in any way from its use.

2