| | | |
|---|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO <br><br> Court Address:    Denver City and County Building <br>                      1437 Bannock Street <br>                      Denver, Colorado 80202 | DATE FILED: September 7, 2018 4:30 PM <br> FILING ID: 3A38AA71BA909 <br> CASE NUMBER: 2018CV32713 | |
| **Plaintiff:**    **FARMLAND PARTNERS INC.** <br><br> v. <br><br> **Defendants:**    **ROTA FORTUNAE (WHOSE TRUE NAME IS UNKNOWN), JOHN/JANE DOES 2–10 (WHOSE TRUE NAMES ARE UNKNOWN)** | ▲ **COURT USE ONLY** ▲ | |
| Attorneys for Plaintiff: <br><br> Scott F. Llewellyn <br> Email: sllewellyn@mofo.com <br> Atty. Reg. #: 34821 <br><br> Kyle S. Pietari <br> Email: kpietari@mofo.com <br> Atty. Reg. #: 50157 <br><br> Morrison & Foerster LLP <br> 4200 Republic Plaza <br> 370 Seventeenth Street <br> Denver, Colorado 80202-5638 <br> Telephone: 303.592.1500 <br> Facsimile: 303.592.1510 | Case No.: **2018CV32713** <br><br><br> Division: 376 | |
| **PLAINTIFF'S RESPONSE TO DEFENDANT ROTA FORTUNAE'S MOTION TO RECONSIDER ORDER GRANTING SUBSTITUTED SERVICE OF JOHN/JANE DOES 2–10** | | |

Plaintiff Farmland Partners Inc. ("Farmland Partners") hereby responds to Defendant Rota Fortunae's Motion to Reconsider Order Granting Substituted Service of John/Jane Does 2–10 ("Motion to Reconsider"):

1. As set forth in Farmland Partners' Complaint, John/Jane Does 2–10 (the "Does") are individuals or entities who, with Defendant Rota Fortunae, were part of a "short and distort" attack on Farmland Partners, including the publication of false and misleading statements about the company on the internet and on Twitter, from which they profited. Having failed to evade service itself, Rota Fortunae now seeks to help its co-conspirators to evade service.

2. As a threshold matter, in Colorado, "[m]otions to reconsider . . . are disfavored." C.R.C.P. 121 § 1-15(11). "A party moving to reconsider must show more than a disagreement with the court's decision. Such a motion must allege a manifest error of fact or law that clearly mandates a different result or other circumstance resulting in manifest injustice." *Id.* The Motion to Reconsider makes no such showing. To the contrary, the Court's Order was amply supported, regardless of whether Mr. Chanin currently represents the Does.

3. As Farmland Partners' August 28, 2018 Motion to Allow Substituted Service on the Does (the "Motion for Service") set forth in greater detail, on July 9, 2018, Mr. Matthew Mitzner, prior counsel for Rota Fortunae, wrote Farmland Partners on behalf of "a *group* of investors" who "have prepared and anticipate publishing an article." (Mot. for Service ¶ 7 (emphasis added).)

4. That "article," which was published on July 11, 2018, as an internet posting on the website Seeking Alpha under the byline "Rota Fortunae," repeatedly described the authors

in the plural ("we") and referred to Rota Fortunae's "members, partners, affiliates, employees, and/or consultants" and "clients." (*Id.* ¶ 9.) For example, the posting time and again spoke of what "we found," "[w]e believe," "[w]e know," and "[w]e think," and presented "[o]ur research," and "our opinion," thereby repeatedly indicating the involvement of multiple individuals.

5. In a subsequent email, Mr. Michael Stockham, then-counsel for Mr. Mitzner, similarly referenced multiple clients of Mr. Mitzner on whose behalf Mr. Mitzner wrote his July 9 letter to Farmland Partners. (Mot. for Service ¶ 12.)

6. Rota Fortunae added to the chorus when, in acknowledging the filing of the Complaint in this matter, it announced via Twitter that Farmland Partners "is suing *us*." (Ex. A to Aff. from Kyle Pietari in Support of Plaintiff's Motion for Substituted Service, August 7, 2018 (emphasis added).)

7. On August 20, Mr. Chanin sent Farmland Partners' counsel an email stating that he would "be representing Mr. Mitzner and his *clients* in this matter." (Mot. for Service ¶ 17 (emphasis added).)

8. On August 21, Mr. Chanin conferred with counsel for Farmland Partners regarding, among other issues, service of process on his clients other than Rota Fortunae (which had already been served pursuant to the Court's earlier order on substituted service). Mr. Chanin stated that he was not authorized to accept service for any Doe Defendants, without in any way indicating that they did not exist, that he did not represent them, or that he could not contact them. (Mot. for Service ¶ 18.)

2

dn-200984

9. On August 23, counsel for Farmland Partners sent a letter to Mr. Chanin requesting that the Does reconsider permitting Mr. Chanin to accept service of process on their behalf, as their counsel, and stating that Farmland Partners planned to move for substituted service on the Does in this lawsuit, via delivery to Mr. Chanin, if the Does would not authorize him to accept service on their behalf. (Mot. For Service ¶ 19.)

10. Farmland Partners' letter asked Mr. Chanin to state his position on such a motion by close of business on Monday, August 27, 2018. (Mot. for Service ¶ 19.) Mr. Chanin did not respond, not even to ask for more time, let alone to clarify (as he now asserts) that he does not represent the Does.

11. Given the absence of any response to its letter, Farmland Partners filed its Motion for Service on August 28, in hopes of promptly advancing this litigation so that the parties may proceed with discovery and litigate the case on the merits. After the Court granted the motion, Farmland Partners promptly served the Does as ordered by the Court.

12. At 9:27 a.m. on August 30, Mr. Chanin sent an email to Farmland Partners' counsel demanding that Farmland Partners withdraw the already-granted motion by noon the same day. Counsel for Farmland Partners replied that it would respond by close of business, which it did in a letter that was not attached to the Motion to Reconsider. That letter (attached hereto as Exhibit A) explained the reasons Farmland Partners had understood Mr. Chanin to represent the Does (including Mr. Chanin's, Mr. Mitzner's, and Rota Fortunae's own statements), summarized the basis for Farmland Partners' reasonable belief that collaborators with Rota Fortunae would be reasonably apprised of this action through Mr. Chanin (if any were not already aware of this action), and declined to withdraw the already-granted motion, in part

3

dn-200984

because service had already been completed pursuant to the Court's Order. Approximately two hours later, Rota Fortunae filed its Motion to Reconsider.

13. As has already been established in this case, substituted service is appropriate where a plaintiff made diligent efforts to serve defendants, further attempts would be futile, and the person to whom delivery of process is directed is reasonably calculated to give actual notice to the party upon whom service is to be effective.

14. The Motion to Reconsider does not dispute that Farmland Partners made diligent efforts to serve the Defendants other than Rota Fortunae, or that further service attempts by Farmland Partners would be futile. And service on Mr. Chanin is reasonably calculated to give actual notice to the Does, because even if Mr. Chanin is no longer counsel to the Does, he remains counsel to Rota Fortunae, the Defendant with whom the Does are alleged to have collaborated, and also to Matthew Mitzner, Rota Fortunae's erstwhile counsel who told Farmland Partners that he represented Rota Fortunae *and* those working with Rota Fortunae in drafting and publishing the defamatory statements at issue.

15. The standard for substituted service is not whether Mr. Chanin is the perfect vehicle to guarantee actual service on all parties. Substituted service is instead intended for situations in which a defendant cannot be served personally, but process can be delivered to someone able to provide notice. *See Minshall v. Johnston*, 417 P.3d 957, 960 (Colo. App. 2018) ("Rule 4(f) recognizes that sometimes it will be difficult, if not impossible, to obtain personal service on a defendant. Thus, the rule prescribes an alternative method to effectuate service."). As a person who, at the very least, represents the Defendant at the center of the conspiracy at issue here, Mr. Chanin can easily ensure any Does not already on notice of this

4

matter are made aware of it via his client, Rota Fortunae, who worked with or for those Does. Accordingly, service through Mr. Chanin was reasonably calculated to give notice of this lawsuit to the Does.

16. Given Rota Fortunae's own Twitter posting about this lawsuit, Farmland Partners' service on Rota Fortunae (through Mr. Mitzner), and the entry of an appearance by counsel in this matter, it is extremely likely that all of the Does are already on notice of this litigation. Accordingly, the goal of reasonable notice to the Does has already been accomplished regardless of whether Mr. Chanin currently represents the Does or only Rota Fortunae. Further, because Rota Fortunae is a party actively engaged in this case, it is one through which notice is reasonably calculated to reach Rota Fortunae's co-conspirators. The requirements for substituted service demand far less than what has been accomplished by Farmland Partners, and ordered by this Court.

17. The only support Rota Fortunae offers for its Motion to Reconsider is an affidavit from counsel stating (among other things) that "'Rota Fortunae' is an individual and the sole author of the at-issue article and tweets that are the subject of the complaint," and "[t]here are no other persons or entities who worked on, with, or for 'Rota Fortunae' with regard to the at-issue statements and tweets." (Affidavit of John A. Chanin in Support of Motion to Reconsider Order Granting Substituted Service of Fictitious Defendants John/Jane Does 2–10 ¶¶ 4–5.) Mr. Chanin does not have personal knowledge regarding Rota Fortunae's activities prior to his engagement as counsel in this matter. Instead, he can only be relying on information provided by Rota Fortunae, Mr. Mitzner, or others. Mr. Chanin's affidavit omits the source for his statements or why he finds that source trustworthy given that he has just recently been

retained.  In any event, the affidavit cannot support the relief requested, particularly where it is contradicted by the prior statements of Rota Fortunae and its counsel regarding those working with or for Rota Fortunae (*e.g.*, the numerous references to other "investors" and "clients" referenced above).

19. Further, Mr. Chanin's affidavit does not address the claims in the Complaint against Defendants engaged in the short and distort attack whose culpability stems from acts beyond drafting or publishing the defamatory, false, and misleading posting at issue in this case.

19. Any such non-author Doe Defendants would have no claim to anonymity under the First Amendment.  And even the Does who did collaborate with Rota Fortunae in drafting or publishing such falsehoods would not be entitled to the First Amendment protection claimed in the Motion to Reconsider.  The decision in *McIntyre v. Ohio Elections Commission*, 514 U.S. 334 (1995), cited in the Motion to Reconsider, bears no resemblance to this case.  In *McIntyre*, the Court protected the anonymity of the distributors of campaign pamphlets because those publications constituted "core political speech," which demanded "exacting scrutiny."  514 U.S. at 347.  This matter, by contrast, involves an illegal short and distort scheme that is entitled to no such protection.  While this issue will likely be litigated on full briefing soon, it is black letter law that the defamatory speech at issue here is not entitled to First Amendment protection.  *See Lawson v. Stow*, 327 P.3d 340, 348 (Colo. App. 2014) (to retain constitutional protection, speech "must not contain a provably false factual connotation or, if it does, it must not be such that it could reasonably be interpreted as stating actual facts").[1]

---

[1] The Motion to Reconsider's invocation of the attorney-client privilege as a basis to conceal the identity of any attorney's client is also contrary to well-established law. *See Wesp v. Everson*, 33

6

dn-200984

20. Farmland Partners does not dispute whether Mr. Chanin knows who his current client is for purposes of this litigation. But Rota Fortunae's Motion to Reconsider and Mr. Chanin's affidavit both ignore the distinction between who Mr. Chanin represents in this litigation and what Rota Fortunae and others did to harm Farmland Partners, hard-working farmers, and innocent investors who rely on the integrity of the public markets. Mr. Chanin's affidavit cannot conclusively resolve any dispute, including the important factual question of whether Rota Fortunae worked alone in executing its illegal short and distort scheme — and if not alone, how many and which people conspired with it, including those who traded with knowledge of the short and distort scheme and profited thereby. That is an issue for resolution via discovery, rather than motion practice regarding service. *See, e.g.*, *Colo. Gen. Assembly v. Lamm*, 700 P.2d 508, 531 (Colo. 1985) (declining to prematurely decide "a factual question which should not be answered without the benefit of a fully developed factual record.").

21. Finally, it is worth noting that Rota Fortunae's filing of a motion to reconsider as to service on the Doe Defendants is itself a reason to deny the relief requested. Mr. Chanin attests that his sole current client in this matter is Rota Fortunae. But Rota Fortunae has no legitimate interest in trying to block substituted service on the Does. Rota Fortunae's improper effort to remain anonymous, yet speak to this Court through counsel, in an attempt to help its co-conspirators evade service and avoid justice should not be countenanced.

22. Rota Fortunae's Motion to Reconsider should be denied and this case should be delayed no further.

---

P.3d 191, 199 n.15 (Colo. 2001) ("an attorney generally may not refuse to answer questions about the identity of a client").

7

dn-200984

Dated: September 7, 2018

Respectfully submitted,

S/ Scott. F. Llewellyn
Scott F. Llewellyn (Reg. No. 34821)
Kyle S. Pietari (Reg. No. 50157)

Morrison & Foerster LLP

Attorneys for Plaintiff
Farmland Partners Inc.

Address of Plaintiff:

Farmland Partners Inc.
4600 South Syracuse Street
Suite 1450
Denver, Colorado 80237

Case 1:18-cv-02351-KLM Document 17-3 Filed 09/14/18 USDC Colorado Page 9 of 13

8

dn-200984

# CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September, 2018, a true and correct copy of the foregoing Response to Defendant Rota Fortunae's Motion to Reconsider Order Granting Substituted Service Of John/Jane Does 2–10 was electronically filed via Colorado Courts E-Filing upon the following:

John A. Chanin
Katherine A. Roush
Melanie MacWilliams-Brooks
FOSTER GRAHAM MILSTEIN & CALISHER, LLP
360 South Garfield Street, Suite 600
Denver, Colorado 80209
jchanin@fostergraham.com
kroush@fostergraham.com
mbrooks@fostergraham.com

Dated: September 7, 2018

          Respectfully submitted,

          S/ Kyle S. Pietari
          Scott F. Llewellyn (Reg. No. 34821)
          Kyle S. Pietari (Reg. No. 50157)

          Morrison & Foerster LLP

          Attorneys for Plaintiff
          Farmland Partners Inc.

Address of Plaintiff:

Farmland Partners Inc.
4600 South Syracuse Street
Suite 1450
Denver, Colorado 80237

9

dn-200984

**EXHIBIT A**

DATE FILED: September 7, 2018 4:30 PM
FILING ID: 3A38AA71BA909
CASE NUMBER: 2018CV32713

# MORRISON | FOERSTER

4200 REPUBLIC PLAZA
370 SEVENTEENTH STREET
DENVER
COLORADO 80202-5638

TELEPHONE: 303.592.1500
FACSIMILE: 303.592.1510

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

August 30, 2018

Writer's Direct Contact
+1 (303) 592.2204
SLlewellyn@mofo.com

BY EMAIL

John A. Chanin
Foster Graham Milstein & Calisher, LLP
360 South Garfield Street
Suite 600
Denver, CO 80209

jchanin@fostergraham.com

Re: *Farmland Partners Inc. v. Rota Fortunae (Whose True Name Is Unknown), John/Jane Does 2–10 (Whose True Names Are Unknown)*, 2018-CV-32713

Dear Mr. Chanin:

I write in response to your email from this morning, August 30, 2018, in which you requested that we withdraw our motion for substituted service on the Doe defendants. Given that the motion was already granted and service was already complete pursuant to the Court's order prior to our receipt of your email, there is nothing to withdraw.

Further, while you now indicate that you represent only one Defendant (the author Rota Fortunae), prior communications from Rota Fortunae and its counsel repeatedly referenced multiple individuals working with or for Rota Fortunae, all of whom are Defendants in this matter. For example:

- On July 9, counsel for Rota Fortunae Matthew Mitzner sent a letter to Farmland Partners stating that he represented "a *group* of investors" (emphasis added), not just an individual author, and that "*they* have prepared and anticipate publishing an article."
- On July 11, Rota Fortunae's posting on Seeking Alpha stated that readers "should assume" that Rota Fortunae's "members, partners, affiliates, employees, and/or consultants" and "clients" had short positions in Farmland Partners' stock as of the date of the posting's publication.

dn-200960

MORRISON | FOERSTER

John A. Chanin
August 30, 2018
Page Two

- On July 20, Michael Stockham, counsel for Rota Fortunae's counsel Mr. Mitzner, referenced Mr. Mitzner's "*clients*," on whose behalf Mr. Mitzner wrote a letter to Farmland Partners (emphasis added).

Additionally, your communications to us also indicated that you represented multiple individuals:

- On August 20, you said in an email that you would "be representing Mr. Mitzner and his *clients* in this matter" (emphasis added).
- On August 21, you told us in a phone call that you were not authorized to disclose the identities of any "defendants" in this lawsuit, or accept service on behalf of any "defendants" in this lawsuit, rather than specifying that you represented only an individual author (as you now indicate in your email).

Accordingly, our motion for substituted service was consistent with the evidence regarding the existence of multiple individuals working with or for Rota Fortunae, or otherwise responsible for the harm caused to our client. Of course, we understand that you may reserve the right to put on evidence in an attempt to show that the individual author you represent acted alone, notwithstanding his statements and those of his former and current counsel. And if there are efficient ways to streamline this case, we are willing to discuss proffers of evidence to obviate the need to pursue certain Defendants or claims. But that has nothing to do with our following the Court's directive to promptly complete service and work towards a case management order. We will not withdraw our motion.

Finally, any misunderstanding regarding the scope of your representation is attributable to your failure to respond to our letter until not only after we filed the motion for substituted service, but also after the Court granted it. As you know, in our August 23 letter, we requested that you state your position on such a motion by close of business on August 27. Because you did not respond by August 27 as requested — even if only to request additional time to consider your position — we properly filed the relevant motion on August 28, accurately presenting the course of the parties' conference regarding the motion to the Court. Your email sent after the Court granted the motion and we completed service as ordered obviously came too late for any consideration, let alone reflection, in the already-filed motion and attached materials.

Sincerely,

/s/ Scott F. Llewellyn
Scott F. Llewellyn

dn-200960