| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO**<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: September 11, 2018 4:30 PM<br>FILING ID: A6E365AD9268F<br>CASE NUMBER: 2018CV32713 |
| **Plaintiff:** FARMLAND PARTNERS INC.<br>v.<br>**Defendants:** ROTA FORTUNAE (WHOSE TRUE NAME IS UNKNOWN), JOHN/JANE DOES 2–10 (WHOSE TRUE NAMES ARE UNKNOWN) | ▲COURT USE ONLY▲ |
| *Attorneys for the Defendant Rota Fortunae:*<br>John A. Chanin, #20749<br>Katherine A. Roush, # 39267<br>Melanie MacWilliams-Brooks, #45322<br>FOSTER GRAHAM MILSTEIN & CALISHER, LLP<br>360 South Garfield Street, Suite 600<br>Denver, Colorado 80209<br>Phone: (303) 333-9810<br>Fax:    (303) 333-9786<br>Email: jchanin@fostergraham.com, kroush@fostergraham.com<br>mbrooks@fostergraham.com, | Case Number:<br>2018CV32713<br><br>Division:   376 |
| **REPLY IN SUPPORT OF MOTION TO RECONSIDER ORDER GRANTING SUBSTITUTED SERVICE OF FICTITIOUS DEFENDANTS JOHN/JANE DOES 2-10** | |

Plaintiff Farmland Partners, Inc.'s ("FPI") Response fails to demonstrate that the Order for substituted service on the fictitious Doe defendants should not be reconsidered, for the following reasons.

1.    First and foremost, Mr. Chanin's sworn statement alone defeats FPI's argument that serving Mr. Chanin on behalf of the non-existent Doe defendants is "reasonably calculated, under all the circumstances, to apprise the [Does] of the pendency of the action and afford them an opportunity to present their objections." *Cf.* Rule 4(f); *Willhite v. Rodriguez-Certa*, 274 P.3d

1233, 1240 (Colo. 2012). Mr. Chanin has averred that his client Rota Fortunae is an individual and no other person or entity worked for or on the at-issue statements. Because there are no "Doe" defendants, if Mr. Chanin is ordered to accept service on the alleged Does' behalf, he "would not know where or to whom to provide notice." Chanin Aff. ¶ 6.

2. It should go without saying that Mr. Chanin cannot give notice to nonexistent individuals or entities. And, if he can't give notice to these nonexistent individuals or entities, substituted service on him on behalf of the alleged "Doe" defendants is improper under Rule 4(f). Substituted service must satisfy due process, and due process requires notice. *See Willhite*, 274 P.3d at 1241 (due process requires that substituted service "is reasonably calculated to give actual notice to defendants").

3. Second, FPI itself concedes it does not even know **if** there are additional Defendants in this case. *See* Response at ¶ 20 (there is "an important factual question of whether Rota Fortunae worked alone[,] and if not alone, [with] how many and which people[.]"). FPI even argues that this "important" issue should be resolved later via discovery, not motions practice regarding service. So in short, FPI wants to first serve individuals it is not sure even exist, and then conduct discovery to determine if such individuals do in fact exist. This is nonsensical and puts the cart before the horse.

4. FPI is thus effectively arguing that Mr. Chanin—counsel for Rota Fortunae—has the burden of first identifying possible additional Defendants and then notifying them of the lawsuit. Not only is this beyond the scope of C.R.C.P. 4(f)'s requirements (which requires only that person receiving substituted service notify the defendant), but it is quite clearly not defense

{00617541.DOCX / 3 } 2

counsel's job; it is Plaintiff's burden to determine if there are additional potential defendants, and then to decide whether or not to sue them.

5.  Third, FPI's suggestion that Mr. Chanin's affidavit is not trustworthy is unpersuasive at best. Rather than accept as true sworn testimony from an officer of the Court, FPI instead relies on "prior [unsworn] statements of Rota Fortunae and its counsel" such as the word "clients" or the use of "we" in the article, Resp. ¶¶ 3-7, 17, and Mr. Chanin's non-response to an arbitrary deadline set by counsel for FPI asking if the alleged "Does" would reconsider authorizing Mr. Chanin to accept service on their behalf. These previous unsworn, ambiguous references to "clients" are neither binding nor problematic. Mr. Chanin (and previous counsel) have an ethical obligation to preserve client confidences, including, in this context, the identity— and even number—of clients, in discussions with opposing counsel. Now, Mr. Chanin's affidavit is the only binding evidence before the Court.

6.  Rota Fortunae also has a Constitutional right to remain anonymous and keep its singular or plural nature ambiguous. *See, e.g., Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088, 1092, 1097 (W.D. Wash. 2001) ("Internet anonymity facilitates the rich, diverse, and far-ranging exchange of ideas[;] . . . the constitutional rights of Internet users, including the First Amendment right to speak anonymously, must be carefully safeguarded."). Rota Fortunae worked to maintain that anonymity by using, at various times, both the singular "I" (such as in the disclaimers in the at-issue article) and the plural "we," such as in the body of the article and later. This right to anonymity is even more important when the author is an SEC whistleblower regarding a publicly traded company.

7.      FPI incorrectly castigates Rota Fortunae for using anonymity to evaluate FPI's stock value based on FPI's own publicly available information. But unflattering reviews of publicly traded companies using publicly available information are not only welcomed by the law, they are encouraged. *See, e.g., Reliance Ins. Co. v. Barron's*, 442 F. Supp. 1341 (S.D.N.Y. 1977). There, the Southern District of New York addressed the value of someone who is in the business of evaluating publicly disclosed accounting documents (as Rota Fortunae is) to the market:

> The public interest is served equally when reporters find a "Deep Throat" in the executive suite, and when an accounting professor spotlights for the financial press, in common language, business dealings he regards as improper, improvidence, or unfair to investors. Whether his conclusions are right is to be resolved generally in the free marketplace of ideas.

*Id.* at 1349. In fact, it is precisely **because** Rota Fortunae's speech involved a publicly traded company that it is protected under the First Amendment. *Id.*

8.      Fourth, from the beginning of this litigation, FPI has acted as though it is a foregone conclusion that the comments made in the July 11th report on SeekingAlpha.com are false and defamatory as a matter of law. Yet FPI's own conduct belies its rhetoric. Not once has FPI suggested that it has sought legal relief to have SeekingAlpha take down the published piece. Not once has FPI informed this Court that the website selected the article as an "Editor's Choice" for the website--which it remains to this day. Rota Fortunae is an SEC whistleblower on a publicly traded company (which only highlights the absurdity of FPI's claims of illegal market manipulation) and is entitled to robust First Amendment protections. FPI must meet a stringent burden of proof before it can demonstrate that Rota Fortunae's comments were defamatory, and therefore, that Rota Fortunae cannot avail itself of its constitutional right to remain anonymous.

{00617541.DOCX / 3 }                                   4

*See Doe v. Cahill*, 884 A.2d 451, 457 (Del. 2005) ("[A] defamation plaintiff must satisfy a "summary judgment" standard before obtaining the identity of an anonymous defendant."). By trying to serve alleged defendants before even determining if such defendants even exist, FPI is trying to avoid having to meet this burden.

9. Finally, FPI belatedly attempts to argue that the erstwhile "Doe" defendants also include individuals who may have taken a short position on FPI's stock. This argument contradicts FPI's own description of the Doe Defendants in its Complaint. FPI identifies "John/Jane Does 2-10, whose true names are unknown," as "individuals or entities who worked with or for Rota Fortunae in connection with the false and misleading statements about Farmland Partners that Rota Fortunae made publicly in an internet posting and on Twitter, including members, partners, affiliates, employees, consultants, clients, agents, and/or counsel of or for Rota Fortunae." Compl. ¶ 3. This description notably does not include individuals who may have had a short position on FPI's stock, and FPI's attempt to shoehorn additional alleged defendants as "Doe" Defendants should fail.

10. FPI's argument that the fictitious Doe Defendants also include investors further improperly places the burden on Rota Fortunae's counsel to determine if such individuals exist and if they are proper defendants. Again, this is not Defense counsel's burden. Mr. Chanin has determined that Rota Fortunae—who wrote the article on SeekingAlpha—is an individual and there are no other individuals or entities who worked with or for Rota Fortunae on the at-issue statements.

11. As FPI's Response and Exhibit A to the Response indicate, the parties conferred thoroughly on the relief requested in Rota Fortunae's motion to reconsider. FPI objected to the

relief requested in the motion to reconsider because FPI believes that the Order granting substituted service was proper.

WHEREFORE, Defendant Rota Fortunae requests the Court grant an Order withdrawing its August 29, 2018 Order granted substituted service for defendants "John/Jane Does 2-10" on Mr. Chanin and denying Plaintiff's motion for substituted service.

DATED this 11th Day of September, 2018.

FOSTER GRAHAM MILSTEIN & CALISHER, LLP

By: */s/    Katherine Roush*
John A. Chanin, #20749
Katherine A. Roush, # 39267
Melanie MacWilliams-Brooks, #45322
*Attorneys for Defendant Rota Fortunae*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th Day of September, 2018, a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO RECONSIDER ORDER GRANTING SUBSTITUTED SERVICE OF FICTITIOUS DEFENDANTS JOHN/JANE DOES 2-10** was electronically filed and served via *Colorado Courts E-Filing* upon the following:

Scott F. Llewellyn
Kyle S. Pietari
Morrison & Foerster LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, Colorado 80202-5638
sllewellyn@mofo.com
kpietari@mofo.com

/s/      *Lucas Wiggins*
Lucas Wiggins