## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

CASE NO. 1:18-cv-02351-KLM

FARMLAND PARTNERS, INC.,

      Plaintiff,

v.

ROTA FORTUNAE (WHOSE TRUE NAME IS UNKNOWN), JOHN/JANE DOES 2-10 (WHOSE TRUE NAMES ARE UNKNOWN),

      Defendants.

---

### ROTA FORTUNAE'S SUPPLEMENT TO HIS DISCOVERY RESPONSES

---

Per the Court's Order (Doc. No. 69), Defendant Rota Fortunae ("RF") hereby submits the following Supplement to his interrogatory responses.

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

In the Court's March 5, 2019 Minute Order, the Court ordered RF to "supplement his interrogatory responses with respect to the company previously identified[.]" RF therefore supplements as follows. In so supplementing, RF make the following objections:

1.    In supplementing his interrogatory responses, RF explicitly does not concede that the interrogatories seek information that is relevant to the question of whether the Court has subject matter jurisdiction over this matter. To the contrary, the information sought by the interrogatories has no bearing on the jurisdictional analysis.

2.    In supplementing his interrogatory responses, RF explicitly reserves and does not waive any arguments that discovery is stayed and/or improper under the Texas Citizens Participation

{00677153.DOCX / 1 }            1

**EXHIBIT A**

Act. RF's supplemental response is made expressly subject to and without waiving or intending to waive any objection as to the competency, relevancy, or admissibility of any of the responses given herein.

3.      No incidental or implied admissions are intended by any statement herein. RF supplements his interrogatory responses based on his understanding and reasonable interpretation of the interrogatories.

4.      In supplementing his interrogatory responses, RF expressly does not waive his First Amendment rights, including his First Amendment right to anonymity. RF's responses are made expressly subject to and without waiving or intending to waive any of his First Amendment rights, and he provides the information because of the threat of contempt.

5.      RF further objects that Plaintiff Farmland Partners, Inc. has not properly sought, nor has the Court addressed, the requisite standard for permitting any discovery while the motion (or any appeal of it) is pending, i.e., that the party seeking discovery show good cause for a request for specific and limited discovery relevant only to the dismissal motion.

### SUPPLEMENT TO RESPONSES

INTERROGATORY NO. 4: Identify all Persons who have provided to You, or received from You, any direct or indirect benefits Relating to Your role in researching, drafting, or disseminating the Seeking Alpha Article, including paying attorney fees, and describe the benefit provided or received.

SUPPLEMENTED RESPONSE: RF incorporates his general objections above. RF also incorporates his specific objections, made in his initial interrogatory responses (Doc. No. 55-1), as well as his initial interrogatory responses, as though restated herein.

Subject to and without waiving the foregoing objections, RF supplements his response as follows:

The Company (identified in RF's interrogatory responses at Doc. No. 55-1) is a Texas Limited Partnership. The Company is comprised of one (1) general partner and zero (0) limited partners. The general partner is a Texas limited liability company whose only member is Person B (as identified in RF's interrogatory responses) who is resides in Texas and is a Texas citizen.

Under common federal law, for purposes of determining diversity under the federal diversity statute, 28 U.S.C. § 1332(a), a limited partnership, as an unincorporated association, is not in its own right a "citizen" of the State that created it. *Carden v. Arkoma Associates,* 494 U.S. 185 (1990). A federal court must "look to the citizenship of a partnership's limited, as well as its general, partners to determine whether there is complete diversity." *Id.* Likewise, because a limited liability company is an unincorporated association, "in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1237–38 (10th Cir. 2015); *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members.").

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing answers to interrogatories are true and correct.



, aka Rota Fortunae

Respectfully submitted as to the objections and caselaw this 19th day of March, 2019.

/s/ *John A. Chanin*
John A. Chanin
Katherine Roush
Melanie MacWilliams-Brooks
FOSTER GRAHAM MILSTEIN & CALISHER, LLP

360 South Garfield Street, 6th Floor
Denver, Colorado  80209
*jchanin@fostergraham.com*
*kroush@fostergraham.com*
*mbrooks@fostergraham.com*
Phone:  303-333-9810
Facsimile: 303-333-9786
*Attorneys for Defendant Rota Fortunae*

.

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th Day of March, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, and served via ECF to the following:

Scott F. Llewellyn
Kyle S. Pietari
Morrison & Foerster LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, Colorado 80202-5638
sllewellyn@mofo.com
kpietari@mofo.com

and

Michael D. Birnbaum
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
mbirnbaum@mofo.com

*/s/      Lucas Wiggins*
Lucas Wiggins