IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:18-cv-02351-KLM

FARMLAND PARTNERS, INC.,

    Plaintiff,

v.

ROTA FORTUNAE (WHOSE TRUE NAME IS UNKNOWN), JOHN/JANE DOES 2-10 (WHOSE TRUE NAMES ARE UNKNOWN),

    Defendants.

## MOTION FOR A PROTECTIVE ORDER PURSUANT TO F.R.C.P. 26(c) AND/OR TO QUASH A SUBPOENA PURSUANT TO F.R.C.P. 45

Defendant Rota Fortunae ("RF") through his undersigned counsel, respectfully moves the Court for a protective order under F.R.C.P. 26(c) forbidding third party Goldman Sachs from responding to a subpoena *duces tecum* served by Plaintiff Farmland Partners, Inc. ("FPI") and/or to quash the subpoena under F.R.C.P. 45, for two reasons.

First, the procedural posture of this case warrants an order quashing the third-party subpoena. RF is appealing the Court's denial of its motion to dismiss under the Texas Citizens Participation Act ("TCPA"), which stays the district court case automatically, including discovery. (*See* Doc. No. 52). Further, there is a fully-briefed motion to stay the case pending that appeal (Doc. No. 52) as well as a fully-briefed motion to stay all discovery (Doc. No. 56). The latter two motions were necessary due to FPI's refusal to cease discovery efforts targeting RF's identity while the appeal is pending and while this Court is divested of jurisdiction.

Notwithstanding the foregoing, FPI continues to press forward with merits discovery. On April 10, 2019, FPI served third-party Goldman Sachs & Co, LLC[1] with a subpoena duces tecum, seeking (1) "all Documents regarding trading in Farmland Partners, Inc. securities on July 11, 2018, by or through Goldman Sachs & Co, LLC" and (2) "All documents regarding transactions in short-dated puts in Farmland Partners Inc. securities from June 1, 2018 through July 15, 2018 by or through Goldman Sachs & Co., LLC."  This subpoena is improper due to the Court's lack of jurisdiction over this case while the appeal is pending and because the Court has not ruled on the two motions to stay.

Second, the subpoena should be quashed because it seeks information that may reveal RF's identity in violation of his First Amendment right to anonymity. While RF does not know what information, if any, Goldman Sachs has on trades regarding FPI on the specified days, it is likely that Goldman Sachs has information that includes RF's real identity, or information that leads directly to RF's real identity. That is because Goldman Sachs is involved in a significant percentage of all options trading that occurs on major stock exchanges. FPI should not be able to circumvent its burden of demonstrating it has meritorious claims against RF by seeking his identity from third-party sources such as Goldman Sachs.

Despite RF's repeated arguments that discovery is and should be stayed (*see* Doc. Nos. 52, 56, 64 and 68), FPI continues to take the position that it can move forward with discovery. The parties have conferred in good faith on the relief RF seeks in this motion, namely, a delay in any

---

[1] FPI also served a subpoena on the SEC, seeking "All Documents reflecting trading in Farmland Partners Inc. (trading on the New York Stock Exchange as 'FPI'), including any options relating to FPI and any 'blue sheets' reflect such trading" from June 1, 2018 to July 15, 2018, and a FOIA request seeking the same information. The SEC objected to FPI's subpoena on April 12, 2019 and thus the SEC subpoena is not subject to this motion.

production of documents until the appeal is over and/or the Court has denied RF's motions to stay, and accommodations to protect RF's identity from being revealed by Goldman's production. FPI objects to delaying Goldman's response to the subpoena but is willing to consider accommodations to protect against revealing RF's identity. Because FPI has declined to agree to extend the deadline of Goldman's response to permit the Court to rule on the pending motions to stay or until the appeal is resolved, RF is filing this motion to vindicate his right to a stay pending a ruling on the TCPA appeal and to shield RF from the production of potentially identifying information.

## ARGUMENT

### A. Legal Standard

Pursuant to Fed. R. Civ. P. 26(c), a "party . . . may move for a protective order in the court where the action is pending." The court may issue an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery in certain matters." Fed. R. Civ. P. 26(b)(1)(D); *Toy v. Am. Family Mut. Ins. Co.*, No. 12-CV-01683-PAB-MJW, 2013 WL 673737, at *1 (D. Colo. Feb. 22, 2013). The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu,* 919 F.2d 130, 130 (10th Cir.1990). A protective order may issue upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c).

Likewise, "the court protects all persons from abuse under Rule 45 subpoena power, including the parties to the litigation and non-parties receiving the subpoena." *Crocs, Inc. v. Effervescent, Inc.*, No. 06-CV-00605-PAB-KMT, 2016 WL 9584443, at *1 (D. Colo. Dec. 12, 2016). A party has standing to quash a subpoena served on a third-party if the party has "some personal right or privilege with regard to the documents sought." *Id.*

### B. The procedural posture of this case warrants a protective order or an order quashing the subpoena

An order forbidding FPI's propounded discovery until resolution of the appeal an order quashing the subpoena is appropriate due to the pending appeal of the TCPA motion, which has divested this Court of jurisdiction and stayed the entire district court case. (*See* Doc. Nos. 52, 64). Additionally, there are two fully-briefed motions to stay. (Doc. Nos. 52 and 56). As RF has argued in those previous motions to stay, RF's appeal of the denial of the TCPA Motion (which is treated as a denial of immunity rights and is a collateral order from which RF can appeal)—divests the Court of jurisdiction over the underlying case. *See* Doc. No. 52 at 4-8. Likewise, a stay of discovery is appropriate when there are myriad unresolved jurisdictional issues. *See* Doc. No. 56 at 3-5. By continuing to seek discovery, FPI is ignoring this Court's lack of jurisdiction over this case. RF incorporates his arguments in his motion to stay (Doc. No. 52) and his Motion to stay discovery (Doc. No. 56) here.

### C. The discovery should be forbidden because it infringes on RF's First Amendment Rights

The Court should also forbid FPI's requested discovery or quash the subpoena because it will infringe on RF's First Amendment right to anonymity. It is well-settled that in order to "unmask" an anonymous defendant, the plaintiff must first demonstrate that it has evidence to support its claims and a genuine likelihood of success on the merits of its claim. *See, e.g., Doe v. Cahill*, 884 A.2d 451, 462 (Del. 2005) (defamation plaintiff must satisfy a summary judgment standard before obtaining identity of an anonymous defendant through discovery) *Dendrite Int'l v. John Does 1-14*, 775 A.2d 756, 760 (N.J. Super. Ct. App. Div. 2001) (requiring plaintiff to provide sufficient evidence to support each element of its cause of action and that the claim be able to

withstand a motion to dismiss before agreeing to unmask the anonymous defendant). Thus, a defamation plaintiff must meet a heightened burden before it may seek discovery that will unmask an anonymous defendant.

Here, the third-party discovery FPI seeks may very well unmask RF. While RF cannot be certain what, if any, trading data Goldman Sachs has, it is likely that Goldman has trading data that may reveal RF's identity or directly lead to the discovery of RF's identity. RF understands that Goldman Sachs is involved in a significant percentage of all options trading that occurs on the major stock exchanges, so it is likely that it has information regarding RF's identity or information that directly leads to RF's identity. Before FPI is entitled to unmask RF, either from RF directly or via a third-party source, it must demonstrate that its claims are supported by evidence and that it has a legitimate likelihood of success on the merits. *See, e.g.*, *Dendrite,* 775 A.2d at 760. FPI should not be permitted to circumvent this burden by seeking the information from a third party.

As mentioned *supra,* the parties have conferred on possible accommodations to protect against revealing RF's identity via any possible production from Goldman Sachs. While FPI disagrees that RF has a First Amendment right to anonymity, it is willing to consider accommodations to protect RF's First Amendment rights. Therefore, if this subpoena moves forward in the future, RF proposes the following procedure: Goldman Sachs will produce any responsive documents to RF first to permit RF to review them for RF's personally identifying information, such as name, address, telephone number, names of close relatives or similar information that directly leads to RF's identity. RF will redact all such information, if any, and produce the redacted responsive documents to FPI along with a redaction log within a reasonable time period.

## CONCLUSION

RF therefore respectfully requests this Court enter a protective order forbidding FPI's subpoena to Goldman Sachs and or quashing the subpoena due to the Court's lack of jurisdiction over this case while the appeal is pending, the current pending motions to stay, and the threat to RF's First Amendment rights. If the Court determines that the subpoenas are proper (either now or after the Tenth Circuit rules on the appeal), RF requests the Court enter an order permitting RF to review any responsive documents for personally identifying information prior to production to FPI.

Respectfully submitted this 24th day of April, 2019.

/s/ John A. Chanin
John A. Chanin
Katherine Roush
Melanie MacWilliams-Brooks
FOSTER GRAHAM MILSTEIN & CALISHER, LLP
360 South Garfield Street, 6th Floor
Denver, Colorado 80209
*jchanin@fostergraham.com*
*kroush@fostergraham.com*
*mbrooks@fostergraham.com*
Phone: 303-333-9810
Facsimile: 303-333-9786
*Attorneys for Defendant Rota Fortunae*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 24th day of April, 2019, I electronically filed the foregoing **MOTION FOR A PROTECTIVE ORDER PURSUANT TO F.R.C.P. 26(c) AND/OR TO QUASH A SUBPOENA PURSUANT TO F.R.C.P. 45** with the Clerk of the Court using the ECF system, and served via ECF to the following:

Scott F. Llewellyn
Kyle S. Pietari
Morrison & Foerster LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, Colorado 80202-5638
sllewellyn@mofo.com
kpietari@mofo.com

and

Michael D. Birnbaum
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
mbirnbaum@mofo.com

                                      */s/   Lucas Wiggins*
                                      Lucas Wiggins