IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02351-KLM

FARMLANDS PARTNERS INC.,

   Plaintiff,

v.

ROTA FORTUNAE, whose true name is unknown, and
JOHN/JANE DOES 2-10, whose true names are unknown,

   Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

   This matter is before the Court on the following discovery related motions filed by

Defendant Rota Fortunae ("Rota"): (1) **Rota's Motion for a Stay Pending Appeal** [#52][1]

(the "Motion to Stay"); and (2) **Rota's Motion for a Protective Order and/or Stay of**

**Discovery Pursuant to F.R.C.P. 26(c)** [#56] (the "Motion for a Protective Order")

(collectively, the "Motions").   Plaintiff filed Responses [#59, #67] in opposition to the

Motions and Defendant Rota[2] filed Replies [#64, #68].   The Court has reviewed the

Motions, Responses, Replies, the entire case file, and the applicable law, and is

sufficiently advised in the premises.   For the reasons set forth below, the Motion to Stay

_____

 [1]   "[#52]" is an example of the convention the Court uses to identify the docket number
assigned to a specific paper by the Court's electronic case filing and management system
(CM/ECF).  This convention is used throughout this Order.

 [2]   "Rota Fortunae" is a fictitious name used by a person who wrote and published an
allegedly defamatory article about Plaintiff which is the subject of this litigation.  Rota's true name
remains unknown.  The Court refers to Rota as "he" and "him" for purposes of convenience only.

[#52] is **DENIED** and the Motion for a Protective Order [#56] is **GRANTED in part and DENIED without prejudice in part**.

## I. Summary of the Case

Plaintiff initiated this action against Defendants on July 23, 2018, in Denver District Court. *Compl.* [#3]. In short, Plaintiff alleges that Defendants engaged in a "short and distort" scheme whereby Defendants conspired to publish false and misleading statements regarding Plaintiff's company in order to profit from short positions taken against Plaintiff's stock price. *Id.* at 1-7. The Complaint asserts claims for defamation/defamation by libel per se, disparagement, intentional interference with prospective business relations, unjust enrichment, deceptive trade practice in violation of the Colorado Consumer Protection Act, and civil conspiracy. *Id.* at 7-12.

On August 16, 2018, Plaintiff served Rota in state court by substituted service through Rota's former counsel. *Proof of Service of Rota* [#1-3].; *see Order Granting Plaintiff's Motion to Allow Substituted Service* [#1-4]. On August 29, 2018, the state court granted Plaintiff's request to serve Defendants John/Jane Does 2-10 (the "Doe Defendants") also by substituted service through Rota's current counsel, John Chanin ("Chanin"). *Order Granting Plaintiff's August 28, 2018, Motion to Allow Substituted Service* [#1-7] (the "State Court Order"). Accordingly, Plaintiff delivered service to Mr. Chanin and filed its Proof of Service [#15-10] with respect to the Doe Defendants on August 30, 2018.

On that same day, August 30, 2018, Rota filed his Motion to Reconsider Order Granting Substituted Service of Fictitious Defendants John/Jane Does 2-10 [#72] (the

"Motion to Reconsider Substituted Service"),[3] requesting that the state court reconsider its order permitting Plaintiff to serve the Doe Defendants by substituted service. On August 31, 2018, the state court ordered expedited briefing on Rota's Motion to Reconsider Substituted Service. *See Register of Actions* [#1-11] at 1. Before the state court could rule, however, Rota removed the case to this Court on September 14, 2018, leaving the Motion to Reconsider Substituted Service unresolved. *Notice of Removal* [#1].

Shortly after the case was removed, Plaintiff filed its Motion to Remand [#15] on October 5, 2018. In the Motion to Remand, Plaintiff argued that removal was procedurally defective because none of the served Doe Defendants had joined in or consented to Rota's removal of the case pursuant to 28 U.S.C. § 1446(b)(2)(A). *See generally* [#15]. Plaintiff sought to remand the case to state court and, in the alternative, requested that the Court permit early limited discovery in order to determine the citizenship of the Doe Defendants for diversity jurisdiction purposes and whether consent was in fact provided for removal. *See id.* at 11-13. Rota opposed remand and, throughout the proceedings thus far, has denied the existence of any Doe Defendants. *See, e.g., Response to Motion to Remand* [#29] at 3; *Motion to Reconsider* [#72] at 3.

Also on October 5, 2018, Rota filed its Motion to Dismiss the Complaint [#18] (the "Motion to Dismiss") pursuant to Fed. R. Civ. P. 12(b)(2), (3) and (6). Ten days later, on

---

[3]    The Motion to Reconsider Substituted Service was initially filed in this Court on September 14, 2018, as an exhibit to Rota's Notice of Removal [#1]. *See* [#1-8]. However, it was not separately filed on the Court's docket to indicate that it was pending until March 14, 2019. *Motion to Reconsider Substituted Service* [#72]; *see* D.C.COLO.LCivR 81.1(b).

October 15, 2018, Rota again moved to dismiss the case, this time pursuant to Texas' anti-SLAPP[4] statute, the Texas Citizens' Participation Act ("TCPA"), Tex. Civ. Practice. & Rem. Code § 27.004 *et seq*. *Motion to Dismiss Under the Texas Citizens' Participation Act* [#22] (the "TCPA Motion"). Pursuant to the TCPA's procedural requirements, Rota moved for a hearing on the TCPA Motion [#22] on October 31, 2018. *Motion to Set Hearing on Defendant Rota Fortunae's Motion to Dismiss Under the Texas Citizens['] Participation Act* [#32] (the "Motion for a Hearing on the TCPA Motion"); *see* Tex. Civ. Practice. & Rem. Code § 27.004. On November 28, 2018, Plaintiff filed its Motion for a Default Judgment Against John/Jane Does 2-10 [#37] (the "Motion for Default Judgment").[5]

On December 20, 2018, Plaintiff and Rota appeared before the Court for the initial Rule 16(b) Scheduling Conference. *See Minute Entry* [#45]. At the hearing, the Court vacated the Scheduling Conference in light of the parties' pending motions, specifically Plaintiff's Motion to Remand [#15]. *Id*. Moreover, given the issues raised by the Motion to Remand [#15] and Plaintiff's alternative request for limited discovery, the Court directed Rota to answer four interrogatories propounded by Plaintiff regarding the existence or non-existence of the Doe Defendants. *Id*. Specifically, the Court found that four interrogatories proffered by Plaintiff sought appropriate information from Rota regarding two issues raised by the Motion to Remand [#15] concerning the existence or non-

---

[4] "SLAPP is an acronym for 'strategic litigation against public participation.'" *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 746 n.3 (5th Cir. 2014).

[5] Plaintiff also filed a Motion for Clerk's Entry of Default Against John/Jane Does 2-10 [#36] on November 28, 2018, which the Clerk of the Court declined on November 30, 2018. *Clerk's Note Regarding Default* [#38].

existence of the Doe Defendants.  The first issue was jurisdictional, i.e., whether the citizenship of the Doe Defendants could be ascertained at that time to satisfy the Court of its subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1).  The second issue was procedural, i.e., whether the Doe Defendants were required to consent to removal of this case pursuant to 28 U.S.C. § 1446(b)(2)(A), given the state court's grant of substituted service.  Finally, given the uncertainty surrounding this Court's jurisdiction, the Court denied without prejudice the Motion to Dismiss [#18], the TCPA Motion [#22], the Motion for a Hearing on the TCPA Motion [#32], and the Motion for Default Judgment [#37].  *Id.*

Rota's deadline to submit responses to Plaintiff's interrogatories was January 4, 2019, and the Court set a Status Conference for January 11, 2019, for purposes of addressing Rota's responses.  *Id.*  On the January 4, 2019 deadline to respond, however, Rota filed a Motion to Reconsider [#46] that portion of the Court's December 20, 2018 Order directing Rota to respond to the interrogatories.  On January 9, 2019, the Court granted Rota's Motion to Reconsider [#46] in part, by reducing the number of interrogatories to which Rota was required to respond.  *Order* [#48].  Later that same day, January 9, 2019, Rota filed the Notice of Appeal [#49] with respect to the Court's December 20, 2018 Order and the Order [#48] on the Motion to Reconsider [#46].

At the January 11, 2019 Status Conference, the Court extended Rota's deadline to respond to Plaintiff's interrogatories until January 14, 2019.  *See Minute Entry* [#54]. During the Status Conference, Rota's counsel, Mr. Chanin, stated that it was Rota's

position that the Notice of Appeal effectively stayed the Court's prior orders and divested this Court of jurisdiction. *Tr. of January 11, 2019 Status Conference* [#58] at 3:25-4:3.

On January 13, 2019, Rota filed the Motion to Stay [#52] presently before the Court in which Rota seeks an order confirming that this case is stayed pending the Notice of Appeal. *Motion to Stay* [#52] at 1.   On January 14, 2019, Rota filed a Notice [#55] indicating that Rota had responded to Plaintiff's interrogatories in compliance with the Court's prior Order [#48].   Four days later, on January 18, 2019, Rota filed its Motion for a Protective Order [#56] which again seeks a stay of discovery in this case or a protective order "shielding" Rota from answering Plaintiff's discovery requests.   *Motion for a Protective Order* [#56] at 1.

Also on January 18, 2019, Plaintiff requested a hearing before the Court to address the impact of and issues related to Rota's interrogatory responses. *Motion for Hearing* [#57].   The Court granted Plaintiff's request and, after Rota's unopposed motion to reschedule, the Court set a Status Conference for March 5, 2019. *See Minute Order* [#63]; *Unopposed Motion to Reschedule Status Conference* [#65]; *Minute Order* [#66].

At the March 5, 2019 Status Conference, the Court directed Rota to supplement his interrogatory responses with respect to the citizenship of a company previously identified in Rota's responses by no later than March 19, 2019. *Minute Entry* [#69]. Following the Status Conference, Plaintiff filed a Renewed Motion for Default Judgment Against John/Jane Does 2-10 [#70] on March 8, 2019.   On March 14, 2019, Rota separately filed the Motion to Reconsider Substituted Service [#72] regarding the substituted service of the Doe Defendants which had previously been filed in state court.

On April 24, 2019, Rota filed his Motion to Quash [#79] which seeks a protective order that precludes Goldman Sachs & Co, LLC ("Goldman Sachs") from responding to a subpoena *duces tecum* served by Plaintiff or, in the alternative, an order quashing the subpoena.

On June 11, 2019, the Court issued its Order [#83] granting Rota's Motion to Reconsider Substituted Service [#72], thereby vacating the State Court Order [#1-7] which had granted Plaintiff's request to serve the Doe Defendants by substituted service; and striking Plaintiff's Proof of Service [#15-10] of process on the Doe Defendants. *Order* [#83] at 18. Accordingly, the Court further denied as moot Plaintiff's Motion to Remand [#15] and Renewed Motion for Default Judgment Against John/Jane Does 2-10 [#70]. *See Orders* [#84, #85]. Finally, in light of these Orders [#83, #84, #85], the Court reset the Rule 16(b) Scheduling Conference in this case, which is now currently set for August 1, 2019, at 10:00 a.m. *Minute Order* [#86]; *Minute Order* [#89].

## II. Analysis

### A.    The Motion to Stay [#52]

In the Motion to Stay, Rota seeks an order from the Court "confirming that the entire underlying case is stayed pending the Notice of Appeal [#49] filed on January 9, 2019." [#52] at 1. In short, Rota contends that the Court is required to stay this case while the appeal is pending because "filing the notice of appeal of the denial of the TCPA Motion was a jurisdictionally significant act" and "divested the Court of jurisdiction to proceed with any part of the action against [Rota]." *Id.* at 4. In opposition to the stay, Plaintiff argues that the Court's jurisdiction remains intact because the order denying the

TCPA Motion is not a final appealable order, does not fall within the collateral order doctrine, and is not otherwise appealable under the TCPA. *See generally Response* [#59].

### 1. Divestiture of Jurisdiction and the Collateral Order Doctrine

It is well established "that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam); *see also Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1229 (10th Cir. 1998); *Barnes v. Sec. Life of Denver Ins. Co.*, No. 18-cv-718-WJM-SKC, 2019 WL 142113, at *1 (D. Colo. Jan. 9, 2019) ("While an interlocutory appeal is pending, jurisdiction generally transfers from the district court to the court of appeals." (citing *Griggs*, 459 U.S. at 58)).

"However, there are pertinent limitations on this transfer of jurisdiction." *Howard*, 150 F.3d at 1229. "First, no transfer of jurisdiction occurs if the appeal is taken from a non-appealable order." *Id.* (citations omitted). Second, "[e]ven when an order is appealable, the district court is divested of control only over 'those aspects of the case involved in the appeal.'" *Barnes*, No. 18-cv-718-WJM-SKC, 2019 WL 142113, at *1 (D. Colo. Jan. 9, 2019) (quoting *Howard*, 150 F.3d at 1229).

Pursuant to the first limitation regarding non-appealable orders, "courts of appeals have no jurisdiction to review orders of the district court until there is a 'final decision' from

the district court under 28 U.S.C. § 1291." *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990).  Jurisdiction pursuant to 28 U.S.C. § 1291 "depends on the existence of a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (internal quotation marks omitted). "The finality requirement in § 1291 evinces a legislative judgment that restricting appellate review to final decisions prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy." *F.D.I.C. v. McGlamery*, 74 F.3d 218, 221 (10th Cir. 1996); *see Quarrie v. N.M. Inst. of Mining & Tech.*, 621 F. App'x 928, 934 (10th Cir. 2015) (rejecting argument that appeal divested the district court of jurisdiction when the appeal was improperly of a non-final order); *United States v. Rumpf*, 576 F.2d 818, 824 (10th Cir. 1978) ("an attempt to appeal a non-appealable order remains just that, an attempt.  It is a nullity and does not invest the appellate court with jurisdiction, and consequently does not divest the trial court of its jurisdiction") (citation omitted); 20 George C. Pratt, Moore's Federal Practice, Civil § 303.32[2][b][iv][B] (2018) ("If an appeal is taken from a non-appealable order the district court may proceed with the case as if the notice of appeal had not been filed.").

Denial of a motion to dismiss and pretrial discovery rulings are generally interlocutory orders which are not appealable under 28 U.S.C. § 1291. *Roosevelt-Hennix v. Prickett*, 717 F.3d 751, 753 (10th Cir. 2013); *F.T.C. v. Alaska Land Leasing, Inc.*, 778 F.2d 577, 578 (10th Cir. 1985).  However, as a "practical construction" of this rule of finality, there are certain narrowly limited types of "collateral" interlocutory orders that are

considered to be "final" for purposes of immediate appeal.  *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949); *Lowe v. Raemisch*, 864 F.3d 1205, 1207 (10th Cir. 2017); *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994). To fall into this small category of decisions, "an appellant 'must establish that the district court's order (1) conclusively determined the disputed question, (2) resolved an important issue completely separate from the merits of the case, and (3) is effectively unreviewable on appeal from a final judgment.'"  *Arbogast v. Kansas, Dep't of Labor*, 789 F.3d 1174, 1179-80 (10th Cir. 2015) (quoting *Crystal Clear Commc'ns, Inc. v. Sw. Bell Tel. Co.*, 415 F.3d 1171, 1178 (10th Cir. 2005)); *see also Coopers & Lybrand*, 437 U.S. at 468.  "The Supreme Court has described these conditions as stringent . . . to protect against overpowering the substantial finality interests the limit on our jurisdiction aims to further." *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 664 (10th Cir.), *cert. denied sub nom.*, 139 S. Ct. 591 (2018) (internal quotations, citations and brackets omitted).

The most common types of *Cohen* collateral orders that are immediately appealable are orders denying motions to dismiss based on sovereign or qualified immunity, double jeopardy, or arbitration clauses mandating arbitration instead of litigation—all of which are based on a defendant's contention that he is entitled to a "right not to be tried" or "immunity from suit."  *See Digital Equipment Corp.*, 511 U.S. at 873; *Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 837 (10th Cir. 2003) ("Pursuant to the federal collateral order doctrine, we have subject matter

jurisdiction to hear 'appeals of orders denying motions to dismiss where the motions are based on immunity from suit.'" (citation omitted)).

### 2. The Court's December 20, 2018 Order Denying Rota's TCPA Motion Without Prejudice is Not a Collateral Order Subject to Appeal

In this case, Rota avers that the Court's denial of the TCPA Motion without prejudice is a collateral order and is thus subject to appeal.[6] *Motion to Stay* [#52] at 4-5. As set forth in the TCPA, courts must set a hearing on motions to dismiss filed pursuant to the statute within sixty days of service of the motion. Tex. Civ. Practice. & Rem. Code § 27.004. If certain exceptions apply, the hearing may be continued but may not be held more than 120 days after the motion is served. *Id.* Thirty days after the hearing, the court must issue a ruling on the TCPA motion. Tex. Civ. Practice. & Rem. Code § 27.005. If a motion to dismiss pursuant to the TCPA is not ruled on within the time prescribed, "the motion is considered to have been denied by operation of law and the moving party may appeal." Tex. Civ. Practice. & Rem. Code § 27.008(a).

Rota argues that the hearing held on December 20, 2018, operated as the TCPA hearing contemplated by the Texas statute and that the Court's order denying its TCPA Motion without prejudice was a ruling on the motion as contemplated by the TCPA's statutory guidelines. *Motion to Stay* [#52] at 5-6. Therefore, according to Rota, the Court's denial of its TCPA Motion "constitutes a collateral order subject to immediate appeal in federal court." *Id.* at 6.

---

[6] Rota does not argue that the part of the Court's December 20, 2018 Order granting early jurisdictional discovery is a collateral order subject to interlocutory appeal.

As an initial matter, Rota's argument is premised on the assumption that the TCPA's procedural requirements apply in federal court.  Whether the TCPA applies at all in federal court is an issue the parties hotly contested in briefing Rota's TCPA Motion [#22] and appears to be a question of first impression in the Tenth Circuit.  Even Texas' home Circuit Court of Appeals, the Fifth Circuit, has not ruled on whether "under the *Erie* doctrine, the array of state procedural rules surrounding anti-SLAPP motions to dismiss (*viz.* discovery stays, accelerated timetables for decision, and the like) follow the core anti-SLAPP motion to dismiss into federal court." *Cuba v. Pylant*, 814 F.3d 701, 707 n.6 (5th Cir. 2016); *see, e.g., Diamond Consortium, Inc. v. Hammervold*, 733 F. App'x 151, 154 (5th Cir. 2018), *reh'g denied* (June 4, 2018) ("Although the issue remains unresolved, neither party disputed below nor raised here the appropriateness of applying the TCPA in federal court in light of *Erie*[.]"); *Block v. Tanenhaus*, 867 F.3d 585, 589 (5th Cir. 2017) ("[t]he applicability of state anti-SLAPP statutes in federal court is an important and unresolved issue in this circuit."); *Culbertson v. Lykos*, 790 F.3d 608, 631 (5th Cir. 2015) ("We have not specifically held that the TCPA applies in federal court; at most we have assumed without deciding its applicability."); *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 753 (5th Cir. 2014) ("Because [appellee] waived its argument that the TCPA is a procedural law that conflicts with the Federal Rules of Civil Procedure, we proceed assuming that it does not.").

"As a result, there is a split among [Texas] district courts as to whether the TCPA is substantive and thus applicable in federal court." *Sw. Airlines Co. v. Roundpipe, LLC*, 2019 WL 1315896, at *7 (N.D. Tex. March 22, 2019) (citing *Allen v. Heath*, No. 6:16-cv-

51-MHS-JDL, 2016 WL 7971294, at *3 (E.D. Tex. May 6, 2016), *report and recommendation adopted*, 2016 WL 3033561 (E.D. Tex. May 27, 2016) (finding that the TCPA's basis for dismissal is substantive and does not conflict with the Federal Rules of Civil Procedure); *Williams v. Cordillera Communications, Inc.*, No. 2:13-cv-124, 2014 WL 2611746, at *1 (S.D. Tex. June 11, 2014) (finding that the TCPA's basis for dismissal is substantive and should apply in federal court partly because the Fifth Circuit had previously concluded that a similar Louisiana anti-SLAPP statute applied in federal court); *Khalil v. Memorial Hermann Health System*, No. H-17-1914, 2017 WL 5068157, at *4 (S.D. Tex. Oct. 30, 2017) ("Although the Fifth Circuit has not decided this issue, its previous assumption that the [TCPA] applies in federal court and its application of the similar Louisiana anti-SLAPP statute are persuasive."); *Banik v. Tamez*, No. 7:16-cv-462, 2017 WL 1228498, at *2 (S.D. Tex. Apr. 4, 2017) (concluding that the TCPA should apply in federal court because the Fifth Circuit had previously ruled on state anti-SLAPP statutes); *Thoroughbred Ventures, LLC v. Disman*, No. 4:18-cv-0318, 2018 WL 3472717, at *2-*3 (E.D. Tex. July 19, 2018) (concluding that TCPA is procedural and that it conflicts with Federal Rules of Civil Procedure 12 and 56); *Mathiew v. Subsea 7 (US) LLC*, No. 4:17-cv-3140, 2018 WL 1515264, at *5-*7 (S.D. Tex. Mar. 9, 2018), *report and recommendation adopted*, No. 4:17-cv-3140, 2018 WL 1513673 (S.D. Tex. Mar. 26, 2018) (same); *Wilson Audio Specialties, Inc.*, 343 F. Supp. 3d at 665-66 (same); *Rudkin v. Roger Beasley Imports, Inc.*, No. A-17-cv-849-LY, 2017 WL 6622561, at *2-*3 (W.D. Tex. Dec. 28, 2017), *report and recommendation adopted*, No. A-17-cv-849-LY, 2018 WL 2122896 (W.D. Tex. Jan. 31, 2018) (same)); *see also William Noble Rare Jewels, L.P. v.*

*Sky Glob. L.L.C.*, No. 3:18-cv-01566-N, 2019 WL 935954, at *2 (N.D. Tex. Feb. 25, 2019) ("[The Court] declines to apply the TCPA under *Erie* and denies Defendants' motion to dismiss under the TCPA.").

Moreover, in this case, there is the additional issue of whether the TCPA would apply under Colorado's choice-of-law principles, an issue legitimately raised by Plaintiff. *See Response* [#59] at 15. Although Rota addresses these issues in the TCPA Motion [#22] and its Reply [#40] regarding the same, he conveniently ignores these issues in seeking a stay. *See generally Motion to Stay* [#52]; *Motion for a Protective Order* [#56]. Rota simply assumes that the Court is bound by the TCPA's procedural requirements but offers no analysis to support his assumption. For this reason, the Court is not inclined to delve deeply into this complicated issue in ruling on the propriety of a stay.

Nevertheless, even if the TCPA's application in federal court is assumed, Rota appears to acknowledge, and the Court concurs, that there is no authority to suggest that 28 U.S.C. § 1291 or the collateral order doctrine is somehow nullified by the TCPA's procedural requirements regarding instant appeals. *See Reply* [#64] at 8; *NCDR*, 745 F.3d at 750 ("To be sure, state law does not control the question of whether appellate review is available in federal court."). Indeed, all of the Fifth Circuit decisions Rota cites in the Motion to Stay [#52] apply the collateral order doctrine when assessing the appellate court's jurisdiction over an appeal regarding the TCPA. Accordingly, the Court applies the collateral order doctrine to the Court's December 20, 2018 Order denying without prejudice Rota's TCPA Motion to determine whether the Court is in fact divested of jurisdiction, as Rota argues.

In asserting that the collateral order doctrine applies to the Court's December 20, 2018 Order, Rota's Motion to Stay relies on the collateral order doctrine's first requirement (whether the Court's order "conclusively determined the disputed question") and does not address the remaining two criteria, i.e., that denial of the TCPA motion without prejudice is separate from the merits of the case and that the order is effectively unreviewable on final judgment. *See generally* [#52].

With respect to the collateral order doctrine's first requirement, "[a]n order is 'conclusive' if it is not subject to later review or revision by the district court." *Los Lobos*, 885 F.3d at 665. "When considering whether a district court has conclusively determined the disputed question, [the Tenth Circuit] has emphasized the importance of precisely identifying that question." *Arbogast*, 789 F.3d at 1180 (citing *United States v. Deters*, 143 F.3d 577, 580 (10th Cir. 1998)). "In order to determine what the disputed question is, [the Tenth Circuit] must examine the grounds for the appeal." *Id.* (internal quotation marks omitted). "Only by identifying the precise issue being appealed can a court decide whether that issue has been conclusively determined... ." *Id.* (internal quotation marks omitted). Here, because Rota's TCPA Motion was denied without prejudice and because it is wholly unclear what disputed question, if any, was conclusively determined by the Court's December 20, 2018 Order, the Court finds that the collateral order doctrine's first requirement is not satisfied.

As outlined above, the Court denied Rota's TCPA Motion without prejudice so that the Court could first satisfy itself of jurisdiction, "in order to avoid . . . the unpleasant mid-case revelation that [the Court has] been proceeding in the absence of subject matter

jurisdiction[.]"  *Tr. of December 20, 2018 Hearing* [#51] at 5:7-11 (quoting *Santiago v. Fed. Express Freight, Inc.*, No. 14-5081 (KM)(JBC), 2015 WL 6687617, at *3 (D.N.J. Oct. 30, 2015)); *see Shaw v. AAA Engineering & Drafting Inc.*, 138 Fed. App'x. 62, 67 (10th Cir. 2005) ("[I]t has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding." (citing *State Farm Mut. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998)).  In doing so, the Court did not address the merits of the TCPA Motion, application of the TCPA in federal court, nor the propriety of application of the TCPA pursuant to Colorado's choice-of-law principles.  Rather, the Court contemplated that these issues would be addressed at a later date by stating that, "[i]f it is determined that the Court possesses subject matter jurisdiction, [the TCPA Motion] may be refiled as appropriate."  *Id.* at 5:25-6:2.

Rota argues that, although the TCPA Motion was denied without prejudice, the Court's Order effectively denied the TCPA Motion with prejudice given the strict filing deadlines set forth in the Texas statute.  *Id.* at 6-7; *see also Reply* [#64] at 2 ("That statutory time limit [to file a motion pursuant to the TCPA] has passed.  Even if the statute contemplated a 'refiling,' [Rota] is unable, as a matter of law, to later timely 'refile' the motion.").  Notably, only Rota appears to take the position that the TCPA's filing deadline forecloses his ability to refile the TCPA Motion.  As stated above, the Court explicitly stated that Rota may refile the TCPA Motion.  *Tr. of December 20, 2018 Hearing* [#51] at 5:25-6:2.  Moreover, Plaintiff states in its Response that it "is not claiming that [Rota's] time to file a TCPA motion in this Court has run."  *Response* [#59] at 13 n.6.  Therefore, it does not appear that there is a true dispute as to whether Rota may refile his TCPA

- 16 -

Motion.  Regardless, whether the Texas statute bars Rota from refiling his TCPA Motion is an issue that has not been conclusively decided.  If Plaintiff later raises this argument and the Court agrees that the filing deadline applies in this case, then Rota *may* have recourse to appeal.  Until that time, however, it cannot be said that this question has been conclusively determined.

Rota cites three Fifth Circuit cases for the proposition that denial of a motion to dismiss pursuant to the TCPA is a collateral order subject to immediate appeal.  *Motion to Stay* [#52] at 6 (citing *Diamond Consortium*, 733 Fed. App'x. at 154; *Cuba*, 814 F.3d at 706; *NCDR*, 745 F.3d at 748).  None of these decisions involved the denial of a TCPA motion to dismiss without prejudice.  Moreover, two of the cases, *Diamond Consortium* and *Cuba*, found that appellate jurisdiction existed under the collateral order doctrine in a one sentence analysis relying on the third case, *NCDR*.  *Diamond Consortium*, 733 Fed. App'x. at 154 ("Pursuant to the collateral order doctrine, this court has jurisdiction over an interlocutory appeal of an order denying a TCPA motion to dismiss." (citing *NCDR*, 745 F.3d at 747-48)); *Cuba*, 814 F.3d at 706 ("As a general matter, this court has jurisdiction over an interlocutory appeal from an order denying a TCPA motion to dismiss." (citing *NCDR*, 745 F.3d at 748)).[7]

---

[7]  In *Cuba*, the Fifth Circuit also addressed the timeliness of an appeal from a motion to dismiss pursuant to the TCPA.  The Fifth Circuit held that, assuming the TCPA's framework applies in federal court, "the 30-day deadline before a motion is deemed denied by operation of law runs only from the date of the hearing on the motion."  *Cuba*, 814 F.3d at 707.  The Fifth Circuit, however, did not address the situation presented here, i.e., where a motion to dismiss pursuant to the TCPA is denied without prejudice pending determination of the Court's jurisdiction.  The parties in this case do not dispute the timeliness of Rota's appeal.  However, to the extent that Rota argues that the December 20, 2018 hearing constituted a hearing on the TCPA Motion as contemplated by the Texas statute, the Court disagrees.  The December 20, 2018 hearing was set for purposes of conducting a Rule 16(b) Scheduling Conference.  At the hearing, the Court

- 17 -

In *NCDR*, the Fifth Circuit found that the "conclusively determined" requirement was satisfied where the district court denied a motion to dismiss pursuant to the TCPA *on the merits*. In reaching this conclusion, the Fifth Circuit stated that "[t]o be considered 'conclusive,' it should be 'unlikely that the district court will revisit the order.'" *NCDR, L.L.C.*, 745 F.3d at 748 (quoting *Henry v. Lake Charles American Press*, 566 F.3d 164, 174 (5th Cir. 2009)). Applying *Henry* in its analysis, the Fifth Circuit further noted that "[t]here is also no indication that a trial court would revisit [its earlier TCPA decision]." *Id.* (quoting *Henry*, 566 F.3d at 174) (brackets in original). Accordingly, even under the rubric utilized by the Fifth Circuit, it does not appear that the "conclusively determined" requirement is satisfied here, where the Court has made clear that Rota's TCPA Motion may be refiled.

Rota further cites the Ninth Circuit decision in *DC Comics v. Pacific Pictures Corp.*, 706 F.3d 1009, 1015 (9th Cir. 2013). In that case, the district court denied *on the merits* a motion to strike claims pursuant to California's anti-SLAPP statute. With respect to the "conclusively determined" requirement, the Ninth Circuit relied on its decision in *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003), which held that "[a] decision on an anti-SLAPP motion is conclusive as to whether the anti-SLAPP statute requires dismissal of the suit." *DC Comics*, 706 F.3d at 1013. Again, because the Court's December 20, 2018 Order did

---

vacated the Scheduling Conference to primarily address the jurisdictional and procedural issues raised by Plaintiff's Motion to Remand [#15]. *See Minute Entry* [#45]. In doing so, the Court denied without prejudice the TCPA Motion [#22] *and* the Motion for a Hearing on the TCPA Motion [#32] so that the Court could first satisfy itself of subject matter jurisdiction. *See id.* The Court did not address the merits of the TCPA Motion and did not invite argument from the parties regarding the TCPA Motion.

not address the merits of Rota's TCPA Motion and whether dismissal of the suit was required, the Court does not find *DC Comics* applicable.

Finally, Rota makes a cursory argument that the denial of the TCPA Motion acted as a denial of statutory immunity rights which "'relates to the entire action and, therefore, divests the district court of jurisdiction to proceed with any part of the action against an appealing defendant.'" *Motion to Stay* [#52] at 8 (quoting *Stewart*, 915 F.2d at 576). *Stewart* stands for the proposition, recognized above, that an appeal from a district court order refusing to dismiss on qualified immunity grounds usually divests the district court of jurisdiction because the issue on appeal is whether the defendant has a right to not proceed to trial, "leaving the district court with jurisdiction only over peripheral matters unrelated to the disputed right[.]" *Stewart*, 915 F.2d at 575-76.

Rota relies on the Fifth Circuit's holding in *NCDR* that the TCPA creates "not simply the right to avoid ultimate liability in a SLAPP case, but rather [ ] the right to avoid trial in the first instance." *Motion to Stay* [#52] at 7 (quoting *NCDR*, 745 F.3d at 751-52).[8] While it is true that "the Supreme Court has placed orders denying certain species of immunity among the categories warranting interlocutory review," *Los Lobos*, 885 F.3d at 666 (citing *Will v. Hallock*, 546 U.S. 345, 350 (2006)), this Court has not yet denied Rota's asserted immunity.   In fact, the Court has not yet determined whether the TCPA even grants immunity to Rota from a federal suit in a Colorado forum.  "In this case, the district court

---

[8] Although not determinative for purposes of the collateral order doctrine analysis, the Court notes that the Tenth Circuit has cast doubt on the Fifth Circuit's finding that anti-SLAPP statutes grant statutory immunity from suit.  *Los Lobos*, 885 F.3d at 672 n.7 (characterizing the decision in *NCDR* as "blindly following *Batzel's* dicta and, absent critical analysis, construing Texas' anti-SLAPP statute as a grant of immunity").  Unsurprisingly, this is not addressed by Rota in either the Motion to Stay [#52] or the Motion for a Protective Order [#56].

made no legal decision whatsoever, explicit or implicit, on the merits of [Rota's] [motion]." *Weise v. Casper*, 507 F.3d 1260, 1265 (10th Cir. 2007) (holding that district court's order denying without prejudice motion to dismiss on qualified immunity grounds was not immediately appealable).

In sum, because all three requirements of the collateral order doctrine must be met and Rota's appeal fails to satisfy the "conclusively determined" requirement, the Court finds that denial of Defendant's TCPA Motion without prejudice does not constitute an appealable interlocutory order. *See Utah State Dep't of Health ex rel. Utah v. Kennecott Corp.*, 14 F.3d 1489, 1492 (10th Cir.1994) ("Unless all three requirements are met, jurisdiction is not available under the collateral order doctrine."); *In re Magic Circle Energy Corp.*, 889 F.2d 950, 954 (10th Cir. 1989) (noting that the Tenth Circuit need not address all prongs of the test if any one is not satisfied). Accordingly, Rota's Motion to Stay [#52], seeking an order from the Court staying the entire case while Rota's appeal [#49] is pending, is **denied**.

**B.     The Motion for a Protective Order [#56]**

In the Motion for a Protective Order [#56], Rota appears to make two separate requests. First, Rota requests that the Court stay discovery in this case pending (1) the Tenth Circuit's resolution of the appeal, (2) this Court's resolution of the Motion to Stay [#52], and (3) Rota's motions to dismiss. [#56] at 1 (Rota "moves the Court for a protective order and a stay of discovery pending the Tenth Circuit's resolution of the appeal, this Court's resolution of RF's pending motion to stay (Doc. No. 52), and RF's motions to dismiss."). Second, Rota requests that the Court enter a protective order precluding Rota

from answering discovery requests submitted by Plaintiff on November 30, 2018, until the appeal is decided and the Court rules on Rota's motions to dismiss. *Id.* at 2 ("[Rota] therefore is filing this motion for a protective order pursuant to F.R.C.P. 26(c) seeking either a stay of all discovery or a protective order shielding RF from answering until the appeal is decided and the Court rules on RF's motions to dismiss."). The Court addresses each request in turn.

As to Rota's request for a stay, this request is largely moot in light of this Order and the Court's prior Order [#83] granting Rota's Motion to Reconsider Substituted Service [#72]. To the extent that Rota argues that a stay "is appropriate for all the reasons argued in [the Motion to Stay [#52]]" (that Rota's appeal "divests the Court of jurisdiction over the underlying case"), that argument is rejected for the reasons stated in Section II(A)(2) of this Order. *Motion for a Protective Order* [#56] at 3-4. To the extent that Rota argues that a stay is appropriate because of the "unresolved jurisdictional issues" previously raised by the Court, that argument is moot in light of the Court's finding that the Doe Defendants were not properly served. *See Order* [#83]; *Order* [#84]; 28 U.S.C. § 1141(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."). Finally, to the extent that Rota contends that "unresolved immunity issues" warrant a stay until the Court adjudicates Rota's Motion to Dismiss [#18] and TCPA Motion [#22], those motions have not yet been refiled and are not currently pending before the Court. *Motion for a Protective Order* [#56] at 4-5.

Similarly, Rota's request for a protective order to "shield" Rota from responding to Plaintiff's discovery requests until the Tenth Circuit decides the appeal and this Court rules on Rota's motions to dismiss is also moot.  For the reasons stated in Section II(A)(2), the Court finds that it is not divested of jurisdiction and may proceed with this case accordingly.  *See Rumpf*, 576 F.2d at 824 ("an attempt to appeal a non-appealable order remains just that, an attempt.  It is a nullity and does not invest the appellate court with jurisdiction, and consequently does not divest the trial court of its jurisdiction") (citation omitted); 20 George C. Pratt, Moore's Federal Practice, Civil § 303.32[2][b][iv][B] (2018) ("If an appeal is taken from a non-appealable order the district court may proceed with the case as if the notice of appeal had not been filed.").  Moreover, Rota's Motion to Dismiss [#18] and TCPA Motion [#22] have not been refiled and are not currently pending.

Nevertheless, in light of this Order and the Court's recent Orders [#83, #84] regarding substituted service of the Doe Defendants and Plaintiff's Motion to Remand [#15], the Court is inclined to sua sponte enter a temporary stay until a scheduling conference is held.  As explained above, the Court previously granted early limited discovery in this case for purposes of addressing the jurisdictional and procedural issues raised by Plaintiff's Motion to Remand.  Since that time, those issues have become moot as a result of the Order striking the Proof of Service of process on the Doe Defendants [#15-10] and denying as moot Plaintiff's Motion to Remand.  Therefore, limited jurisdictional discovery is no longer required and this case is ripe to proceed to a Rule 16(b) Scheduling Conference and formal discovery.

Pursuant to Rule 26(d)(1) "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)…."  Although Plaintiff and Rota appear to have held a Rule 26(f) Conference on November 20, 2018, *see Proposed Scheduling Order* [#42] § 6(a), an additional Rule 26(f) conference is likely required given the time that has elapsed since the Proposed Scheduling Order was drafted and given the procedural posture of the case.  Moreover, the initial Scheduling Conference in this matter is now reset for August 1, 2019 at 10:00 a.m.  *Minute Order* [#89].  Until the Scheduling Conference is held, no discovery parameters or case management deadlines will be set.  For these reasons, the Court finds that proceeding with discovery before the Scheduling Conference is unwarranted.  Accordingly, the Court **grants** the Motion for a Protective Order [#56] only to the extent that Rota seeks to preclude discovery prior to the Scheduling Conference.  The Court **denies without prejudice** the Motion for a Protective Order in all other respects.

## IV.  Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion to Stay [#52] is **DENIED**.

IT IS FURTHER **ORDERED** that the Motion for a Protective Order [#56] is **GRANTED in part** only to the extent that it seeks to preclude discovery prior to the Scheduling Conference.

IT IS FURTHER **ORDERED** that the Motion for a Protective Order [#56] is otherwise **DENIED without prejudice**.

- 23 -

IT IS FURTHER **ORDERED** that the parties shall not engage in discovery, other than providing mandatory disclosures, until after the Scheduling Conference.

Dated:  July 31, 2019

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge