**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CASE NO. 1:18-cv-02351-KLM

FARMLAND PARTNERS, INC.,

    Plaintiff,

v.

ROTA FORTUNAE (WHOSE TRUE NAME IS UNKNOWN), JOHN/JANE DOES 2-10 (WHOSE TRUE NAMES ARE UNKNOWN),

    Defendants.

**MOTION FOR A STAY OF DISCOVERY AND DISCLOSURES PURSUANT TO F.R.C.P. 26(c)**

Defendant, Rota Fortunae ("RF") respectfully moves the Court for a stay of discovery pending the Court's resolution of RF's refiled Rule 12(b) motion to dismiss for lack of personal jurisdiction and for failure to state a claim (Doc. No. 97) and RF's refiled motion to dismiss under the Texas Citizen's Participation Act ("TCPA") (Doc. No. 98). Defendant also requests the Court extend the deadline for RF to make his initial disclosures while this motion is pending. Counsel for RF has conferred with counsel for Plaintiff regarding the relief requested in this motion. Plaintiff objects to the relief requested.

In light of the Court's July 31, 2019 Order denying RF's motion for a stay pending appeal (Doc. No. 91), RF re-filed his motion to dismiss for lack of personal jurisdiction and for failure to state a claim (Doc. No. 97) and his motion to dismiss under the TCPA (Doc. No. 98). During the Scheduling Conference held of August 21, 2019, the Court noted that while RF had requested a stay of discovery pending resolution of his motions to dismiss in the proposed scheduling order, he

had yet not moved for a stay of discovery under F.R.C.P. 26(C). RF therefore files the instant motion to stay discovery, on the following grounds. First, the five factors identified in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, *2 (D. Colo. Mar. 30, 2006), weigh in favor of a stay of discovery, particularly because subjecting RF to discovery when a motion to dismiss for lack of personal jurisdiction—a threshold jurisdictional issue and potentially dispositive issue—will subject RF to undue burden and expense. Second, the filing of a TCPA motion institutes an automatic stay of discovery while the motion to dismiss is pending.

## ARGUMENT

### A. A stay of discovery is appropriate when there is a pending motion to dismiss for lack of personal jurisdiction

While the Federal Rules of Civil Procedure do not explicitly provide for a stay of proceedings in a lawsuit, this Court "has construed Fed. R. Civ. P. 26(c) to permit a stay of discovery for good cause, including to protect a party from undue burden or expense, especially when dispositive motions are pending." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, *2 (D. Colo. Mar. 30, 2006) (A court may order a stay of discovery under F.R.C.P. 26(c), upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

Indeed, "[p]recedent amply demonstrates that the Court has broad discretion to stay an action when a dispositive motion is pending." *Warad W. LLC v. Sorin CRM USA Inc.*, No. 14-CV-03242-WJM-KLM, 2015 WL 1577635, at *1 (D. Colo. Apr. 3, 2015) (granting stay of discovery while motion to dismiss for lack of personal jurisdiction is pending); *Aurora Bank FSB v. Network Mortg. Servs., Inc.*, No. 13-CV-00047-PAB-KLM, 2013 WL 3146972, at *2 (D. Colo. June 19,

2013) (same); *see also String Cheese Incident*, 2006 WL 894955, *2 ("subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject [it] to undue burden or expense, particularly if the motion to dismiss is later granted.").

When considering whether a stay of discovery is appropriate, courts weigh the following five factors: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident,* 2006 WL 894955, at *2. Here, Defendant has re-filed motion to dismiss for lack of personal jurisdiction and for failure to state a claim, and the five *String Cheese* factors weigh in favor of a stay of discovery while that dispositive motion is pending.

### 1. FPI cannot articulate with specificity any prejudice resulting from a stay

Regarding the first factor, a stay of discovery will not prejudice FPI in any specific way other than the general interest of every plaintiff to resolve its claims quickly. But a mere delay in the adjudication of Plaintiff's claims is not sufficient to sway this factor against granting a stay. *See Aurora Bank FSB*, 2013 WL 3146972, at *2 (finding this factor weighed in favor of a stay when the only prejudice to Plaintiff was delayed resolution if its claims). Additionally, a stay does not hamper Plaintiff's ability to conduct its business in any way; indeed, FPI has been successfully conducting its business for the last twelve months while this case has been pending, and RF's requested stay will be relatively short—only as long as is needed to resolve RF's motions to dismiss. Thus, this factor weighs in favor of a stay of discovery, or at least does not outweigh the second factor, discussed below.

### 2. RF will be unduly burdened if discovery proceeds before ruling of his dispositive motions to dismiss

Regarding the second factor, RF will be unduly burdened by proceeding to fact and expert discovery. First, RF has filed a dispositive motion to dismiss in part because this Court lacks personal jurisdiction over him, and in that motion, has made "more than conclusory assertions as to why jurisdiction is lacking; [he] has made detailed factual allegations, supported by legal analysis," that he is not subject to personal jurisdiction in Colorado." *See Aurora Bank FSB*, 2013 WL 3146972, at *2 (finding that a motion to dismiss for lack of jurisdiction with detailed factual arguments and supporting legal analysis weighs in favor of a stay); *see also* Doc. No. 97 at 3-6. Indeed, this Court has noted that "[q]uestions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties." *Samuels v. Baldwin*, No. 14-CV-02588-LTB-KLM, 2015 WL 232121, at *1 (D. Colo. Jan. 16, 2015) (granting stay of discovery pending resolution of defendants' motion to dismiss on immunity grounds).

Further, RF would "undoubtedly be prejudiced if [he was] forced to engage in discovery if the court eventually granted [his] motion to dismiss." *String Cheese Incident,* 2006 WL 894955, at *2. This is because proceeding with discovery will be "wasteful" if the Court grants his motion to dismiss. *Aurora Bank FSB*, 2013 WL 3146972, at *2. This Court has repeatedly found that proceeding with discovery will be wasteful if the Court grants a defendant's dispositive motion to dismiss. *See id.*; *Chung v. Lamb*, No. 14-CV-03244-WYD-KLM, 2015 WL 6437948, at *2 (D. Colo. Oct. 23, 2015) ("proceeding could be wasteful if the Senior Judge grants the Motion to Dismiss."); *Wells v. Smith*, No. 12-CV-00447-WJM-KLM, 2014 WL 6886719, at *4 (D. Colo. Dec. 8, 2014) ("proceeding with discovery would be wasteful should the motions to dismiss be granted"); *Kramer v. Vigil*, No. 13-CV-00142-PAB-KLM, 2013 WL 1828523, at *2 (D. Colo. Apr.

30, 2013) ("if the pending Motions to Dismiss . . . are resolved in favor of Defendants, any further expenditure on their part would be for naught.").

Second, RF has a continued right to anonymity under the First Amendment and ongoing discovery threatens that right. This is especially true when FPI has consistently failed to demonstrate that it has evidence to support its claims and a genuine likelihood of success on the merits of its claim, as is required before it may demand RF reveal his identity. *See, e.g., Doe v. Cahill*, 884 A.2d 451, 462 (Del. 2005) (defamation plaintiff must satisfy a "summary judgment standard" before obtaining identity of an anonymous defendant through discovery); *Dendrite Int'l v. John Does 1-14*, 775 A.2d 756, 760 (N.J. Super. Ct. App. Div. 2001) (requiring plaintiff to provide sufficient evidence to support each element of its cause of action and that the claim be able to withstand a motion to dismiss before agreeing to unmask the anonymous defendant).

On August 21, 2019, FPI re-served discovery requests on RF, which include requests for production and interrogatories that seek documents and information that will certainly reveal RF's identity. *See* Ex. A (FPI's discovery requests). Specifically, RFP 1 seeks "documents and communications with any Person Regarding researching, drafting or funding" the article, RFP 2 seeks documents and communications with any Persons Regarding Farmland Partners of Paul Pittman," the first RFP 3 seeks communications regarding trading FPI stock, the second RFP 3 seeks "communications between you and the SEC regarding the article, Farmland Partners, and Paul Pittman," RFP 4 seeks documents reflecting RF's trading, and RFP 5 seeks communications and documents regarding the allegedly misleading statements. *See* Ex. A. The Interrogatories request similar information, as well as other pseudonyms RF has used.

All of these requests seek documents and information that will unmask RF. For example, any communications will necessarily reveal RF's identity, as will his trading records. Before RF is required to respond to such discovery and reveal his identity, FPI must demonstrate that its claims are supported by evidence and that it has a legitimate likelihood of success on the merits. *See, e.g.*, *Dendrite,* 775 A.2d at 760. Thus, not only will discovery be wasteful should the Court grant Defendant's motion to dismiss, but it will also unduly burden RF because it threatens his First Amendment right to anonymity without a sufficient showing by Plaintiff that its claims are valid.

### 3. A stay is more convenient to the Court

As to the third factor, "it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed." *Chapman v. Fed. Bureau of Prisons*, No. 15-CV-00279-WYD-KLM, 2015 WL 4574863, at *3 (D. Colo. July 30, 2015). This is because "when discovery is stayed, scheduling and discovery issues will not be raised and will not take time from the Court that could be used to address other cases." *Id. See also Burkitt v. Pomeroy*, No. 15-CV-02386-MSK-KLM, 2016 WL 696107, at *2 (D. Colo. Feb. 22, 2016) ("if the case remains 'in a stagnant state' on the Court's docket due to a stay, judicial economy is enhanced, as is convenience to the Court.").

The concern over wasting the Court's resources and unnecessarily inconveniencing the Court is even more pronounced in this case, as the parties will almost certainly require the Court's guidance throughout the discovery process. For example, as argued above, FPI's already-propounded discovery requests seek information that will reveal RF's identity. RF will then need to file additional motions with the Court or utilize the Court's discovery dispute protocol in order to protect his First Amendment right to anonymity. Alternatively, FPI may decide to compel

answers and also seek the Court's guidance in doing so. These motions and discovery disputes will certainly take time from the Court and may not even be necessary if the Court grant's RF's motion to dismiss. Therefore, this factor weighs in favor of a stay.

### 4. There are no non-parties with interests in the case

As to the fourth factor, there are no non-parties with interests in this case, and this factor neither weighs in favor of a stay or against a stay.

### 5. The public interest favors efficient, non-wasteful efforts by the Court

As to the fifth factor, the "public interest at stake here is the same interest underlying all lawsuits: that they be resolved as fairly and quickly as possible." *Warad W. LLC*, 2015 WL 1577635, at *3. "Avoiding wasteful efforts by the Court clearly serves this interest." *Aurora Bank FSB*, 2013 WL 3146972, at *3. Thus, this factor favors a stay so as to avoid wasteful discovery efforts in the event the Court grants RF's motion to dismiss.

Because the majority of the *String Cheese* factors decidedly favor a stay, the Court should enter a stay pending resolution of RF's Rule 12(b) motion to dismiss (Doc. No. 97).

### B. The TCPA automatically stays discovery

In light of the Court's July 31, 2019 Order [Doc. No. 91] and in order to protect his rights, RF re-filed his TCPA motion to dismiss in this Court, although he did so without waiving his appellate arguments [Doc. No. 98]. A TCPA motion automatically stays all discovery while the motion is pending. T.C.P.R. at § 27.003(c).

The purpose of such a stay is to afford the defendant the right to avoid the time, burden, and expense of litigation in the first instance by vetting speech-based claims at the litigation's outset and before any discovery or additional proceedings on the merits. *NCDR, L.L.C. v. Mauze*

*& Bagby, P.L.L.C.*, 745 F.3d 742, 751 (5th Cir. 2014). Thus, a stay of discovery while the TCPA Motion is pending is appropriate and necessary to protect RF's right to avoid the burden of discovery while FPI's speech-based claims are being vetted.

WHEREFORE, RF therefore respectfully requests this Court stay all discovery pending resolution of his motions to dismiss and extend the deadline for RF to make his initial disclosures until after the Court rules on this instant motion or, if the motion is granted, until after the Court rules on the motions to dismiss.

Respectfully submitted this 22nd day of August, 2019.

/s/ John A. Chanin
John A. Chanin
Katherine Roush
Melanie MacWilliams-Brooks
FOSTER GRAHAM MILSTEIN & CALISHER, LLP
360 South Garfield Street, 6th Floor
Denver, Colorado 80209
jchanin@fostergraham.com
kroush@fostergraham.com
mbrooks@fostergraham.com
Phone: 303-333-9810
Facsimile: 303-333-9786
*Attorneys for Defendant Rota Fortunae*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August, 2019, I electronically filed the foregoing **MOTION FOR A STAY OF DISCOVERY AND DISCLOSURES PURSUANT TO F.R.C.P. 26(c)** with the Clerk of the Court using the ECF system, and served via ECF to the following:

Scott F. Llewellyn
Kyle S. Pietari
Morrison & Foerster LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, Colorado 80202-5638
sllewellyn@mofo.com
kpietari@mofo.com

and

Michael D. Birnbaum
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
mbirnbaum@mofo.com

/s/    *Lucas Wiggins*
Lucas Wiggins