IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02351-KLM

FARMLANDS PARTNERS INC.,

      Plaintiff,

v.

ROTA FORTUNAE, whose true name is unknown, and
JOHN/JANE DOES 2-10, whose true names are unknown,

      Defendants.

_____

## ORDER

_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendant Rota Fortunae's ("Rota") **Motion for a Stay of Discovery and Disclosures Pursuant to F.R.C.P. 26(c)** [#105][1] (the "Motion"). In the Motion, Rota asks the Court to stay discovery in this case until after the Court has ruled on (1) Rota's Motion to Dismiss Complaint [#97] (the "Motion to Dismiss"), and (2) Rota's Motion to Dismiss Under the Texas Citizens' Participation Act [#98] (the "TCPA Motion").[2]  *Motion* [#105] at 1.  Additionally, Rota asks the Court to extend Rota's August 30, 2019 deadline to submit Rule 26(a)(1) initial disclosures until after the Court rules on

---

[1]  "[#105]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF).  This convention is used throughout this Order.

[2]  Rota's Motion to Dismiss [#97] and TCPA Motion [#98] were filed on August 14, 2019, and have not been fully briefed as the date of this Order.

the instant Motion [#105].  *Id.*[3]  Rota represents that Plaintiff opposes the Motion [#105].  *Id.*  Although Plaintiff has not filed a response to the Motion and the deadline to do so has not yet expired, the Court's Local Rules do not preclude "a judicial officer from ruling on a motion at any time after it is filed."  D.C.COLO.LCivR 7.1(d).  For the reasons set forth below, the Motion [#105] is **DENIED**.

## A.     Pending Issues of Personal Jurisdiction

As an initial matter, the Court first addresses Rota's argument that a stay is warranted given that the Motion to Dismiss [#97] seeks to dispose of the case, in part, on the basis of personal jurisdiction.  As Rota notes in the Motion, during the August 21, 2019 Scheduling Conference, the Court observed that, although Rota had requested a stay pending the Motion to Dismiss [#97] in the parties' Proposed Scheduling Order [#96] and had previously sought a stay on other grounds, Rota had not yet moved for a stay on the basis that issues of personal jurisdiction were pending.  *Motion* [#105] at 1-2.  The Court further advised Rota of decisions issued by the undersigned which have viewed stays on this basis favorably.  *See, e.g., Warad W. LLC v. Sorin CRM USA Inc.*, No. 14-cv-03242-WJM-KLM, 2015 WL 1577635, *2 (D. Colo. Apr. 3, 2015) (granting stay of discovery while motion to dismiss for lack of personal jurisdiction is pending); *Aurora Bank FSB v. Network Mortg. Servs., Inc.*, No. 13-cv-00047-PAB-KLM, 2013 WL 3146972, at *3 (D. Colo. June 19, 2013) (same); *see also String Cheese Incident*, 2006 WL 894955, *2 ("subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject [it] to undue burden or expense, particularly if the motion to dismiss is later

---

[3]  Rota's August 30, 2019 deadline to submit initial disclosures was set by the Court during the Scheduling Conference, held on August 21, 2019.  *Minute Entry* [#101].

granted."). In light of the Court's comments, Rota filed the instant Motion on August 22, 2019, one day after the Scheduling Conference. [#105] at 2.

Since the Scheduling Conference, however, the Court has reviewed Rota's arguments in the Motion to Dismiss [#97] concerning personal jurisdiction, the parties' prior briefing on that issue [#34, #41], the Complaint [#3], and the applicable law. After doing so, the Court has concluded that it does have personal jurisdiction over Rota in this case. A written order setting forth the reasons for the Court's conclusion will issue in due course, after the parties have briefed the other arguments raised in the Motion to Dismiss [#97] pertaining to Rule 12(b)(6). Accordingly, for purposes of the present Motion [#105], the Court rejects Rota's arguments for a stay on the basis of pending issues of personal jurisdiction.

**B.      Discretion to Stay Proceedings and *String Cheese Incident* Factors**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Fed. Deposit Ins. Corp. v. Banc of Am. Funding Corp.*, No. 14-cv-00418-PAB-MJW, 2014 WL 1466721, at *2 (D. Colo. Apr. 15, 2014) (finding that a stay of discovery was appropriate pending resolution of a motion for remand or motion to dismiss); *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June

6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted));

8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed.

1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay

discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v.*

*Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may

be dispositive, the court may stay discovery concerning other issues until the critical issue

is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering

a stay of discovery is not an abuse of discretion when a defendant has filed a motion to

dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin.*

*Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of

discovery pending the determination of a dispositive motion is an eminently logical means

to prevent wasting the time and effort of all concerned, and to make the most efficient use

of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the

interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice

to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3)

the convenience to the Court of staying discovery; (4) the interests of nonparties in either

staying or proceeding with discovery; and (5) the public interest in either staying or

proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC*

*v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported

decision)).

With regard to the first factor, Rota argues that a stay will not prejudice Plaintiff "in

any specific way other than the general interest of every plaintiff to resolve its claims

quickly" which, according to Rota, is insufficient "to sway this factor against granting a stay." *Motion* [#105] at 3 (citing *Aurora Bank FSB*, 2013 WL 3146972, at *2). The Court disagrees. Although Plaintiff's interest in resolving its claims quickly may, without more, be insufficient to deny a stay in certain circumstances, the Court does not find those circumstances present here. Over a year has passed since Plaintiff initiated this lawsuit in state court and proper discovery has not commenced until recently. As this Court has also recognized, "with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed." *Lester v. Gene Exp., Inc.*, No. 09-cv-02648-REB-KLM, 2010 WL 743555, at *1 (D. Colo. Mar. 2, 2010). Considering the lengthy delays Plaintiff has already endured in this case, additional delay may further diminish Plaintiff's ability to proceed and may impact its ability to obtain a speedy resolution of its claims. Therefore, although Plaintiff has not yet filed a response to the Motion [#105], the Court gives Plaintiff the benefit of the doubt with respect to its interest in proceeding expeditiously. Based on these considerations, the Court finds that the first *String Cheese Incident* factor weighs against staying discovery.

With regard to the second factor, Rota argues that proceeding with discovery presents an undue burden for two reasons. First, Rota argues that he will be prejudiced if he is forced to engage in discovery if the Court eventually grants his Motion to Dismiss [#97] (on Rule 12(b)(6) grounds). *Motion* [#105] at 4. Second, Rota argues that ongoing discovery would threaten his First Amendment right to anonymity given that Plaintiff's initial discovery requests "seek documents and information that will certainly reveal [Rota's] identity." *Id.* at 5. Addressing Rota's second argument first, the Court notes that, although

Rota has asserted his right to anonymity previously in the case, that issue has not been fully presented before the Court and Rota has not sought a protective order regarding Plaintiff's current discovery requests.[4]   Moreover, Rota cites no Colorado authority to support the proposition that a stay of all discovery, or otherwise, is warranted because of this potential threat.   Nevertheless, the Court agrees that, if Plaintiff's claims are dismissed on the basis of Rule 12(b)(6), proceeding with discovery would be wasteful.   The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, the Court does recognize the convenience it may gain if the case is stayed until it is clear that the case will proceed.   *See Chavous*, 201 F.R.D. at 5 (Staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings].").   However, given that the Court has satisfied itself of its personal jurisdiction over Rota, the Court is not persuaded that staying discovery pending Rota's arguments pursuant to Rule 12(b)(6) is warranted.   As noted above, this case has already been significantly delayed.   Thus, although the Court fully anticipates a number of discovery disputes between the parties requiring the Court's time and attention, the Court is nevertheless reluctant to stay the case simply out of convenience on grounds not typically warranting a stay.   *See Lester*, 2010 WL 743555, at *1 (noting that courts typically impose stays only where compelling issues relating to jurisdiction or immunity are

---

[4]   Rota notes elsewhere in the Motion that if discovery proceeds, he "will then need to file additional motions with the Court or utilize the Court's discovery dispute protocol in order to protect his First Amendment right to anonymity." [#105] at 6.   Rota is free to do so.

pending).  Thus, the third *String Cheese Incident* factor weighs against staying discovery.

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case.[5]  Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Given that these proceedings have been anything but efficient thus far, the Court finds that further delay would not serve this interest.  Thus, the fifth *String Cheese Incident* factor weighs against staying discovery.

In sum, after weighing the relevant factors, the Court concludes that staying discovery pending resolution of Rota's Motion to Dismiss [#97] is not warranted.

## C.     Automatic Stay Pursuant to Rota's TCPA Motion

Finally, Rota makes a cursory argument that his TCPA Motion [#98] automatically stays all discovery in this case while it remains pending.  *Motion* [#105] at 7-8.  As the Court stated in its July 31, 2019 Order, whether the Texas Citizens' Participation Act ("TCPA") applies at all in federal court is an issue hotly contested between the parties and one of first impression in the Tenth Circuit.  [#91] at 12.  The Court further observed that, as of July 31, 2019, even Texas' home Circuit Court of Appeals, the Fifth Circuit, had not ruled on whether "'the array of state procedural rules surrounding anti-SLAPP motions to dismiss (viz. discovery stays, accelerated timetables for decision, and the like) follow the core anti-SLAPP motion to dismiss into federal court."  *Id.* (quoting *Cuba v. Pylant*, 814

---

[5] Although the John Doe Defendants have not been identified, the Court does not consider them to be non-parties for purposes of this analysis.

F.3d 701, 707 n.6 (5th Cir. 2016)).

Significantly, however, last week the Fifth Circuit did directly address the question in *Klocke v. Watson*, No. 17-11320, 2019 WL 3977545, at *6 (5th Cir. Aug. 23, 2019).  In that decision, the Fifth Circuit explicitly "conclude[d] that the TCPA does not apply to diversity cases in federal court[.]"  *Klocke*, 2019 WL 3977545, at *1.  Accordingly, based on this Fifth Circuit decision–and based on the Tenth Circuit's holding that the procedural rules of New Mexico's anti-SLAPP statute do not apply in federal diversity actions–the Court rejects Rota's argument that discovery in this case is automatically stayed pursuant to Rota's filing of the TCPA Motion [#98].  *See Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 673 (10th Cir.), *cert. denied sub nom.*, 139 S. Ct. 591 (2018).

**D.     Conclusion**

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#105] is **DENIED**.

Dated:  August 30, 2019

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge