IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02351-KLM

FARMLANDS PARTNERS INC.,

    Plaintiff,

v.

ROTA FORTUNAE, whose true name is unknown, and
JOHN/JANE DOES 2-10, whose true names are unknown,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Rota Fortunae's ("Rota") **Motion for a Protective Order Pursuant to F.R.C.P. 26(c) and/or to Quash a Subpoena Pursuant to F.R.C.P. 45** [#79][1] (the "Motion"). Plaintiff filed a Response [#80] in opposition to the Motion and Defendant Rota[2] filed a Reply [#81]. The Court has reviewed the Motion, Response, Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion is **DENIED**.

---

[1] "[#79]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] "Rota Fortunae" is a fictitious name used by a person who wrote and published an allegedly defamatory article about Plaintiff which is the subject of this litigation. Rota's true name remains unknown. The Court refers to Rota as "he" and "him" for purposes of convenience only.

The Motion concerns a subpoena *duces tecum* served by Plaintiff on third-party Goldman Sachs on April 10, 2019 (the "Third-Party Subpoena"). [#79] at 1. According to Rota, the Third-Party Subpoena seeks:

> (1) [A]ll Documents regarding trading in Farmland Partners, Inc. securities on July 11, 2018, by or through Goldman Sachs & Co, LLC and (2) [a]ll documents regarding transactions in short-dated puts in Farmland Partners Inc. securities from June 1, 2018 through July 15, 2018 by or through Goldman Sachs & Co., LLC.

*Id.* at 2 (internal quotation marks omitted). Rota contends that the Third-Party Subpoena is improper and therefore asks "the Court for a protective order under F.R.C.P. 26(c) forbidding third party Goldman Sachs from responding to [the Third-Party Subpoena] and/or to quash the subpoena under F.R.C.P. 45, for two reasons." *Id.* at 1.

First, Rota contends that "the procedural posture of this case warrants an order quashing the [T]hird-[P]arty [S]ubpoena." *Id.* Here, Rota reiterates the assertion that his Notice of Appeal [#49] divests this Court of jurisdiction and reincorporates his arguments from the Motion to Stay [#52] and Motion for a Protective Order [#56] on which the Court has since ruled. *Id.* at 4; *see Order* [#91] (denying Motion to Stay [#52] and granting in part and denying part Motion for a Protective Order [#56]). The Court previously rejected these same arguments and does so again here for the reasons stated in its July 31, 2019 Order [#91].

Second, Rota asserts that "the subpoena should be quashed because it seeks information that may reveal [Rota's] identity in violation of his First Amendment right to anonymity." *Motion* [#79] at 2. Rota states that although he "does not know what information, if any, Goldman Sachs has on trades regarding [Plaintiff] on the specified days, it is likely that Goldman Sachs has information that includes [Rota's] real identity,

or information that leads directly to [Rota's] real identity[ ]" given Goldman Sachs' involvement "in a significant percentage of all options trading that occurs on major stock exchanges." *Id.*  Therefore, according to Rota, before Plaintiff may be "entitled to unmask [Rota], either from [Rota] directly or via a third-party source, it must demonstrate that its claims are supported by evidence and that it has a legitimate likelihood of success on the merits."  *Id.* at 5 (citing *Dendrite Int'l v. John Does 1-14*, 775 A.2d 756, 760 (N.J. Super. Ct. App. Div. 2001)).

With respect to this argument, it is well settled in this district "that a party has no standing to quash a subpoena served on a third party, except as to claims of privilege or on a showing that a privacy issue is implicated."  *Carbajal v. St. Anthony Cent. Hosp.*, No. 12-cv-02257-REB-KLM, 2014 WL 2459713, at *1 (D. Colo. June 2, 2014) (citing *I'mnaedaft, Ltd. v. The Intelligent Office Sys.*, No. 08-cv-01804-LTB-KLM, 2009 WL 1537975, at *4 (D. Colo. May 29, 2009); *Mona Vie, Inc. v. Amway Corp.*, No. 08-cv-02464-WDM-KLM, 2009 WL 524938, at *2 (D. Colo. Mar. 2, 2009); *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997); *Broadcort Capital Corp. v. Flagler*, 149 F.R.D. 626, 628 (D. Colo. 1993).  Therefore, to the extent that Rota cites state court decisions from Delaware and New Jersey to suggest that, in this instance, it is Plaintiff's burden to demonstrate the propriety of the Third-Party Subpoena, this argument is without merit.

There is no indication that Goldman Sachs has objected to the terms of the Third-Party Subpoena and Rota's privacy concerns appear to be based merely on speculation, as he acknowledges that he "cannot be certain what, if any, trading data Goldman Sachs has."  *Motion* [#79] at 5.  Rota simply rests his argument on the fact that Goldman Sachs

"is involved in a significant percentage of all options trading that occurs on the major stock exchanges[.]" *Id.* Rota cites no authority for the proposition that this fact, by itself, demonstrates a sufficient threat to his privacy to warrant a protective order or an order quashing the Third-Party Subpoena.[3] *See I'mnaedaft, Ltd.*, 2009 WL 1537975, at *5 ("Because Defendants have not made a serious claim of privilege and have made no showing that a privacy issue is implicated, under applicable precedent from this district, Defendants lack standing to challenge the Third-Party Subpoenas."); *Zoobuh, Inc. v. Rainbow Int'l Corp.*, No. 2:14-cv-00477-DN, 2015 WL 2093292, at *3 (D. Utah May 5, 2015) (denying motion to quash third-party subpoena because the objecting party "failed to describe the confidential or privileged nature of the documents with sufficient particularity"). "As for privilege, the burden rests squarely on the moving party to demonstrate that privilege exists and that the subpoena would disclose such information." *Khumba Film (PTY.), Ltd. v. Does 1-14*, No. 14-cv-02075-WYD-MEH, 2014 WL 4494764, at *2 (D. Colo. Sept. 12, 2014) (citing *Malibu Media, LLC v. John Does 1-15*, No. 12-2077, 2012 WL 3089383, at *5 (E.D. Pa. July 30, 2012)). Here, the Court finds that Rota has plainly not met his burden.

Notwithstanding Rota's failure to satisfy his burden, Plaintiff has agreed to accommodate Rota's desire for anonymity by permitting Rota to provide Goldman Sachs with a list of identifying information to be redacted from all documents that are ultimately produced to Plaintiff. *Response* [#80] at 7. The Court finds this to be a reasonable solution that may alleviate Rota's privacy concerns. The Court further finds that this

---

[3] As Plaintiff notes, the primary purpose of the Third-Party Subpoena is to obtain more information regarding the John Doe Defendants. *See Response* [#80] at 6-7.

accommodation is more equitable than Rota's alternative proposal, which entails Rota previewing all materials Goldman Sachs produces and making his own redactions before the materials are delivered to Plaintiff. *See Motion* [#79] at 5. Rota cites no authority for this proposal and, as Plaintiff notes, offers no reason why such extraordinary measures are necessary, especially considering the likely delay this method of redaction would cause. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#79] is **DENIED**.

IT IS FURTHER **ORDERED** that, **on or before October 7, 2019**, Defendant Rota shall provide a list of terms for redaction to the appropriate person at Goldman Sachs with respect to the Third-Party Subpoena.

Dated: September 30, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge