**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-02351-KLM

FARMLAND PARTNERS, INC.,

   Plaintiff,

v.

ROTA FORTUNAE (WHOSE TRUE NAME IS UNKNOWN), JOHN/JANE DOES 2-10 (WHOSE TRUE NAMES ARE UNKNOWN),

   Defendants.

## ANSWER TO COMPLAINT

Defendant Rota Fortunae, the pseudonymous name for David Quinton Mathews, ("RF") submits his answer to Plaintiff Farmland Partners. Inc.'s ("FPI") Complaint, as follows.

## INTRODUCTORY STATEMENT

RF denies all the allegations in the introductory statement in the Complaint.

## PARTIES

1. Admit.

2. Rota Fortunae is the pseudonym for David Quinton Mathews. RF admits he drafted an article regarding FPI that was published on the website Seeking Alpha (the "Article") and admits he made comments on Twitter as @RFortunae.

3. RF denies he worked with anyone in connection with any alleged false and misleading statements about Farmland Partners and denies the Article or his tweets contained false or misleading statements about FPI. RF lacks personal knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and therefore denies the same.

## JURISDICTION AND VENUE

4. RF admits he is subject to personal jurisdiction in this Court. RF lacks personal knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

5. RF admits venue is proper in this Court.

## FACTUAL BACKGROUND

6. RF admits FPI is a publicly traded real estate investment trust (REIT) that owns farmland across North America. RF lacks personal knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 and therefore denies the same.

7. Admit.

8. RF admits that on July 9, 2018, his lawyer Mathew Mizner of the law firm PLLC emailed FPI a letter.

9. RF admits paragraph 9 accurately quotes the letter.

10. RF admits paragraph 10 accurately quotes the letter.

11. RF admits the letter contained thirty-one bullet points and denies the remaining allegations of this paragraph.

12. Denied.

13. Denied.

14. RF admits paragraph 14 accurately quotes the letter and denies the remaining allegations in paragraph 14.

15. RF admits that Mr. Mitzner's letter did not attach a copy of the Article and denies the remaining allegations in this paragraph

{00857551.DOCX / 1 }   2

16. RF admits that FPI did not provide any response to the questions in Mr. Mizner's letter, and denies the remaining allegations in this paragraph.

17. Denied.

18. RF admits that on July 11, Seeking Alpha published RF's Article, "Rota Fortunae" was identified as the author, and Seeking Alpha identified the Article as an "Editor's Pick." RF denies the remaining allegations on this paragraph.

19. RF admits that Seeking Alpha states that it has 13 million visitors. RF lacks personal knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 and therefore denies the same.

20. RF admits he has knowledge about the topics discussed the Article that at the time of publishing the Article, was is limited to the information that is limited to the information available in the public domain. RF and denies the remaining allegations in this paragraph.

21. RF admits that it is his opinion that FPI faces a substantial risk of insolvency. RF denies the remaining allegations in this paragraph.

22. Denied.

23. RF admits that it is his opinion that FPI is artificially increasing revenues by making loans to related-party tenants. RF denies the remaining allegations in this paragraph.

24. RF admits that it is his opinion that FPI failed to properly disclose the financial impact of its Loan Program.  RF denies the remaining allegations in this paragraph.

25. RF admits this paragraph accurately quotes a snippet of the Article and that the Article accurately stated that four board members and FPI's president resigned and FPI dismissed its auditor. RF denies the remaining allegations in this paragraph.

26. Denied.

27. RF admits that this paragraph accurately quotes Paul Pittman's statement that "the roughly 10% short in our stock are going to get killed, and I'll be cheering the day it happens." RF denies the remaining allegations in this paragraph.

28. Denied.

29. Denied. FPI's stock price has been steadily declining since the beginning of 2017, and FPI's stock price has never gone back up, even though the Article was published nearly two years ago and FPI issued a lengthy public rebuttal.

30. RF admits this paragraph quotes the Article accurately, and also affirmatively states that the quoted section in this paragraph is part of a disclaimer drafted by Seeking Alpha and which Seeking Alpha requires to be included in every article. Further, immediately above the quoted disclaimer, the Article stated "I am/we are short FPI. I wrote this article myself, and it expressed my own opinions. I am not receiving compensation for it. I have no business relationship with any company whose stock is mentioned in this article," which RF drafted himself.

31. RF admits that as he disclosed in the Article, he had a short position of in FPI stock. RF lacks personal information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

32. RF admits that short selling is a legitimate investment strategy and improves market efficiency and liquidity.

33. Denied.

34. RF admits that FPI's stock dropped after the Article was published and denies the remaining allegations in this paragraph.

35. RF admits that he made a profit from the short positions he personally held in FPI stock when FPI's stock price dropped and lacks personal information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

36. RF admits that FPI issued a press release on July 11, 2018 and denies the remaining allegations in this paragraph.

37. RF lacks personal knowledge sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

38. RF admits he made several Tweets on July 11 and 12, 2018, and denies the remaining allegations of this paragraph.

39. RF admits he made several Tweets on July 16, 2018, and denies the remaining allegations of this paragraph.

40. Denied.

41. RF admits he intended the Article to be read by Seeking Alpha's readership and his tweets by his own followers. RF denies the remaining allegations in this paragraph.

42. RF admits that FPI made a statement on July 17, 2018 and denies the remaining allegations in this paragraph, including specifically that this statement rebutted any of the statements in the Article.

43. RF admits that FPI made a statement of July 17, 2018 and denies that the statement specifically responded or rebutted RF's opinions in the Article.

44. RF admits that the Article is still available on Seeking Alpha, and Seeking Alpha refused to withdraw the Article. RF lacks personal knowledge of the remaining allegations sufficient to form a belief as to the truth of those allegations and therefore denies same.

45. RF admits that on July 19, 2018 Seeking Alpha published an updated Article containing two minor updates as requested by Seeking Alpha: a correction to a typo and an expanded explanation about loans where interest is paid at note issuance, and that Seeking Alpha continued to identify the Article as a "July 11 Editors' Pick." RF denies the remaining allegations in this paragraph.

46. RF denies the allegations in this paragraph, including specifically the allegation that the Article contained material misstatements.

47. Denied.

## CLAIMS FOR RELIEF

48. Paragraph 48 does not contain a statement of fact capable of being admitted or denied, to the extent there is a factual statement in this paragraph, RF denies the allegations in this paragraph.

## FIRST CLAIM FOR RELIEF
### (Defamation/Defamation by Libel Per Se)

49. Paragraph 49 is an incorporation paragraph to which no response is necessary. To the extent a response is necessary, RF denies the allegations in this paragraph.

50. Denied.

51. Denied.

52. Denied.

53. RF admits his Article was read by members of the public and denies all the remaining allegations of this paragraph.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## SECOND CLAIM FOR RELIEF
### (Disparagement)

59. Paragraph 59 is an incorporation paragraph to which no response is necessary. To the extent a response is necessary, RF denies the allegations in this paragraph.

60. Denied.

61. Denied.

62. RF admits his Article was read by members of the public and denies the remaining allegations in this paragraph.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## THIRD CLAIM FOR RELIEF
### (Intentional Interference with Prospective Business Relations)

68. Paragraph 68 is an incorporation paragraph to which no response is necessary. To the extent a response is necessary, RF denies the allegations in this paragraph.

69. RF admits FPI is a publicly traded company and lacks personal knowledges sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

70. Denied.

71. RF lacks personal knowledges sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

### FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)

77. Paragraph 77 is an incorporation paragraph to which no response is necessary. To the extent a response is necessary, RF denies the allegations in this paragraph.

78. Denied.

79. Denied.

80. RF admits he had a short position in FPI's stock and admits he realized gains when FPI's stock declined and denies the remaining allegations of this paragraph.

81. Denied.

82. Denied.

### FIFTH CLAIM FOR RELIEF
### (Deceptive Trade Practice in Violation of the Colorado Consumer Protection Act)

83. Paragraph 83 is an incorporation paragraph to which no response is necessary. To the extent a response is necessary, RF denies the allegations in this paragraph.

84. Denied.

85. RF admits that he is the managing member and sole employee of a registered investment advisor and denies the remaining allegations in this paragraph.

86. Denied.

{00857551.DOCX / 1 }   8

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

## SIXTH CLAIM FOR RELIEF
### (Civil Conspiracy)

93. Paragraph 93 is an incorporation paragraph to which no response is necessary. To the extent a response is necessary, RF denies the allegations in this paragraph.

94. Denied.

95. RF admits that paragraph 95 accurately quotes the Mr. Mitzner's letter.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

## GENERAL DENIAL

RF denies all allegations in the complaint not explicitly admitted herein.

## AFFIRMATIVE DEFENSES

A. FPI has failed to state a claim upon which relief can be granted.

B. FPI's damages, if any, are the result of its own conduct and/or fraud.

C. FPI's claims are barred by FPI's unclean hands and lack of good faith.

D.  FPI's claims are barred on the basis that all factual statements at issue are materially true.

E.  FPI's claims are barred on the basis that all at-issue statements are protected opinion.

F.  FPI's claims are barred because of all RF"s alleged conduct is protected by the First Amendment of the US Constitution and Article II of the Colorado Constitution.

G.  FPI's claims are barred because RF did not proximately cause any losses alleged by Plaintiff.

H.  FPI's claims are barred because ii cannot demonstrate actual malice.

I.  Some or all of FPIs claims are barred by an absolute or qualified privilege.

J.  To the extent FPI suffered any damages, which RF denies, FPI has failed to mitigate those damages.

K.  Plaintiff's claims are frivolous and groundless as defined C.R.S. §§ 13-17-101 *et seq*., entitling RF to recover all attorney fees incurred in this case.

L.  RF reserves the right to assert further or other affirmative defenses which may become apparent during the course of investigation or discovery of this instant matter.

**RF REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

Respectfully submitted this July 8, 2020.

> */s/ Katherine Roush*
> John A. Chanin
> Katherine Roush
> FOSTER GRAHAM MILSTEIN & CALISHER, LLP
> 360 South Garfield Street, 6th Floor
> Denver, Colorado  80209
> *jchanin@fostergraham.com*
> *kroush@fostergraham.com*
> Phone:  303-333-9810
> Facsimile: 303-333-9786
> *Attorneys for Defendant Rota Fortunae*

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th Day of July, 2020, I electronically filed the foregoing **ANSWER TO COMPLAINT** with the Clerk of the Court using the ECF system, and served via ECF to the following:

Scott F. Llewellyn
Rhiannon N. Batchelder
Morrison & Foerster LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, Colorado  80202
Telephone:  303.592.1500
Facsimile:   303.592.1510
sllewellyn@mofo.com
rbatchelder@mofo.com

Michael D. Birnbaum
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
Telephone:  212.336.4079
Facsimile:   212.468.7900
mbirnbaum@mofo.com

>	*/s/	Lucas Wiggins*
>	Lucas Wiggins