IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-02351-KLM

FARMLAND PARTNERS, INC.,

    Plaintiff,

v.

ROTA FORTUNAE a/k/a DAVID QUINTON MATHEWS; QKM, LLC; SABREPOINT CAPITAL MANAGEMENT, LP; DONALD MARCHIONY; GEORGE BAXTER, and JOHN/JANE DOES 6-10 (WHOSE TRUE NAMES ARE UNKNOWN),

    Defendants.

---

**DEFENDANTS DAVID QUINTON MATHEWS AND QKM, LLC'S ANSWER TO FIRST AMENDED COMPLAINT**

---

Defendants David Quinton Mathews, aka Rota Fortunae ("Mathews") and QKM, LLC ("QKM" and together with Mathews, "Defendants") submit their answer to Plaintiff Farmland Partners. Inc.'s ("FPI") First Amended Complaint, as follows.

## INTRODUCTORY STATEMENT

Defendants deny all the allegations in the introductory statement in the Complaint.

## PARTIES

1.    Admitted.

2. Mathews admits he is a citizen and resident of Texas, admits he drafted an article regarding FPI that was published on the website Seeking Alpha (the "Article") and admits he made comments on Twitter as @RFortunae. Defendants deny the remaining allegation in paragraph 2.

3. QKM admits it is an investment advisory firm principally owned and managed by Mathews. QKM admits that it is a Texas LLC and its headquarters and principal place of business are in Texas. Defendants deny the remaining allegations in paragraph 3.

4. Defendants admit that Sabrepoint Capital Management, LP ("Sabrepoint") has been a client of QKM since at least January 2018 and that Sabrepoint's sole member is George Baxter, who is a citizen and resident of Texas. Defendants deny the remaining allegations in paragraph 4.

5. Defendants admit that Donald Marchiony is an employee of Sabrepoint and is a citizen and resident of Texas. Defendants deny the remaining allegations in paragraph 5.

6. Defendants admit that George Baxter owns Sabrepoint and that he is a citizen and resident of Texas. Defendants deny the remaining allegations in paragraph 6.

7. Defendants deny there was any short and distort attack on FPI. Defendants further deny that Mathews improperly concealed the Defendants' identities; Defendants affirmatively state that Mathews was properly exercising his First Amendment right to anonymity. Defendants lack personal knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore deny the same.

## JURISDICTION AND VENUE

8. Mathews admits that the Court has found he is subject to personal jurisdiction in the Court. QKM denies it is subject to personal jurisdiction in this Court. Defendants lack personal knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and therefore denies the same.

9. Defendants admit subject matter jurisdiction lies in this Court.

10. Defendants admit venue is proper in this Court.

## FACTUAL BACKGROUND

11. Defendants admit FPI is a publicly traded real estate investment trust (REIT) that owns farmland across North America. Defendants lack personal knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 and therefore deny the same.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Defendants admit that Mathews published several articles on Seeking Alpha in 2017 and early 2018 and denies the remaining allegations in paragraph 16.

17. Denied.

18. Denied.

19. Defendants admit that QKM and Sabrepoint entered into a nondiscretionary investment advisory agreement in February 2018 and that under the Agreement, QKM received a $9,500 monthly retainer. Defendants deny the remaining allegations in paragraph 19.

20. Defendants admit that QKM entered into nondiscretionary investment advisory agreements with Keith Dilling, whereby QKM charged Dilling an advisory fee of 20% of all net trading profits in investments made by Dilling based on QKM's research and that QKM entered into nondiscretionary investment advisory agreements with Mathews' father Gary Mathews, that did not have an advisory fee. Defendants deny the remaining allegations in paragraph 20.

21. Denied.

22. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 and therefore deny same.

23. Denied.

24. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 and therefore deny same.

25. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 and therefore deny same. Defendants affirmatively state that Mathews never told Sabrepoint that he planned to publish his research on FPI on Seeking Alpha.

26. Denied.

27. Defendants admit that on February 22, 2018, QKM purchased an insurance policy and that policy was retroactively effective to January 29, 2018.

28. Defendants admit that in April 2018, Mathews published articles about K12, Inc. on Seeking Alpha. Defendants deny the remaining allegations in paragraph 28.

29. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 and therefore deny same.

30. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 and therefore deny same.

31. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31 and therefore deny same.

32. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32 and therefore deny same.

33. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33.

34. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34 and therefore deny same.

35. Defendants admit that Marchiony sent Mathews an email on May 8, 2018 attaching his slide deck on FPI and denies the remaining allegations in paragraph 35.

36. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 36 and therefore deny same.

37. Defendants admit that Mathews began conducting research into FPI in the weeks after receiving Donald Marchiony's May 8, 2018 email. Defendants deny the remaining allegations in paragraph 37.

38. Defendants admit that Mathews and Marchiony exchanged emails regarding research on FPI in May and June 2018, some of which copied George Baxter, and deny the remaining allegations in paragraph 38.

39. Denied.

40. Defendants admit that Mathews had telephone conversations with Sabrepoint employees, some of which were about FPI.

41. Defendants admit that Mathews met with Marchiony and Baxter regarding his research into FPI. Defendants deny the remaining allegations of paragraph 41.

42. Defendants admit that Mathews discussed several of the many public records he found during his research into FPI with Sabrepoint. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42 and therefore deny same.

43. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43 and therefore deny same.

44. Admitted.

45. Admitted.

46. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 46 and therefore deny same.

47. Admitted.

48. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 48 and therefore deny same.

49. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 49 and therefore deny same.

50. Defendants admit that Mathews saved his fourth version of his research on or about June 7, 2018, that document of which speaks for itself, and denies the remaining allegations in paragraph 50.

51. Defendants admit that Mathews saved his sixth version of his research on or about June 16, 2018, that document of which speaks for itself, and denies the remaining allegations in paragraph 51.

52. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52 and therefore deny same.

53. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 53 and therefore deny same.

54. Defendants admit that Marchiony sent Mathews an email on or around June 16, 2018.

55. Defendants admit that Mathews saved his eighth version of his FPI research on June 19, 2020, the document of which speaks for itself, and deny the remaining allegations in paragraph 55.

56. Defendants admit that Mathews emailed Dilling the latest version of his research into FPI on June 26, 2018.

57. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57 and therefore deny same.

58. Defendants admit that Mathews submitted a draft article on FPI to Seeking Alpha on or around July 2, 2018.

59. Defendants admit that some of Mathews' put options were set to expire on July 20, 2018 and lack personal knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 59 and therefore deny same.

60. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 60 and therefore deny same.

61. Defendants deny that Mathews provided Marchiony and Baxter with the Article before it was published and deny the remaining allegations in paragraph 61.

62. Admitted.

63. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 63 and therefore deny same.

64. Defendants admit that Seeking Alpha editor John Edwards provided robust feedback and editing to Mathews' proposed article on FPI and also identified questions to pose to FPI.

65. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 65 and therefore deny same.

66. Admitted.

67. Defendants admit that on July 9, 2018, lawyer Mathew Mizner of the law firm Mitzner PLLC emailed FPI a letter.

68. Admitted.

69. Defendants admit paragraph 69 accurately quotes the letter.

70. Denied.

71. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 71 and therefore deny same and further state that Mathews did not inform anyone besides Seeking Alpha and Mr. Mitzner that he intended to send a letter to FPI prior to publishing the article on FPI.

72. Defendants admit paragraph 72 accurately quotes the letter.

73. Defendants admit the letter contained thirty-one bullet points and deny the remaining allegations in paragraph 73.

74. Denied.

75. Denied.

76. Defendants admit paragraph 76 accurately quotes the letter and deny the remaining allegations in paragraph 76.

77. Defendants admit that Mr. Mitzner's letter did not attach a copy of the Article and denies the remaining allegations in paragraph 77.

78. Defendants admit FPI did not provide any response to the questions in Mr. Mizner's letter, including a request for more time to respond, and deny the remaining allegations in paragraph 78.

79. Denied.

80. Admitted.

81. Defendants admit that on July 11, Seeking Alpha published Mathews' Article, that "Rota Fortunae" was identified as the author, and Seeking Alpha identified the Article as an "Editor's Pick." Defendants deny the remaining allegations in paragraph 81.

82. Defendants admit that Seeking Alpha states that it has 13 million visitors. Defendants lack personal knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 82 and therefore deny the same.

83. Mathews admits he has knowledge about the topics discussed the Article, which, at the time Seeking Alpha published the Article, was limited to the information included in the Article, which was available in the public domain. Defendants deny the remaining allegations in paragraph 83.

84. Mathews admits it is his opinion that FPI faced a substantial risk of insolvency. Defendants affirmatively state that the Court has found that this statement is protected opinion and not defamatory. Defendants deny the remaining allegations in paragraph 84.

85. Denied.

86. Mathews admits it is his opinion that FPI is artificially increasing revenues by making loans to related-party tenants. Defendants deny the remaining allegations in paragraph 86.

87. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87 and therefore deny same.

88. Mathews admits that it is his opinion that FPI failed to properly disclose the financial impact of its Loan Program.  Defendants deny the remaining allegations in paragraph 88.

89. Mathews admits this paragraph accurately quotes a snippet of the Article and that the Article accurately stated that four board members and FPI's president resigned and FPI dismissed its auditor.  Defendants affirmatively state that the Court has found that this portion of the Article was protected opinion and not defamatory. Defendants deny the remaining allegations in paragraph 89.

90. Denied.

91. Defendants admit that paragraph 91 accurately quotes Paul Pittman's statement that "the roughly 10% short in our stock are going to get killed, and I'll be cheering the day it happens." Defendants deny the remaining allegations in paragraph 91.

92. Denied. Defendants further affirmatively state that the Court found that Mathews' statement that he thinks the shares of FPI's stock are uninvestable is protected option and not defamatory.

93. Denied. FPI's stock price has been steadily declining since FPI's initial public offering, and FPI's stock price has never gone back up, even though the Article was published nearly two years ago and FPI issued a statement in response to the Article and later a lengthy press release in response the Article. Defendants further affirmatively state that the Court found that Mathews' statements that he thinks the shares of FPI's stock are uninvestable and that FPI faces a significant risk of insolvency are protected option and not defamatory.

94. Defendants admit this paragraph quotes the Article accurately, and also affirmatively state that the quoted section in paragraph 94 is part of a disclaimer drafted by Seeking Alpha and which Seeking Alpha requires to be included in every article.  Further, immediately above the quoted disclaimer, the Article stated "I am/we are short FPI. I wrote this article myself, and it expressed my own opinions. I am not receiving compensation for it. I have no business relationship with any company whose stock is mentioned in this article," which Mathews drafted himself.

95. Defendants admit that as Mathews disclosed in the Article, Mathews had a short position in FPI stock. Defendants lack personal information sufficient to form a belief as to the truth of the remaining allegations in paragraph 95 and therefore deny same.

96. Defendants admit that short selling is a legitimate investment strategy and improves market efficiency and liquidity.

97. Denied.

98. Defendants admit that FPI's stock dropped after the Article was published, affirmatively state that FPI's stock has never gone back up near to the prices seen in 2018 and deny the remaining allegations in paragraph 98.

99. Defendants lack personal information sufficient to form a belief as to the truth of the allegations in paragraph 99 and therefore deny same.

100. Mathews admits that he made $201,245.35 from the short positions he personally held in FPI stock when FPI's stock price dropped. Defendants lack personal information sufficient to form a belief as to the truth of the remaining allegations in paragraph 100 and therefore deny the same.

101. Defendants lack personal information sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore deny same.

102. Defendants admit that Mathews tweeted the link to the Article after it was published and tagged the Denver Post and two Denver Post reporters.

103. Defendants lack personal information sufficient to form a belief as to the truth of the remaining allegations in paragraph 103 and therefore deny same.

104. Defendants lack personal knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 104 and therefore deny same.

105. Defendants admit that FPI issued a press release on July 11, 2018, and denies the remaining allegations in paragraph 105, including that the press release contained any rebuttals of Mathews' opinions in the article or the facts disclosed in the Article.

106. Defendants lack personal knowledge sufficient to form a belief about the truth of the allegations in paragraph 106 and therefore denies the same.

107. Mathews admits he made several Tweets on July 11 and 12, 2018, and denies the remaining allegations of paragraph 107, including the allegation that the tweets were "false" or "misleading."

108. Mathews admits he made several Tweets on July 16, 2018 and denies the remaining allegations of paragraph 108, including the allegation that the tweets were "false" or "misleading."

109. Denied.

110. Defendants admit Mathews intended the Article to be read by Seeking Alpha's readership and his tweets by his own followers. Defendants deny the remaining allegations in paragraph 110.

111. Defendants admit that FPI made a statement on July 17, 2018 and denies the remaining allegations in paragraph 111, including specifically the allegation that this statement was "detailed, comprehensive, and accurate" and that the statement rebutted any of the statements in the Article.

112. Defendants admit that FPI made a statement of July 17, 2018 and denies that the statement specifically responded or rebutted RF's opinions in the Article.

113. Defendants admit that the Article is still available on Seeking Alpha. Defendants affirmatively state that on or around July 18, 2018, Seeking Alpha told Mathews that "*Farmland Partners has not contacted* Seeking Alpha regarding the matter" [emphasis in original] but that Seeking Alpha would treat FPI's press release "as an official statement and apply the same procedure we use for officially reported article disputes." Seeking Alpha further told Mathews that "[t]wo editors have closely reviewed every claim in Farmland's release. We maintain our opinion that you

did an excellent job qualifying your opinion statements, supporting your statements of fact, and differentiating between the two." As such, Seeking Alpha then asked Mathews to clarify just two minor issues in the Article, which he did. Defendants lack personal knowledge of the remaining allegations in paragraph 113 sufficient to form a belief as to the truth or falsity of those allegations and therefore deny same.

114. Defendants admit that on July 19, 2018 Seeking Alpha published an updated Article containing two minor updates as requested by Seeking Alpha: a correction to a typo and an expanded explanation about loans where interest is paid up front at note issuance, and that Seeking Alpha continued to identify the Article as a "July 11 Editors' Pick." Defendants deny the remaining allegations in paragraph 114.

115. Defendants deny the allegations in paragraph 115, including specifically the allegation that the Article contained material misstatements.

116. Denied.

117. Defendants admit the Article is still published on Seeking Alpha and lack personal knowledge of the remaining allegations in paragraph 117 sufficient to form a belief as to the truth of those allegations and therefore deny same.

## CLAIMS FOR RELIEF

118. Paragraph 118 does not contain a statement of fact capable of being admitted or denied, to the extent there is a factual statement in this paragraph, Defendants deny the allegations in paragraph 118.

## FIRST CLAIM FOR RELIEF
### (Defamation/Defamation by Libel Per Se)

119.   Paragraph 119 is an incorporation paragraph to which no response is necessary. To the extent a response is necessary, Defendants deny the allegations in paragraph 119.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied.

128.   Denied.

## SECOND CLAIM FOR RELIEF
### (Disparagement)

129.    Paragraph 129 is an incorporation paragraph to which no response is necessary. To the extent a response is necessary, Defendants deny the allegations in paragraph 129.

130.   Denied.

131.   Denied.

132.   Denied.

133.   Denied.

134.   Denied.

135.   Denied.

136.   Denied.

137. Denied.

## THIRD CLAIM FOR RELIEF
### (Intentional Interference with Prospective Business Relations)

138. Paragraph 138 is an incorporation paragraph to which no response is necessary. To the extent a response is necessary, Defendants deny the allegations in paragraph 138.

139. Defendants admit FPI is a publicly traded company and lack personal knowledges sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

140. Denied.

141. Defendants lack personal knowledges sufficient to form a belief as to the truth of the allegations in paragraph 141 and therefore deny the same.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

## FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)

147. Paragraph 147 is an incorporation paragraph to which no response is necessary. To the extent a response is necessary, Defendants deny the allegations in paragraph 147.

148. Denied.

149. Denied.

150. Mathews admits he had a short position in FPI's stock and admits he realized gains when FPI's stock declined and Defendants deny the remaining allegations in paragraph 150.

151. Denied.

152. Denied.

## FIFTH CLAIM FOR RELIEF
### (Deceptive Trade Practice in Violation of the Colorado Consumer Protection Act)

153. Paragraph 153 is an incorporation paragraph to which no response is necessary. To the extent a response is necessary, Defendants deny the allegations in paragraph 153.

154. Denied.

155. Mathews admits that he is the managing member and sole employee of a QKM and Defendants deny the remaining allegations in paragraph 155.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

## SIXTH CLAIM FOR RELIEF
### (Civil Conspiracy)

164. Paragraph 164 is an incorporation paragraph to which no response is necessary. To the extent a response is necessary, Defendants deny the allegations in paragraph 164.

165. Denied.

166. Denied.

167. Defendants admit that paragraph 167 accurately quotes the Mr. Mitzner's letter and deny the remaining allegations in paragraph 167.

{00869720.DOCX / 1 }  16

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

## GENERAL DENIAL

Defendants deny all allegations in the complaint not explicitly admitted herein.

## AFFIRMATIVE DEFENSES

A. FPI has failed to state a claim upon which relief can be granted.

B. FPI's damages, if any, are the result of its own conduct and/or fraud.

C. FPI's claims are barred by FPI's unclean hands and lack of good faith.

D. FPI's claims are barred on the basis that all factual statements at issue are materially true.

E. FPI's claims are barred on the basis that all at-issue statements are protected opinion.

F. FPI's claims are barred because all of Defendants' alleged conduct is protected by the First Amendment of the US Constitution and Article II of the Colorado Constitution.

G. FPI's claims are barred because Defendants did not proximately cause any losses alleged by Plaintiff.

H. FPI's claims are barred because it cannot demonstrate actual malice.

I. Some or all of FPIs claims are barred by an absolute or qualified privilege.

J. To the extent FPI suffered any damages, which Defendants deny, FPI has failed to mitigate those damages.

K. Plaintiff's claims are frivolous and groundless as defined C.R.S. §§ 13-17-101 *et seq.*, entitling Defendants to recover all attorney fees incurred in this case.

L.     Plaintiff's claims are barred under the Texas Citizens Participation Act, Tex. Civ. Prac. & Rem. Code § 27.001 *et seq.*

M.     Plaintiff's claims are barred because the Court does not have personal jurisdiction over Defendants.

N.     Defendants reserve the right to assert further or other affirmative defenses which may become apparent during the course of investigation or discovery of this instant matter.

**DEFENDANTS REQUEST A JURY TRIAL ON ALL ISSUES SO TRIABLE**

Respectfully submitted this August 11, 2020.

> */s/ Katherine Roush*
> John A. Chanin
> Katherine Roush
> FOSTER GRAHAM MILSTEIN & CALISHER, LLP
> 360 South Garfield Street, 6th Floor
> Denver, Colorado 80209
> *jchanin@fostergraham.com*
> *kroush@fostergraham.com*
> Phone: 303-333-9810
> Facsimile: 303-333-9786
> *Attorneys for Defendant David Quinton Mathews, aka Rota Fortunae and QKM, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th Day of August, 2020, I electronically filed the foregoing **DEFENDANTS DAVID QUINTON MATHEWS AND QKM, LLC'S ANSWER TO FIRST AMENDED COMPLAINT** with the Clerk of the Court using the ECF system, and served via ECF to the following:

Scott F. Llewellyn
Rhiannon N. Batchelder
Morrison & Foerster LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, Colorado  80202
Telephone:  303.592.1500
Facsimile:   303.592.1510
sllewellyn@mofo.com
rbatchelder@mofo.com

Michael D. Birnbaum
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
Telephone:  212.336.4079
Facsimile:   212.468.7900
mbirnbaum@mofo.com

                                              */s/     Lucas Wiggins*
                                              Lucas Wiggins