IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 1:18-cv-02351-RBJ

FARMLAND PARTNERS INC.,

    Plaintiff,

v.

ROTA FORTUNAE a/k/a David Quinton Mathews,
QKM, L.L.C.,
DONALD MARCHIONY,
GEORGE BAXTER, and
JANE AND JOHN DOES 6-10, whose true names are unknown,

    Defendants.

---

ORDER ON FORTUNAE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

This matter is before the Court on the motion for summary judgment, ECF No. 205, submitted by Rota Fortunae a/k/a David Quinton Mathews and QKM, LLC ("Fortunae defendants"). These defendants published an allegedly defamatory article on Seeking Alpha, a prominent investment-related blog, about plaintiff. As a result of the article, plaintiff brings six claims against defendants: defamation, disparagement, intentional interference with prospective business relations, unjust enrichment, deceptive trade practice under the Colorado Consumer Protection Act ("CCPA"), and civil conspiracy. The Fortunae defendants move for summary judgment on the following four grounds: (1) no reasonable jury could conclude the defendants acted with actual malice, (2) the at-issue statements are protected opinion under the First Amendment, (3) the non-defamation claims must be dismissed because they are mere derivatives

1

of the defamation claim, and (4) the CCPA claim fails as a matter of law because plaintiff has not adequately demonstrated public impact. Upon reviewing the briefs and the record, the Court DENIES the motion on all four grounds.

**A. Whether there is sufficient evidence of actual malice**

To adequately plead a defamation claim under the First Amendment and Colorado law on statements of public concern, a plaintiff must allege that the statements were: (1) defamatory, (2) materially false, (3) concerning the plaintiff, (4) published to a third party, (5) published with actual malice, and (6) caused actual or special damages. *Brokers' Choice of Am. v. NBC Universal*, Inc., 861 F.3d 1081, 1109 (10th Cir. 2017). Here, defendants argue that plaintiffs' defamation claim must fail because there is no evidence of actual malice.

To establish actual malice, plaintiff must "show by clear and convincing evidence [defendants] published the [statement] with knowledge of its falsity or in reckless disregard of the truth." *Lewis v. McGraw-Hill Broad. Co.*, 832 P.2d 1118, 1122–23 (Colo. App. 1992). "Actual malice may be inferred by the finder of fact if an investigation is grossly inadequate." *Kuhn v. Tribune-Republican Pub. Co.*, 637 P.2d 315, 319 (Colo. 1981) (citing *Curtis Pub. Co. v. Butts*, 388 U.S. 130, 87 S. Ct. 1975, 18 L. Ed. 2d 1094 (1967)). The Court finds that several pieces of evidence, when viewed in the light most favorable to plaintiff, support a reasonable inference that defendants acted with actual malice.

1. The letter that defendants' lawyer sent FPI (the "Mitzner letter") could support a finding of actual malice. Defendants contend that the Mitzner letter proves defendants did not act with a reckless disregard for the truth because it gave FPI a chance to respond to the article's allegations. ECF No. 205 at 12. Plaintiff argues the letter cannot preclude a finding of malice

because it listed 40 allegations, provided FPI less than 24 hours to respond, and informed FPI that "in light of the deadline and a variety of prior obligations that have me out of the office . . . we will neither receive nor be responding to any phone calls concerning this matter." ECF No. 15-2 at 2. I agree with plaintiff that the letter is not dispositive on the issue of actual malice. The letter tends to show that defendants sent a letter to FPI at the eleventh hour, gave them an insufficient amount of time to respond to forty allegations, and refused to discuss the matter over the phone. Based on this, the Court finds that a reasoanble jury could conclude that this letter supports an inference of actual malice or a reckless disregard for the truth.

  2. Defendants' motives in publishing the article also support an inference of malice. Both defendants' clients and defendant personally gained a substantial sum of money as a result of the Seeking Alpha article and the resulting devaluation of FPI's stock. Judge Mix, the magistrate judge previously assigned to this case, noted in her order on defendants' motion to dismiss that "motives, while not conclusive on the issue of actual malice, provide some support for a finding that [defendants] may not have acted in good faith and acted in reckless disregard for the truth or falsity of the statements." ECF No. 136 at 46. The record suggests that defendants' decision to publish the article was motivated by personal financial gain, or at the very least that this financial incentive played a contributing role to publication. Defendants have presented no evidence to counter these reasonable inferences. Thus, evidence of defendants' motives could support an inference of actual malice.

  3. The adequacy of the verification process could also be used to support an inference of actual malice. Plaintiff contends that the verification process, or the lack of a verification process, could support a finding of actual malice. ECF No. 208 at 7. Defendants meanwhile

3

contend that they thoroughly verified the article's contents prior to publication. ECF No. 205 at 9. Here too the Mitzner letter constitutes potential evidence of actual malice. As Judge Mix previously stated, "Mr. Mathews provided a completely unrealistic time frame given the depth of information requested in the inquiries." ECF No. 136 at 46. In addition, Mr. Mitzner stated that he would be unable to communicate with FPI via telephone regarding any of the article's allegations. A reasonable jury could view this evidence as defendants' purposefully employing a deficient verification process, and therefore acting in reckless disregard for the truth when publishing the article. Because of these numerous factual disputes as to the actual malice element, summary judgment is inappropriate.

**B. Whether the at-issue statements are public opinion**

The Fortunae defendants next contend that summary judgment is appropriate because the at-issue statements are matters of opinion protected by the First Amendment. Any law that regulates speech raises First Amendment and freedom of speech concerns. In *Gertz v. Roberts Welch, Inc.* the Supreme Court explained that "[u]nder the First Amendment there is no such thing as a false ideal. However pernicious an opinion may seem, we depend for its correction not on judges and juries but on the competition of other ideas. But there is no constitutional value in false statements of fact." 418 U.S. 323, 340–41 (1974). The Restatement (Second) of Torts explains that "a defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory facts." Restatement (Second) of Torts § 566 (1977). Thus, while the First Amendment protects opinions in certain instances, that protection is not absolute. *NBC Subsidiary (KCNC-TV), Inc. v. Living Will Ctr.*, 879 P.2d 6, 9 (Colo. 1994).

Here, Judge Mix has already considered whether the at-issue statements fall into the protected opinion category. *See* ECF No. 136. In her order on the Fortunae defendants' motion to dismiss, Judge Mix concluded that the four at-issue statements were not protected opinions because they were capable of being proven true or false. *Id*. Defendants have presented no evidence to support a contrary holding. Judge Mix's reasoned, well-supported, and thorough opinion is the law of this case, and her holding therefore stands. The Court thus DENIES defendants' motion for summary judgment on this ground.

**C. Whether FPI's other claims are solely based on defamation**

Defendants next contend that summary judgment is appropriate on the non-defamation claims because they are mere derivatives of the defamation claim. ECF No. 205 at 18. Defendants write, "all of FPI's remaining claims are predicated on Mathews' allegedly defamatory speech . . . and should be dismissed if the Court determines the Article is protected speech." *Id*. at 19. As the Court held above, and as is consistent with Judge Mix's prior order in this case, the four at-issue statements are not protected speech under the statement-of-opinion theory. Thus, defendants' motion is DENIED on this ground.

**D. Whether there is sufficient evidence of public impact for plaintiff's CCPA claim**

Defendants next contend that they are entitled to summary judgment on the CCPA claim because FPI cannot meet the public impact requirement. ECF No. 205 at 19. Plaintiff meanwhile contends that it can, and does, meet the requirement.

The CCPA is a broad remedial statute "intended to deter and punish deceptive trade practices committed by businesses in dealing with the public." *Loughridge v. Goodyear Tire & Rubber Co.*, 192 F. Supp. 2d 1175 (D. Colo. 2002). A person commits a deceptive trade practice

5

when "in the course of the person's business, vocation, or occupation, the person . . . disparages the goods, services, property or business of another by false or misleading representation of fact," and "either knowingly or recklessly makes a false representation as to affiliation, connection, or association with or certification by another." Colo. Rev. Stat. Ann. § 6-1-105(1)(b), (c), and (h). To prevail on a CCPA claim plaintiff must demonstrate

> (1) that defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of the defendant's business, vocation, or occupation; (3) that [the challenged practice] significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury.

*Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998).

Due to the CCPA's underlying goal of protecting consumers and the public, plaintiffs are prohibited from bringing purely private causes of action under the CCPA. *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 149 (Colo. 2003). Instead, plaintiffs must show that the challenged practice *significantly impacts the public as actual or potential consumers. Hall*, 969 P.2d at 235 (emphasis added). To determine whether a plaintiff has demonstrated significant public impact courts consider the following: "the number of consumers directly affected by the challenged practice; the relative sophistication and bargaining power of the consumers affected by the challenged practice, and evidence that the challenged practice previously has impacted other consumers or has significant potential to do so in the future." *Martinez v. Lewis*, 969 P.2d 213, 222 (Colo. 1998).

Here, defendants urge the Court to adopt a narrow reading of the "actual or potential consumers of defendants' goods, services, or property" language. According to defendants, because their actual customers—Sabrepoint and other individuals who had short positions in

6

FPI—were not harmed by the article, FPI cannot allege a CCPA claim. I disagree because defendants' interpretation is overly narrow.

Here, one alleged service the Fortunae defendants provide is posting articles on Seeking Alpha about companies in which their clients have short positions in an effort to affect the market in their clients' favor. ECF No. 208-13 at 3. While their clients may be the ones who pay for the research and publication of articles, they are not the only consumers. Numerous facts in the record, including the rapid devaluation of FPI stock, show that other people read this article and acted on the information it contained. Thus, I am unpersuaded by defendants' argument that just because their clients benefitted from the allegedly defamatory article, a CCPA claim is not actionable.

The parties also dispute whether plaintiff has sufficiently demonstrated a public impact. I find that it has. The *Martinez* factors outlined above demonstrate that a reasonable jury could find for plaintiff on this issue. First, anyone who read and made investment decisions based on the article was directly affected by the challenged practice, which goes to "the number of consumers directly affected by the challenged practice." Second, a jury could also find that the relative sophistication and bargaining power between defendants and consumers support an inference of significant public impact. Defendants are experts in financial analytics, and they used this expertise to publish a wide-reaching article with the aim of dissuading consumers from investing in FPI. Third, and finally, courts may consider "evidence that the challenged practice previously has impacted other consumers or has significant potential to do so in the future." Here, plaintiff has presented evidence that the Fortunae defendants drafted and published several

articles on Seeking Alpha prior to the one at issue in this case that attacked other companies in an attempt to affect the stock market.

Thus, the evidentiary record, when viewed alongside the *Martinez* factors, could lead a reasonable jury to find for plaintiff on its CCPA claim. The Court resultantly DENIES plaintiff's motion for summary judgment on this ground.

## ORDER

Defendants' motion for summary judgment, ECF No. 205, is DENIED.

DATED this 18th day of May, 2021.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge