IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 1:18-cv-02351-RBJ

FARMLAND PARTNERS INC.,

    Plaintiff,

v.

ROTA FORTUNAE a/k/a DAVID
QUINTON MATHEWS, QKM, L.L.C.,
SABREPOINT CAPITAL
MANAGEMENT, LP, DONALD
MARCHIONY, GEORGE BAXTER, and
JOHN/JANE DOES 6–10 (WHOSE
TRUE NAMES ARE UNKNOWN),

    Defendants.

## SABREPOINT CAPITAL MANAGEMENT, L.P., GEORGE BAXTER AND DONALD MARCHIONY'S MOTION FOR RULE 54(B) CERTIFICATION

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, First Sabrepoint Capital Management, LP d/b/a Sabrepoint Capital Management, L.P., George Baxter and Donald Marchiony, (collectively "Sabrepoint") move to certify the Court's February 26, 2021 Order granting Sabrepoint's motion to dismiss for lack of personal jurisdiction [Dkt. 206] as final.

## I.
## GROUNDS FOR MOTION

Farmland Partners Inc. ("FPI") brought defamation and related claims against Sabrepoint that hinged on the publishing of an article on a website called Seeking Alpha. In response, Sabrepoint moved to dismiss for lack of personal jurisdiction. [Dkt. 172]. In an effort to establish jurisdictional contacts, FPI asserted that the article's author, Quinton Mathews, who is subject to jurisdiction in the forum state, was acting as Sabrepoint's agent. FPI also asserted conspiracy as a basis for establishing jurisdiction. The parties conducted extensive discovery on FPI's

jurisdictional claims, including conducting depositions of all key Sabrepoint personnel (including Messrs. Baxter and Marchiony) and exchanging a multitude of documents.

After the parties had fully briefed the issue, on February 26, 2021, this Court issued a Memorandum Decision and Order Granting Defendants' Motions to Dismiss (the "Order"), rejecting FPI's agency and conspiracy arguments, and granting Sabrepoint's motion to dismiss for lack of personal jurisdiction [Dkt. 206]. In making its ruling, the Court undertook a detailed review and analysis of the extensive evidence submitted by both parties. [*Id.* at pp. 16-24]. In the Order, the Court made specific findings that 1) Defendant Matthews was not an agent of Sabrepoint; 2) Sabrepoint did not control Matthews; and 3) Sabrepoint did not conspire with Matthews to write or publish the article in question. [*Id*. at pp. 16-24].

Now, FPI has filed suit against Sabrepoint in the Northern District of Texas (the "Texas Lawsuit") for precisely the same conduct, alleging facts flatly contradicting this Court's findings.[1] For instance, in the Texas Lawsuit, FPI asserts that "Mathews acted as First Sabrepoint's agent such that First Sabrepoint controlled and/or had the right to control his writing and publishing of the Article on Seeking Alpha."[2] FPI further claims that Sabrepoint conspired with Matthews in writing and publishing the article.[3] These are both issues that were before this Court and that were adjudicated in favor of Sabrepoint. These are just a small sample of many instances where FPI attempts to re-litigate facts and positions it unsuccessfully asserted before this Court. In short, FPI's claims against Sabrepoint in the Texas Lawsuit depend entirely on the same facts and legal theories this Court has already ruled upon.

---

1 A true and correct copy of FPI's Complaint filed in the Northern District of Texas as Cause No. 3:21-cv-01305-D, is attached hereto as **Exhibit A**.
2 *See, e.g.*, Exh. A at ¶¶ 101, 126-134.
3 Exh. A at ¶ 101.

**SABREPOINT CAPITAL MANAGEMENT, L.P., GEORGE BAXTER AND
DONALD MARCHIONY'S MOTION FOR RULE 54(B) CERTIFICATION**                    **Page 2**

Sabrepoint respectfully requests that the Court certify its previous February 26, 2021 order as final under Rule 54(b). FPI should not be able to re-litigate issues already decided by this Court, and Sabrepoint should not be forced to do so. This Court cannot decide whether collateral estoppel applies and precludes FPI's Texas Lawsuit. But a Rule 54(b) certification would enable Sabrepoint to more quickly raise collateral estoppel as a defense in the Texas Lawsuit for decision by that court. Therefore, Sabrepoint requests that the Court grant this motion and certify its Order as final.

## II.
## ARGUMENTS & AUTHORITIES

### A. Standard For Rule 54(b) Certification

Under Rule 54(b), a court may direct the entry of a final judgment on an order that adjudicates "the rights and liabilities of fewer than all the parties […] if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Before certifying the judgment as final, the court must make two determinations: "A district court must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980). The Supreme Court defines a final judgment as "a decision upon a cognizable claim for relief" that ultimately disposes "'of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Second, "[o]nce having found finality, the district court must go on to determine whether there is any just reason for delay." *Id.* at 8.

The order dismissing FPI's claims against Sabrepoint satisfies both conditions. Therefore, the Court should certify its Order as final under Rule 54(b).

### B. The Order Disposed of All Claims Against Sabrepoint

The Order dismissed all claims against Sabrepoint on the basis that Sabrepoint lacked minimum contacts with the forum state. Therefore, FPI is unable to maintain any claim against

**SABREPOINT CAPITAL MANAGEMENT, L.P., GEORGE BAXTER AND
DONALD MARCHIONY'S MOTION FOR RULE 54(B) CERTIFICATION**      **Page 3**

Sabrepoint in this lawsuit. Accordingly, the Order is a final judgment under Rule 54(b). It ultimately decided all of FPI's cognizable claims for relief against Sabrepoint. *See, e.g., De Melo v. Woolsey Marine Industries, Inc.*, 677 F.2d 1030, 1031 (5th Cir.1982) (holding that because the district court dismissed a defendant for lack of personal jurisdiction, that dismissal "disposed of all claims against [the defendant, and] it clearly had the requisite finality to be appealable under [Rule 54(b).]"); *Butler v. Daimler Trucks N. Am.*, No. 2:19-CV-2377-JAR-JPO, 2021 U.S. Dist. LEXIS 25255, at *6 (D. Kan. 2021)(finding that an order dismissing claims against a party for lack of personal jurisdiction is a final judgment, thus satisfying the first prong of the Rule 54(b) analysis) (citing *Bush v. Adams*, 629 F. Supp. 2d 468, 472 (E.D. Pa. 2009) (collecting cases)).

## C.     There Is No Just Reason to Delay

Similarly, there is no just reason to delay certifying the Order as final. To make this determination, "a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8. Factors to be considered include "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* The court must also consider the purpose of Rule 54(b): to provide recourse for a litigant who will suffer undue hardships without entry of a final order. *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001).

A court's order that "address[es] only personal jurisdiction . . . is easily severable from the merits of the lawsuit." *Lester v. Presto Lifts, Inc.*, 2012 U.S. Dist. LEXIS 117720, at *1 (D. Ariz. Aug. 21, 2012); *see also Commissariat*, 293 F.Supp.2d at 435 (holding that "the issue of personal jurisdiction is 'plainly separable' from [the plaintiff's] remaining claims of patent infringement against the other defendants"). There is also no risk of multiple appellate decisions or duplicative

proceedings regarding jurisdiction over Sabrepoint. *See Animale Group, Inc. v. Sunny's Perfume, Inc.*, No. 5:07-cv-13, 2007 U.S. Dist. LEXIS 48931, at *5–*6 (S.D. Tex. July 5, 2007) (explaining that an appeal from the defendants' dismissal for lack of personal jurisdiction "will resolve issues relevant to only the dismissed party"), *Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 293 F.Supp.2d 430, 435 (D. Del. 2003) (finding "no significant risk of duplicative appeals, since the claims against [the defendant] were dismissed for lack of personal jurisdiction, an issue which is not present […] in any of the remaining claims").

Given this analysis, a dismissal for lack of personal jurisdiction will usually satisfy the test for certification under Rule 54(b). As the district court noted in *Animale Group*, "[o]ne would be hard-pressed to find a decision in which a court denied Rule 54(b) certification after dismissing a party for lack of personal jurisdiction." *Animale Group* 2007 WL 2010476, at *1.

Here, the equities weigh heavily in favor of certification. Multiple parties remain in this lawsuit, which has remained pending for several months since the Court's Order, and is set for trial in late July. Sabrepoint should not have to delay finality of its claims, and the availability of a defense in the Texas Lawsuit, while litigation against another party unwinds in this case over several months. Rather, speedy resolution and judicial economy support granting Rule 54(b) certification, and doing so would serve such certification's primary purpose: to protect a litigant from undue hardship and delay in lawsuits involving multiple parties. *See Jordan v. Pugh*, 425 F.3d 820, 829 (10th Cir. 2005*); Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001).

Additionally, absent a Rule 54(b) certification, Sabrepoint would face further hardship beyond just a delay in the finality of FPI's claims. Because FPI has taken a second bite at the apple by filing a separate lawsuit against Sabrepoint based on facts already adjudicated by this Court, its claims are barred by collateral estoppel. *See Matosantos Commer. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1210 (10th Cir. 2001) (holding that, under collateral estoppel, a plaintiff was

prevented from re-litigating an issue dispositive on the merits of the case because the issue had been decided against the plaintiff in a prior suit dismissed for lack of personal jurisdiction). But collateral estoppel is not currently available as a defense in the Texas Lawsuit because collateral estoppel requires a final judgment. *Cycles, Ltd. v. Navistar Fin. Corp.,* 37 F.3d 1088, 1090 (5th Cir. 1994). Thus, without a Rule 54(b) certification, Sabrepoint would have to re-litigate the very same issues in the Texas Lawsuit that this Court has already resolved in its favor.

Sabrepoint requests that this Court certify the Order as final so that its collateral estoppel defense can vest and Sabrepoint can prevent FPI from re-litigating issues already ruled on by this Court.

## III.
## CONCLUSION

For these reasons, Sabrepoint respectfully requests that the Court grant its motion for Rule 54(b) certification.

By: */s/ Toby M. Galloway*
Toby M. Galloway
State Bar No. 00790733
tgalloway@winstead.com
Jamie M. Lacy
State Bar No. 24099874
jlacy@winstead.com
300 Throckmorton, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-420-8200
Facsimile: 817-420-8201

-and-

        **DAVIS GRAHAM & STUBBS LLP**

        Chad D. Williams
        Colorado State Bar No. 30917
        Chad.Williams@dgslaw.com
        Tess Hand-Bender
        Colorado State Bar No. 42681
        Tess.Hand-Bender@dgslaw.com
        1550 17th Street, Suite 500
        Denver, Colorado 80202-1500
        Telephone: (303) 892-9400
        Facsimile:  (303) 893-1379

        **ATTORNEYS FOR DEFENDANTS**
        **SABREPOINT CAPITAL MANAGEMENT,**
        **L.P., GEORGE BAXTER AND**
        **DONALD MARCHIONY**

## CERTIFICATE OF CONFERENCE

      I certify that on June 14, 2021, pursuant to Honorable Judge Jackson's Practice Standards, I meaningfully met and conferred with Plaintiff's counsel regarding this Motion for Rule 54(b) Certification. The parties conferred via telephone and prior to the conference I provided Plaintiff's counsel with a copy of this motion. Plaintiff is opposed to the relief sought herein.

        */s/ Toby M. Galloway*
        Toby M. Galloway

## CERTIFICATE OF SERVICE

I certify that on June 14, 2021, a true and correct copy of the foregoing has been served in accordance with the Federal Rules of Civil Procedure on counsel listed below:

| | |
|---|---|
| Scott F. Llewellyn<br>Michael D. Birnbaum<br>Brenden J. Cline<br>Morrison & Foerster LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, Colorado 80202<br>sllewellyn@mofo.com<br>mbirnbaum@mofo.com<br>rbatchelder@mofo.com<br>BCline@mofo.com<br>*Attorneys for Plaintiff, Farmland Partners Inc.* | John A. Chanin<br>Katherine Roush<br>Foster Graham Milstein & Calisher, LLP<br>360 South Garfield Street, 6th Floor<br>Denver, Colorado 80209<br>jchanin@fostergraham.com<br>kroush@fostergraham.com<br>mbrooks@fostergraham.com<br>*Attorney for Defendant, Rota Fortunae* |

        */s/ Toby M. Galloway*
        Toby M. Galloway